**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| In re: | ) | |
|---|---|---|
| | ) | Case No. 23-16481 |
| Frank Martin Paris, Jr. | ) | |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |
| | ) | Chapter 7 |

**NOTICE OF EMERGENCY MOTION**

PLEASE TAKE NOTICE that on the **13th day of December, 2023, at the hour of 9:30 a.m.**, I will appear before the Honorable David D. Cleary, Bankruptcy Judge, or any judge sitting in that judge's place, either in Courtroom No. 644, 219 South Dearborn, Chicago, Illinois 60604, or electronically as described below, and present the **Emergency Motion to Enforce The Automatic Restraining Provisions of Section 362 of the Bankruptcy Code and Related Relief**, a copy of which is attached hereto.

**IMPORTANT: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet:** go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is **161 122 6457**, and the passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business day before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

/s/Scott R. Clar
Crane, Simon, Clar & Goodman
135 S. LaSalle St., Suite 3950
Chicago, Illinois 60603
(312) 641-6777

**CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath deposes and states that she caused a copy of the foregoing Notice and attached Motion, to be served upon all parties set forth on the attached Service List, through the Court's Electronic Registration/email (as indicated) on the 11th day of December 2023.

/s/Scott R. Clar

Crane, Simon, Clar & Goodman
135 S. LaSalle St., Suite 3950
Chicago, Illinois 60603
(312) 641-6777
sclar@cranesimon.com

## SERVICE LIST

**Court's Electronic Registration**:

- **Ira Bodenstein** iratrustee@cozen.com, IL29@ecfcbis.com
- **Thomas C Cronin** tcc@cronincoltd.com
- **Sean B Crotty** scrotty@crottylaw.com, dmueller@colemanlawfirm.com;docket@crottylaw.com
- **Patrick S Layng** USTPRegion11.ES.ECF@usdoj.gov
- **Elizabeth E Richert** erichert@crottylaw.com, docket@crottylaw.com;dmueller@crottylaw.com
- **Carolina Y. Sales** csales@robbinsdimonte.com, mrussell@robbinsdimonte.com

**Via Email**:

Steven R. Jakubowski
sjakubowski@robbinsdimonte.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-16481 |
| Frank Martin Paris, Jr. | ) | |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |
| | ) | Chapter 7 |

**EMERGENCY MOTION TO ENFORCE THE AUTOMATIC RESTRAINING PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE AND FOR RELATED RELIEF**

FRANK MARTIN PARIS, Jr., Chapter 7 debtor, ("Debtor"), by and through his attorneys, makes his Emergency Motion to Enforce the Automatic Restraining Provisions of Section 362 of the Bankruptcy Code and for Related Relief ("Motion"), pursuant to Local Rule 9013-2 of the Local Rules of Bankruptcy Procedure, and in support thereof, states as follows:

1. On December 8, 2023, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Petition Date").

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334.

3. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Sections 157.

4. The statutory predicates are Rule 9013-2 of the Local Rules of this Court, and Section 362 of the Bankruptcy Code.

5. The Debtor is an individual residing at 1100 Keystone, River Forest, IL 60305, and has been involved in a divorce proceeding in the Circuit Court of Cook County

since approximately 2016 (the "Divorce Case"). Prior to the entry of the Order for Relief, the Debtor was picked up by the Cook County Sheriff's Department pursuant to a body attachment order entered in the Divorce Case (the "Attachment Order"). A copy of the Attachment Order is attached hereto as **Exhibit** A. The Debtor was initially incarcerated at the Richard J. Daley Center in Chicago and is now being held at the George H. Leighton Courthouse at 2625 S California Blvd, Chicago, IL 60608.

6. After the entry of the Order for Relief, Kerry Paris ("Kerry"), the Petitioner/Counter-Respondent in the divorce case, appeared before Judge Abby Fishman Romanek, on the status of the Debtor's purge of contempt in an Order entered against him.

7. Kerry proceeded with her attempt to collect, *inter alia*, assorted obligations she claimed were due and owing by the Debtor. Furthermore, despite the entry of the Order for Relief, at the urging of Kerry and her counsel, Judge Romanek entered an Order which, among other things, provided for the continued incarceration of the Debtor in the Cook County Jail, until he has purged himself as follows:

(i) Respondent has not paid any money to purge his contempt, including his overdue child support and maintenance obligations,

(ii) Respondent has not produced the life insurance policies to purge his contempt,

(iii) Respondent has not executed the paperwork, or caused the paperwork to be executed, to transfer the assets awarded Kerry in the Judgment, and

(iv) Respondent has not funded the 503(g) Trust as ordered by the Court in order to protect the interests of the Paris children(the "Incarceration Order"). A copy of the Incarceration Order is attached hereto as **Exhibit B**.

8. Mistakenly relying on the holding in *In re Posner*, 610 B.R. 586 (ILNB2019), Judge Romanek held that "assets awarded to Kerry in the Judgment are not part of any

bankruptcy estate and not subject to any automatic stay." Such a holding is contrary to bankruptcy law, which among other things, provides that a possessory interest alone invokes the automatic stay. *In re Wright*, 183 B.R. 541 (C.D.Ill 1995). Furthermore, Kerry's actions clearly seek to collect a pre-petition debt or obligation. The Order for Relief was entered during the hearing which resulted in the Incarceration Order being entered.

9. Ira Bodenstein has been appointed Chapter 7 trustee ("Trustee") in the Debtor's Chapter 7 bankruptcy case. Schedules and Statement of Financial Affairs have not yet been filed, in large part due to the incarceration. The Debtor's Motion to Extend Time to File Schedules and Statement of Financial Affairs is pending before this court and is scheduled to be heard on December 20, 2024. The initial meeting of Creditors is scheduled for January 8, 2024, at 12:30 PM. Accordingly, the Trustee has not had the ability to review documentation and obtain the testimony of the Debtor with respect to administration of the Estate, or to take a position in connection with the issues raised by this Motion.

10. In the case more on point, *In re Erhardt*, 618 B.R. 832 (N.D.Ill. 2020), District Court Judge Sara Ellis held that civil contempt is not a basis for continued incarceration of the Debtor in a state jail, and such an incarceration did not come within the "police and regulatory power" exception to the automatic stay, thereby reversing the Order of the Bankruptcy Court. Among the authority relied upon in *Erhardt* is *In re Moon*. 201 B.R. 79, 82-84, 90 (Bankr. S.D.N.Y. 1996) (finding that "the continued enforcement of [a pre-petition] contempt order by incarceration of the debtor" violated Section 362(a)(1)), *rev'd on other grounds*, 211 B.R. 482 (S.D.N.Y 1997). Relying on the *Moon* decision, the

District Court in *Erhardt* concluded that "Section 362 (a)(1) encompasses the state court's civil contempt proceedings and [the Debtor's] ongoing incarceration as part of those proceedings.

11. The Incarceration Order was entered in violation of the automatic stay pursuant to Section 362(a)(1) and is therefore void *ab initio*.

12. Despite warnings by Debtor's counsel that the Incarceration Order violates Section 362 of the Bankruptcy Code, Kerry has failed to take action to vacate that order and free the Debtor from his incarceration. See correspondence from Debtor's counsel to Kerry's counsel dated December 9, 2023, attached as **Exhibit C**,

FOR THE FOREGOING REASONS, Frank Martin Paris, Jr., debtor herein, requests the entry of an Order vacating:

A. Finding that the Incarceration Order is a violation of the automatic restraining order of section 362 of the Bankruptcy Code; and voiding the Incarceration Order;

B. Directing Kerry and her counsel to take immediate action with respect to freeing the Debtor from incarceration;

C. Entering such sanctions as this court finds appropriate; and

D. For such other and further relief as is just and equitable.

Respectfully submitted,

Frank Martin Paris Jr., Debtor

By: /s/ Scott R. Clar
One of his attorneys

**DEBTOR’S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
CRANE, SIMON, CLAR & GOODMAN
135 S. LaSalle, #3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com