UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 23-16481 |
| Frank Martin Paris, Jr., ) | |
| ) | Hon. David D. Cleary |
| Debtor. ) | |
| ) | Chapter 7 |

### RESPONSE OF DEBTOR TO EMERGENCY MOTION OF KERRY PARIS FOR ORDER CLARIFYING THAT THE AUTOMATIC STAY DOES NOT APPLY OR IN THE ALTERNATIVE TO LIFT THE AUTOMATIC STAY *NUNC PRO TUNC* AND AUTHORIZING FILING OF MOTION IN EXCESS OF 15 PAGES

The Debtor, Frank Martin Paris, Jr. ("Debtor"), by and through his attorneys, responds to the Emergency Motion of Kerry Paris ("Kerry") for Order Clarifying that the Automatic Stay does not Apply or in the Alternative to Lift the Automatic Stay *nunc pro tunc* and Authorizing Filing of Motion in Excess of 15 Pages ("Kerry's Motion"), as follows:

1. On December 8, 2023, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Petition Date"). prior to the entry of the December 8 Incarceration Order.

2. Kerry's cadre of lawyers assert that the post-petition entry of the Incarceration Order did not violate the automatic stay, and that if it did violate the stay, this Court should modify the automatic stay *nunc pro tunc*. Their position is disingenuous and contrary to their client's best interests. Their 33-page motion, supplemented with hundreds of pages of exhibits, misses the point. Whether they are successful or not at painting the Debtor as a "bad guy" is irrelevant. The real issue is why did they continue to seek entry of the Incarceration Order when there was a legitimate issue as to the applicability of the automatic stay. Most counsel would not take that risk, that is, risk to themselves and, more importantly, risk to their client, of the possible imposition of

-1-

sanctions. To avoid that risk most counsel would cease proceeding and seek a comfort order from the Bankruptcy Court, which has exclusive jurisdiction to determine what is property of the bankruptcy estate. Instead, in their fervor to punish the Debtor, they continued to plow through the state court proceedings, all the time knowing that if they were wrong there could be sanctions. Now, after the fact, and after the imposition by the state court of the draconian punishment of incarceration at Cook County Jail, Kerry's counsel attempts to clean up their self-created mess. The illegal ongoing incarceration is shameful and accomplishes nothing other than preventing the Debtor from actively performing his duties under the Bankruptcy Code, to the detriment of his creditors, including Kerry.

3. The Incarceration Order provided that the Debtor would remain incarcerated in the Cook County Jail, until he has purged himself as follows:

> (i) Respondent has not paid any money to purge his contempt, including his overdue child support and maintenance obligations,
> (ii) Respondent has not produced the life insurance policies to purge his contempt,
> (iii) Respondent has not executed the paperwork, or caused the paperwork to be executed, to transfer the assets awarded Kerry in the Judgment, and
> (iv) Respondent has not funded the 503(g) Trust as ordered by the Court in order to protect the interests of the Paris children (the "Incarceration Order").

4. Mistakenly relying on Judge Cox's holding in *In re Posner*, 610 B.R. 586 (Bkrtcy.N.D.Ill. 2019), Judge Romanek held that "assets awarded to Kerry in the Divorce (Judgment) are not part of any bankruptcy estate and not subject to any automatic stay."

5. In *Posner*, Judge Cox, while acknowledging that the bankruptcy estate consists of all equitable and legal rights held by the debtor upon entry of the Order for Relief, held, without citing to any Illinois case authority:

> In this case, (the Debtor's) bankruptcy estate consists of his legal and equitable interests in property as of the date he filed the bankruptcy petition. The divorce court issued the dissolution of marriage judgment and the supplemental judgment for dissolution of marriage in 2018 - well before ((the Debtor) filed this bankruptcy case. These decrees divided the marital property and determined (the Debtor's) property as well as (the ex-spouse's) property. When (the Debtor) filed his case on March 15, 2019, his estate did not include the property that the divorce court awarded (the ex-spouse).

*Posner* at 591.

6. Such a holding is contrary to Illinois law, which provides that a divorce decree cannot transfer legal title to property. Such a transfer requires the voluntary act of the ex-spouse. See *Kohl v. Montgomery*, 373 Ill. 200, 25 N.E.2d 826, 829-830 (1940) ("This court said, in *Lipe v. Lipe, supra (*327 Ill. 39, 158 N.E.2d 414): 'While declaring an equitable estate, interest, or right of the plaintiff to exist, a decree could not operate, by its own intrinsic force, to vest the plaintiff with the legal estate, interest, or right to which she was pronounced entitled. The decree was not itself a legal title, nor could it either directly or indirectly transfer the title from the defendant to the plaintiff. Though it might declare that the plaintiff was, in equity, entitled to the ownership of certain land of which the defendant held the legal title, the latter's voluntary act was necessary to carry a decree into execution, and if, he refused to convey, the method of compelling his obedience was by attachment for contempt. The decree, of itself, did not convey the title.")

7. Assuming, *arguendo*, that the Divorce Judgment was a final order, it did not transfer legal title to property awarded to Kerry. The courts in *Posner* and *Thorpe* do not address this issue but speak only in terms of the divorce decree granting "full ownership." However, Kerry's counsel clearly understood the issue as they followed the procedures described by the Illinois Supreme Court to obtain legal title. Kerry's counsel knew at the

time of the entry of the Incarceration Order that they were trying to obtain legal title in violation of the automatic stay as that legal title became under the control of the Trustee and/or became property of the Debtor's bankruptcy estate upon entry of the Order for Relief.

8. Pursuant to Section 541 of the Bankruptcy Code, the trustee succeeds to the Debtor's interests, rights and powers, whether held directly or indirectly, in the various limited liability companies. *In re Minton*, 2017 WL 354319 at *6 (Bkrtcy.C.D.Ill.2017) ("Pursuant to Section 541, a Chapter 13 trustee steps into the debtor's shoes as an LLC member and succeeds to all rights and obligations under the operating agreement.").

9. Kerry's actions clearly seek to collect a pre-petition debt or obligation from property in which the Debtor held protectable interests and rights at the time of the Order for Relief, which was entered prior to the Incarceration Order. She is free to collect pre-petition support obligations from property that is not subject to the automatic stay pursuant to Section(b)(2)(B) of the Bankruptcy Code.[1] However, at this time there has been no determination that such property exists.

10. Kerry asserts that her motion requires immediate attention due to the Debtor's purported failure to pay support. This position is disingenuous. As admitted by Howard Rosenberg, counsel for the children, at the initial hearing on the motions pending before this Court, the Debtor had provided funds to a trust account whereby support payments were being made, which trust account had not been exhausted as of the date of that initial hearing.

---

[1] To the extent that Kerry professes to be proceeding pursuant to Section 362(b)(2)(A)(ii) and (iv), a simple reading of those provisions reveal that they clearly do not apply.

11. Ira Bodenstein has been appointed Chapter 7 trustee ("Trustee") in the Debtor's Chapter 7 bankruptcy case. Schedules and Statement of Financial Affairs are due on January 4, 2024. They have not yet been filed, in large part due to the incarceration. The initial meeting of creditors is scheduled for January 8, 2024, at 12:30 p.m. Accordingly, the Trustee has not had the ability to review documentation and obtain the testimony of the Debtor with respect to administration of the Estate, or to take a position in connection with the issues raised by Kerry's Motion. Accordingly, until the Trustee has had an opportunity to review relevant documents and conduct the Section 341 meeting, Kerry's Motion is pre-mature and should be denied.

12. In *In re Erhardt*, 618 B.R. 832 (N.D.Ill. 2020), District Court Judge Sara Ellis held that civil contempt is not a basis for continued incarceration of the Debtor in a state jail, and such an incarceration did not come within the "police and regulatory power" exception to the automatic stay, thereby reversing the Order of the Bankruptcy Court. Among the authority relied upon in *Erhardt* is *In re Moon*. 201 B.R. 79, 82-84, 90 (Bkrtcy.S.D.N.Y.1996) (finding that "the continued enforcement of (a pre-petition) contempt order by incarceration of the debtor" violated Section 362(a)(1)), *rev'd on other grounds*, 211 B.R. 482 (S.D.N.Y 1997).[2] Relying on the *Moon* decision, the District Court in *Erhardt* concluded that "Section 362(a)(1) encompasses the state court's civil contempt proceedings and (the Debtor's) ongoing incarceration as part of those proceedings. Even

---

[2] The reversal was based on the fact that the pre-petition orders of contempt and incarceration made findings that the debtor in that case had the ability to control post-petition sources of income, which constitute post-petition property which is not property of the estate. In the case at bar, by filing his Chapter 7 bankruptcy case, the Debtor surrendered control of any entity in which the Debtor could control, to the Trustee prior to the entry of the Incarceration Order.

more egregious, in the case at bar, the Incarceration Order was entered post-petition, in violation of the automatic stay, and is void *ab initio*.

13. Despite warnings by Debtor's counsel that the Incarceration Order violates Section 362 of the Bankruptcy Code, Kerry has failed to take action to vacate that order and free the Debtor from his incarceration.

14, Once the Order for Relief was entered, the Trustee and the Bankruptcy Court became the proper parties to determine the issue of what property was property of the estate, not the Debtor. If the Debtor unwittingly made the wrong determination and made a transfer of property of the estate, he would make that transfer at great risk of sanctions being entered against him by the Bankruptcy Court, including the possible loss of his discharge. What experienced bankruptcy practitioner would advise the Debtor to make such a transfer, especially where mere possession and ownership of bare-naked legal title are sufficient to constitute property of the estate, thereby invoking the automatic stay provisions of Section 362? Given that risk the Debtor, unlike Kerry's counsel, would seek a comfort order from the Bankruptcy Court before making such a transfer.

15. Finally, Kerry's apparent opposition to the filing of this case is bewildering. Most, if not all, of the Debtor's assets are now subject to the jurisdiction of this Court. Unlike *Posner*, which was a Chapter 11 case, this case was filed as a Chapter 7, which caused a trustee to be immediately appointed with authority over the administration of the estate, vested with all of the rights provided to him by the Bankruptcy Code. The Debtor is subject to all of the duties delineated in the Bankruptcy Code. Importantly, domestic support claims have a first priority, superior to costs of administration, pursuant to Section 507 of the Bankruptcy Code. The Bankruptcy Court also provides a forum for the Debtor's

other creditors, holding claims estimated in the millions. There is no basis for the conclusion that the filing of the Chapter 7 petition was in bad faith.

FOR THE FOREGOING REASONS, the Debtor, Frank Martin Paris, Jr., requests the entry of an Order:

A. finding that the Incarceration Order is a violation of the automatic stay pursuant to Section 362 of the Bankruptcy Code;

B. voiding the Incarceration Order;

C. directing Kerry and her counsel to take immediate action with respect to freeing the Debtor from incarceration;

D. entering such sanctions as this Court finds appropriate; and

E. for such other and further relief as is just and equitable.

> Respectfully submitted,
> Frank Martin Paris, Jr., Debtor
>
> By:  /s/ Scott R. Clar
>       One of his attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
CRANE, SIMON, CLAR & GOODMAN
135 S. LaSalle, #3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com