# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## NOTICE OF MOTION

To:     See Attached List

**PLEASE TAKE NOTICE** that on **April 10, 2024, at 10:00 a.m**., I will appear before the Honorable Daivd D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604 **or** electronically as described below, and present the **Trustee's Motion For The Entry Of An Order Authorizing The Sale Of Real Estate And For Related Relief**, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

|  |  |
|---|---|
|  | Ira Bodenstein, not individually, but as chapter 7 trustee for the estate of Frank Martin Paris, Jr. |
| Dated: March 18, 2024 | By:     /s/ Allen J. Guon |
|  | One of his attorneys |

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com


## CERTIFICATE OF SERVICE

Allen J. Guon, an attorney, certifies that he caused to be served a copy of this **Notice of Motion** and the attached **Trustee's Motion For The Entry Of An Order Authorizing The Sale Of Real Estate And For Related Relief** on each entity shown on the list below at the address shown and by the method indicated on the list on March 18, 2024.

/s/ Allen J. Guon

## Mailing Information for Case 23-16481

## Electronic Mail Notice List

- **Paul M Bauch**    pbauch@bmlawllc.com, smohan@bmlawllc.com;5242@notices.nextchapterbk.com
- **Ira Bodenstein**    iratrustee@cozen.com, IL29@ecfcbis.com
- **Timothy W Brink**    tbrink@mpslaw.com, crampich@mpslaw.com
- **Scott R Clar**    sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com
- **Thomas C Cronin**    tcc@cronincoltd.com
- **Sean B Crotty**    scrotty@crottylaw.com, dmueller@colemanlawfirm.com;docket@crottylaw.com
- **Daniel P. Dawson**    ddawson@nisen.com, adrag@nisen.com
- **Allen J Guon**    aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **Steve Jakubowski**    sjakubowski@robbinsdimonte.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Thomas S. Leo**    sleo@leolawpc.com, officemanager@leolawpc.com
- **Sonette Magnus**    smagnus@thompsoncoburn.com
- **Ann Addis Pantoga**    apantoga@thompsoncoburn.com
- **Elizabeth E Richert**    erichert@crottylaw.com, docket@crottylaw.com;dmueller@crottylaw.com
- **Steven R Rogovin**    srogovin@mpslaw.com, crampich@mpslaw.com
- **Carolina Y. Sales**    csales@robbinsdimonte.com, mrussell@robbinsdimonte.com
- **Steven Yachik**    syachik@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com

**Manual Notice List (in the manner indicated)**

Frank Martin Paris, Jr.
1100 Keystone
River Forest, IL 60305
**(Via U.S. Mail)**

Howard P. Rosenberg
Atty. for Child's Representative
707 Skokie Boulevard – Suite 420
Northbrook, IL 60062
**(Via U.S. Mail)**

JPMorgan Chase Bank N.A.
Attn.: Collateral Department
601 Oakmont Lane, Suite 300
Westmont, IL 60559
**(Via U.S. Mail)**

JP Morgan Chase Bank N.A.
c/o Mike E. Dileo II
601 Oakmont Lane, Suite 300
Westmont, IL 60559
**(Via U.S. Mail)**

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346
**(Via U.S. Mail)**

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035
**(Via U.S. Mail)**

Cook County Treasurer's Office
Attention: Legal Department
118 North Clark Street, Room 112
Chicago, IL 60602
LBankruptcy@cookcountytreasurer.com
**(Via mail and Email)**

Blitt and Gains, P.C.
661 Glenn Ave.
Wheeling, IL 60060
**(Via U.S. Mail)**

Mauricio Gonzalez
Citywide Realty LLC
6614 S. Pulaski Rd.
Chicago, IL 60629
mauricio@citywide-realty.com
**(Via Email)**

Jonathan D. Groll
Jonathan D. Groll Ltd.
830 North Boulevard, Suite A
Oak Park, IL 60301
jonathan@groll-law.com
**(Via U.S. Mail and Email)**

David DeCelles
Assistant United States Attorney
219 S Dearborn, 5th Fl.
Chicago IL 60604
David.DeCelles@usdoj.gov
**(Via Email)**

Robert Lynch
Office of the Illinois Attorney General
100 W. Randolph St.
Chicago, IL 60601
robert.lynch2@illinois.gov
**(Via Email)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

**TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER AUTHORIZING**
**THE SALE OF REAL ESTATE AND FOR RELATED RELIEF**

Ira Bodenstein, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Frank Martin Paris, Jr. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 363(b), (f), (h), (j) and (m) and Fed. R. Bankr. P. 2002 and 6004, hereby moves for the entry of an order authorizing the free and clear sale of the vacant real estate located at 703 Park Avenue, River Forest, Illinois (the "Real Estate") to Margaret R. Erlich ("Erlich") and Joshua R. Bartel ("Bartel," and collectively with Erlich, the "Buyer") for the amount of $660,000.00 pursuant to the terms of the *Multi-Board Residential Real Estate Contract 7.0*, dated as of March 1, 2024 (the "Contract"), as amended by the *Addendum to Real Estate Contract* (the "Addendum," and together with the Contract, the "Sale Agreement") and attached hereto as **Exhibit 1**; (ii) finding that the Buyer is a good-faith purchaser; and (iii) granting related relief. In support of the motion, the Trustee states as follows:

**JURISDICTION**

1.      On December 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing this chapter 7 bankruptcy case (the "Case") and creating the Debtor's estate (the "Estate").

2.      On the Petition Date, Ira Bodenstein was appointed as the chapter 7 trustee of the Estate.

3.      The Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

### A.      The Real Estate

4.      On September 7, 2012, Maeve LLC – Series U ("Maeve-Series U") purchased the Real Estate for the amount of $432,825.

5.      The Debtor and Kerry Paris ("Kerry") were married in 2002. In 2016, Kerry filed a Petition for Dissolution of Marriage in the Circuit Court of Cook County, Illinois (the "State Court"). The divorce proceedings have been ongoing for over 8 years. On December 2, 2022, the State Court entered its *Memorandum and Order: Judgment for Dissolution of Marriage*, dated December 2, 2022 (the "JDOM").[1] [Mot. to Clarify, Ex. A.] In the JDOM, the State Court determined that the Real Estate was a marital asset for the purposes of the divorce notwithstanding the fact that title was held in Maeve-Series U. (Mot. to Clarify, Ex. A, at pp. 59, 77-78.)

6.      On October 26, 2023, the State Court entered an order that required title to the Real Estate be transferred to the Debtor and Kerry, individually. The State Court also placed a judicial lien on the Real Estate so that it could not be sold without Kerry's knowledge. [Mot. to Clarify, Ex. V, at ¶ 10.]

---

[1] On December 11, 2023, Kerry filed the *Emergency Motion of Kerry Paris for Order Clarifying that the Automatic Stay Does Not Apply or, in the Alternative, to Lift the Automatic Stay Nunc Pro Tunc, and Authorizing filing of Motion in Excess of 15 Pages* [ECF No. 17] (the "Motion to Clarify"). The references to the orders of the State Court are cited as exhibits to the Motion to Clarify.

7.      On January 16, 2024, as required by the State Court, Maeve-Series U quitclaimed the Real Estate to the Debtor and Kerry as tenants in common.

8.      Based a review of the information available to the Trustee, the only potential encumbrances against the Real Estate (other than accruing real estate taxes) are:

- Mortgage dated February 22, 2013 and recorded March 1, 2013, as document 1306046018 made by the Debtor and Kerry to JP Morgan Chase Bank N.A. ("Chase") in the amount of $1,300,000.00 (the "Mortgage");[2]

- Memorandum of Judgment recorded on August 28, 2019, as document 1933717135 in favor of the Child's Representative, Howard P. Rosenberg (the "Children's Representative") and against the Debtor and Kerry in the amount of $87,692.53;[3]

- Lis Pendens Notice recorded on November 20, 2023 as document 2332410026 filed in connection with the State Court proceedings;

- Tax lien recorded on September 22, 2017, as document 1726504118 in favor of the United States of America assessed against the Debtor and Kerry in the amount of $247,795.96;

- Tax lien recorded on March 15, 2019, as document 1907441069 in favor of the United States of America assessed against the Debtor and Kerry in the amount of $32,596.42;

- Tax lien recorded on January 4, 2021, as document 2520852 in favor of the State of Illinois in the amount of $34,566.38;

- Memorandum of Judgment recorded on October 5, 2017, as document1727841042 in favor of Portfolio Recovery Associates, LLC and against Kerry in the amount of $1,407.28.

9.      The Trustee believes the Debtor has substantial equity in the Real Estate that should be monetized for the benefit of the Estate and its creditors.

---

[2] Maeve-Series U was title holder for the Real Estate at the time the Mortgage was recorded.

[3] It is the Trustee's understanding that the Children's Representative will be releasing his recorded lien.

**B.      The Trustee's Employment of Citywide Realty**

10.     On February 28, 2024, the Court entered the *Order Authorizing Trustee to Employ Citywide Realty LLC as Real Estate Broker and Approving Compensation Arrangement* (the "Employment Order"), which authorized the Trustee to employ Citywide as his real estate broker. [ECF No. 75.]

11.     Under the Employment Order, the Court authorized Citywide to provide brokerage services to the Trustee in accordance with the *Chicago Association of Realtors Exclusive Right to Sell Listing Agreement* as modified by the Rider (the "Listing Agreement"). [ECF No. 59, Ex. B.] The Listing Agreement contemplates the payment of a discounted commission to Citywide in the amount of five percent (5%) of the sale proceeds from a Court approved sale of the Real Estate. The commission may be shared with cooperating brokers representing buyers as is usual and customary in the real estate brokerage industry. Citywide is not required to file a fee application with the Court for payment of its commission and is authorized to receive payment from the sale proceeds after the closing. [ECF Nos. 59, 75.]

**C.      The Trustee's Marketing of the Real Estate**

12.     Prior to listing the Real Estate for sale, Citywide undertook an analysis of comparable real estate sales for vacant properties in River Forest over the prior two years. During that period, a total of three comparable properties sold for the amounts of $362,000 (February 23, 2024), $450,000 (February 2, 2024) and $575,000 (July 22, 2022). Based on the prior sales, and as reflected in Citywide's retention application, Citywide recommend that the Trustee list the Real Estate for sale at $549,900. [ECF No. 59 at ¶ 9.]

13.     On February 29, 2024, Citywide began marketing the Real Estate for sale at the initial listing price of $549,900 in the Multiple Listing Service. Citywide also posted a "For Sale"

sign on the Real Estate. Citywide received several expression of interest immediately after marketing the Real Estate for sale.

14.      Between March 1, 2024 and March 5, 2024, Citywide received a total of four cash offers to purchase the Real Estate for amounts ranging from $500,000 to $660,000. The Trustee considered the amount of each offer as well as the potential purchasers' financial wherewithal to close the sale of the Real Estate. After consultation with Citywide, the Trustee determined that the Buyer's offer was the highest and best offer for the Real Estate.

**D.      The Sale Agreement for the Real Estate**

15.      After arms'-length negotiations, the Trustee entered into the Sale Agreement to sell the Real Estate to the Buyer for the amount of $660,000.00 (the "Purchase Price"), subject to customary adjustments for real estate taxes. The Sale Agreement provides that the Real Estate is being sold on an "AS IS" basis and with any and all faults and latent and patent defects and without any express or implied representation or warranty by the Trustee. Prior to the hearing on this motion, the Buyer will deposit the amount of $33,000.00 (the "Earnest Money") in escrow at Chicago Title Insurance Company as an earnest money deposit.

16.      The Sale Agreement is subject to the entry of an order authorizing the sale of the Real Estate pursuant to § 363(b) of the Bankruptcy Code approving the Sale Agreement and authorizing the Trustee to take such actions as are necessary to consummate the sale (the "Sale Order").

17.      The Trustee retains the right to market the Real Estate for higher and better offers until the entry of the Sale Order.

18.     Except for (i) the Trustee's performance of his obligations under the Sale Agreement and (ii) the entry of the Sale Order, there are no other contingencies for Buyer's performance of its obligation to pay the Purchase Price to the Trustee at closing.

19.     The Closing shall take place on or within three (3) business days after the entry of the Sale Order. However, in the event that the Trustee reasonably believes that any of the conditions of the Trustee will not be satisfied as of the date of the closing, the Trustee shall have the right in his reasonable discretion to adjourn the closing upon written notice to Buyer to the extent required to resolve any matters that are then preventing the satisfaction of such condition.

## RELIEF REQUESTED

20.     By this motion, the Trustee seeks the entry of the Sale Order, substantially in the form attached hereto: (i) approving the Sale Agreement; (ii) authorizing the Trustee's free and clear sale of the Real Estate; (ii) finding that the Buyer is a good-faith purchaser for value; and (iii) granting related relief.

## BASIS FOR RELIEF

**A.      The Court Should Authorize the Sale of the Real Estate Pursuant to § 363(b) of the Bankruptcy Code**

21.     Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Fed. R. Bankr. P. 6004(f)(1) expressly permits sales of estate property outside of the ordinary course of business by private sale or by auction. Fed. R. Bankr. P. 6004(f)(1); *see, e.g. In re Wieboldt Stores, Inc.*, 92 B.R. 309, 312 (N.D. Ill. 1988) ("Section 363(b) is not limited to sales involving competitive bidding. Bankruptcy Rule 6004, which sets forth procedures for Section 363(b) transfers, expressly provides for private sales."); *In re Bakalis*, 220

B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (noting that a trustee has ample authority to conduct a sale of estate property through a private or public sale).

22.    "A trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to 'great judicial deference' as long as a sound business reason is given." *In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012) (citations omitted*); see also United Retired Pilots Benefits Prot. Assn. v United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval [of a transaction other than in the ordinary course of business is] whether the transaction makes good business sense and does not disturb creditors' rights…."); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification"). Courts generally approve sales outside of the ordinary course of business under § 363(b)(1) whenever such a sale is in the best interests of the estate. *See In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

23.    After Citywide listed the Real Estate on the MLS, the Trustee obtained several substantial cash offers for the Real Estate. The Trustee has determined, in consultation with Citywide, that the sale of the Real Estate on the terms set forth in the Sale Agreement represent a prudent and proper exercise of his business judgment and is supported by sound business reasons. The Purchase Price is the result of good faith, arm's length negotiations, and the Trustee believes that the Purchase Price is fair and reasonable. Time is also of the essence because real estate taxes continue to accrue on the Real Estate. Accordingly, the Trustee has demonstrated a sound business justification for the sale of the Real Estate.

**B.    The Court Should Authorize the Sale of the Real Estate Pursuant to § 363(h) and (j) of the Bankruptcy Code**

24.    The Trustee may sell both the Estate's interest – as well as that of Kerry's – pursuant to § 363(h) of the Bankruptcy Code. Section 363(h) permits the sale of property of the bankruptcy estate, under § 363(b), along with the interest of a co-owner of the property if, at the time of the commencement of the case, the debtor held an undivided interest in the property as a tenant in common, joint tenant or tenant by the entirety if the following conditions are met:

> (1)    partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2)    sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3)    the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4)    such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

25.    In this Case, § 363(h) of the Bankruptcy Code is satisfied because Kerry, as the co-owner of the Real Estate, consents to the sale. Even if Kerry did not consent, all four conditions of § 363(h) are met in this Case because (a) the Real Estate is a single vacant lot only 65 feet wide and any partition in kind of the Real Estate among the Estate and Kerry is impracticable; (b) sale of the Estate's undivided interest in the Real Estate would realize significantly less for the Estate than would the sale of the Real Estate free and clear of Kerry's interests therein; (c) the benefit to the Estate of a sale of the Real Estate free of and clear of any and all competing interests therein outweighs the detriment, if any, to Kerry; and (d) the Real Estate is not used in the production,

transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.[4]

26.     Pursuant to § 363(j) of the Bankruptcy Code, the Estate and the co-owner share in the costs of the sale *pro rata* according to their interests, excluding the compensation of the Trustee which is the obligation of the Estate. 11 U.S.C. § 363(j). In this Case, Kerry and the Estate each have a 50% interest in the Real Estate as tenants in common. Therefore, Kerry and the Estate will each receive 50% of the net sale proceeds, after payment of all costs and expenses of sale including broker's commissions and attorneys' fees, but not including any compensation of the Trustee.

C.     **The Court Should Authorize the Sale Free and Clear of Interests Pursuant to § 363(f) of the Bankruptcy Code**

27.     Under § 363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest (collectively, "Interests") in such property if, among other things:

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As § 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to § 363(b), it is only necessary to meet one of the five conditions of § 363(f). The Trustee's satisfaction of any one of its five requirements will be sufficient to permit the sale of the Real Estate free and clear of Interests, subject to the permitted encumbrances.

---

[4] Further, an adversary proceeding under Fed. R. Bankr. P. 7001 is not required because Kerry consents to the sale.

28.     As set forth in paragraph 8 above, the Trustee is currently aware of several parties that may assert secured claims against the Real Estate. The Trustee believes, however, that either (i) the entities with liens will consent under § 363(f)(3), (ii) the price at which the Real Estate will be sold is greater than the aggregate value of all liens on such property under § 363(f)(3), or (iii) the liens are subject to a bona fide dispute under § 363(f)(4).[5] Moreover, all holders of the known Interests can be compelled to accept a money satisfaction of such Interests in legal or equitable proceedings in accordance with § 363(f)(5).

29.     The Trustee further proposes that any Interests in the Real Estate attach to the net proceeds of the sale of the Real Estate.

**D.      The Court Should Find that the Buyer is a Good Faith Purchaser**

30.     The Trustee requests that the Court make a finding that the Buyer qualifies for designation as a good faith purchaser. A good faith purchaser under § 363(m) of the Bankruptcy Code has been defined in the case law to mean "one who purchases in 'good faith' and for 'value.'" *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) (citing *Cumberland Farms Dairy, Inc. v. National Farmers' Org. (In re Abbotts Dairies of Penn., Inc.)*, 788 F.2d 143, 147 (3d Cir. 1986)); *see Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992); *Badami v. Burgess (In re Burgess)*, 246 B.R. 352, 355-56 (B.A.P. 8th Cir. 2000). Section 363(m) applies to public sales as well as private sales that do not involve competitive bidding. *See Wieboldt Stores*, 92 B.R. at 312 (<u>citing</u> *In re Youngstown Steel Tank Co.*, 27 B.R. 596, 598 (W.D. Pa. 1983)).

---

[5] The Trustee will retain special counsel to prosecute the sale motion if Chase does not consent to the sale pursuant § 363(f)(3) or its Mortgage is subject to a bona fide dispute under § 363(f)(4).

31.     As the Seventh Circuit explained in *In re Rock Industries Machinery Corp.*, 572 F.2d 1195 (7th Cir. 1978), the "good faith" component of the test:

> speaks to the equity of [the bidder's] conduct in the course of sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*Id.* at 1198; *see Kabro Assocs.*, 111 F.3d at 276; *Mark Bell Furniture Warehouse, Inc. v. D.M. Reid Assocs. (In re Mark Bell)*, 992 F.2d 7, 8 (1st Cir. 1992); *In re Ewell*, 958 F.2d at 281.

32.     In this Case, the Trustee marketed the Real Estate with the assistance of Citywide and listed the Real Estate on the MLS. The Trustee received and considered offers for the Real Estate from four different parties. After selecting the Buyer's offer, the Trustee, with the assistance of counsel, negotiated the terms of the Sale Agreement. Further, neither the Trustee nor Citywide have any relationship with the Buyer. The Trustee accordingly believes the Buyer is a good faith purchaser of the Real Estate.

## NOTICE

33.     The Trustee has provided more than 21 days' notice of this Motion by mail, email or through the Court's CM/ECF system to the following persons: (i) counsel to the United States Trustee; (ii) the Debtor at his address and to his counsel; (iii) counsel for Kerry, (iv) counsel for the Buyer; (v) all entities reasonably known by the Trustee to have an Interest in the Real Estate (or their counsel where an entry of their appearance through counsel has been made in the case); and (vi) the parties on the ECF service list via CM/ECF electronic noticing.

34.     Bankruptcy Rules 2002(a)(2) and 6004(a) generally require that notice of a proposed sale of assets be sent to all creditors. In light of the active creditors in this Case, the Trustee submits that the notice provided is sufficient and appropriate under the circumstances and

that requiring notice to all creditors would result in unnecessary administrative expenses. Accordingly, the Trustee requests that this Court exercise its authority under Fed. R. Bankr. P. 2002(a)(2) and 9007 to limit notice of the sale to that already provided and that further notice be waived.

WHEREFORE, the Trustee requests that the Court enter an order, in substantially the form of the Sale Order attached hereto: (i) authorizing the Trustee's sale of the Real Estate free and clear of Interests; (ii) finding that the Buyer is a good-faith purchaser; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

Ira Bodenstein, not individually, but as chapter 7 trustee for the bankruptcy estate of Frank Martin Paris, Jr.

Dated: March 18, 2024          By:    /s/ Allen J. Guon
                                             One of his attorneys

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-14450
aguon@cozen.com
*Proposed Counsel for Trustee*