## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-BK-16481 |
| | ) | |
| FRANK MARTIN PARIS, JR., | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |

### KERRY PARIS' RESPONSE BRIEF IN OPPOSITION TO MOTION TO CONVERT DEBTOR'S CHAPTER 7 CASE TO A SUBCHAPTER V CHAPTER 11 CASE PURSUANT TO SECTION 706(d) OF THE BANKRUPTCY CODE

Kerry Paris ("Kerry"), by and through her counsel, respectfully submits this brief in opposition to the Debtor's Motion to Convert Debtor's Chapter 7 Case to a Subchapter V Chapter 11 Case Pursuant to section 706(d) of the Bankruptcy Code (the "Motion") [ECF No. 65].

### PRELIMINARY STATEMENT

The Motion is predicated upon the bare-bones assertion that "the Debtor is eligible to be a Subchapter V Chapter 11 Debtor." (Mot. ¶ 12). He is not because the Debtor has not paid *any* of his post-petition domestic support obligations, including his Court-ordered child support and maintenance obligations due on the first of each calendar month since January 2024. Since "cause" for dismissal exists under section 1112(b)(4)(P) based on the failure to pay these obligations, conversion to Chapter 11 is precluded and the Motion should be denied.

### BACKGROUND FACTS

Kerry adopts the pre-petition facts and procedural history set forth in the Motion of Kerry Paris for Order Clarifying that the Automatic Stay Does Not Apply or, in the Alternative, to Lift the Automatic Stay *Nunc Pro Tunc*. [ECF No. 20]. In addition, the following post-petition facts are relevant to the Motion:

1

On December 8, 2023, immediately following the filing of the Debtor's voluntary petition for relief under Chapter 7 of the Bankruptcy Code, the Divorce Court entered an order committing the Debtor to Cook County Jail until, among other things, he paid "$500,000 to the 503(g) Trust for child support and maintenance." [ECF No. 20-2, Ex. DD at 3]. On January 5, 2024, the Divorce Court entered an order allowing the Debtor to be released from jail and placed on electronic home monitoring if he posted a $150,000 cash bond. (Ex. A). Later that day, some person or entity posted $150,000 cash bail on the Debtor's behalf.[1] (Ex. B). On January 24, 2024, the Divorce Court entered an order finding that the Debtor remained in indirect civil contempt of court and that "he shall remain on Electronic Home Monitoring until he (i) funds the 503(g) Trust with an additional $350,000, and (ii) produces the life insurance policy(ies) in the amount of $2.5 million naming Kerry Paris as the primary beneficiary." (Ex. C). To date, the Debtor has not paid any portion of the $350,000 or produced the life insurance policy(ies).

On January 1, 2024, and on the first of each month thereafter, the Debtor was obligated to pay Kerry $7,500 in child support and $5,500 in maintenance. [ECF No. 20-1, Ex. A at 97-98]. Further, as part of his child support obligation, the Debtor was obligated to pay on January 1, 2024, and on the first of each month thereafter, the mortgage, real estate taxes, and homeowners' insurance on the family home and adjoining lot where Kerry lives with the Paris children. *Id.* To date, the Debtor has not made any of these payments. (Ex. D).

## I. The Legal Standard to Convert from Chapter 7 to Chapter 11.

Section 706(a) of the Bankruptcy Code declares that "[t]he debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been

---

[1] During the initial 341(a) Meeting of Creditors held on January 8, 2024, the Debtor testified that he did not know who paid the $150,000 cash bail.

converted under section 1112, 1208, or 1307 of this title." 11 U.S.C. § 706(a). However, section 706(d) provides that "a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." 11 U.S.C. §706(d). "In other words, a debtor's right to convert is 'expressly conditioned' on his ability to qualify as a debtor under the Chapter to which he seeks to convert." *In re Daughtrey*, 896 F.3d 1255, 1276 (11th Cir. 2018) (citing *Marrama v. Citizens Bank*, 549 U.S. 365, 373-4 127 S. Ct. 1105, 1110-1 (2007)).

The Motion seeks to convert the Debtor's Chapter 7 Case to one under Subchapter V of Chapter 11 of the Bankruptcy Code. Thus, the threshold question is whether the Debtor qualifies as a debtor under Chapter 11. If a case should be dismissed or converted to Chapter 7 pursuant to section 1112(b)(1), the Debtor does not qualify as a debtor under Chapter 11. *Daughtrey*, 896 F.3d at 1275-6 ("To rule that one's Chapter 11 case 'should be dismissed or converted to Chapter 7 [. . .] is tantamount to a ruling that the individual does not qualify as a debtor under' Chapter 11."); *see Marrama*, 549 U.S. at 365, 373-4, 127 S. Ct. at 1110-11.

Section 1112(b)(1) of the Bankruptcy Code provides that that a court "shall" convert a case under Chapter 11 to Chapter 7 or dismiss it, whichever is in the best interests of creditors and the estate, for "cause." 11 U.S.C. § 112(b)(1). "Thus, § 706(d) 'provides adequate authority' to deny a motion to convert to Chapter 11 when 'cause' exists under § 1112(b)(4)." *Daughtrey*, 896 F.3d at 1275-6; *see also Braunstein v. Waller*, No. 11 C 7991, 2012 WL 1802145, at *1-2 (N.D. Ill. May 16, 2012) ("[i]t would be absurd to allow a debtor to convert to Chapter 11 under §706(a) only to have the case immediately dismissed under §1112(b)(1)").

A non-exhaustive list of "causes" includes the "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." 11 U.S.C. § 1112(b)(4)(P). The Bankruptcy Code defines a "domestic support obligation" as:

3

> a debt that accrues before, on, or after the date of the order for relief in a case under this title . . . that is—(A) owed to or recoverable by—(i) a . . . former spouse, or child of the debtor. . .; (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such . . . former spouse, or child of the debtor . . . without regard to whether such debt is expressly so designated; (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—(i) a separation agreement, divorce decree, or property settlement agreement; (ii) an order of a court of record; or (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and (D) not assigned to a nongovernmental entity . . . .

11 U.S.C. § 101(14A).

## II. The Motion Should be Denied Because the Debtor Does Not Qualify as a Debtor Under Chapter 11.

The Motion should be denied because the Debtor does not qualify as debtor under Chapter 11, as required by section 706(d) as a condition to conversion, since "cause" for dismissal or conversion of any case under Chapter 11 exists under section 1112(b)(4)(P) based on the Debtor's failure to pay his post-petition domestic support obligations. *See In re Hao*, 644 B.R. 339, 347 (Bankr. E.D. Va. 2022) ("the failure to pay post-petition domestic support obligations is an enumerated cause for dismissal or conversion in the statute. . . . The statute does not have a threshold amount; any default in the payment of post-petition domestic support obligations constitutes cause to convert or dismiss the case."); *In re Sullivan*, 626 B.R. 326, 334-35 (Bankr. D. Colo. 2021) ("In short, section 1112(b)(4)(P) is just one of a number of ways Congress has evidenced that bankruptcy cannot prejudice the rights of the support creditor.").

There can be no dispute that the child support, maintenance, and the "$500,000 to the 503(g) Trust for child support and maintenance" that became payable since the filing of Debtor's Chapter 7 Case are "domestic support obligations" within the meaning of sections 101(14A) and 1112(b)(4)(P). The amounts are (A) owed or recoverable by the Debtor's former spouse and/or children, (B) expressly in the nature of maintenance or support for the Debtor's former spouse

and/or children, (C) established by an order of a court of record (*i.e.* the Divorce Court), and (D) have not been assigned to a nongovernmental entity. The Motion makes no mention of these outstanding obligations and, instead, relies on the bald assertion that "the Debtor is eligible to be a Subchapter V Chapter 11 Debtor." He isn't, so long as these obligations remain unpaid.[2]

**WHEREFORE**, for the foregoing reasons, Kerry Paris asks the Court to deny the Debtor's Motion.

Dated: March 21, 2024

Respectfully submitted,

**KERRY PARIS**

By: /s/ Steven R. Jakubowski
      One of Her Attorneys

Steven R. Jakubowski (ARDC #6191960)
Carolina Y. Sales (ARDC #6287277)
ROBBINS DIMONTE, LTD.
180 N. LaSalle St., Suite 3300
Chicago, Illinois 60601
Tel: (312) 456-0372
sjakubowski@robbinsdimonte.com
csales@robbinsdimonte.com


By: /s/ Thomas C. Cronin
      One of Her Attorneys

Thomas C. Cronin (ARDC No. 6204065)
Cronin & Co., Ltd.
120 North LaSalle Street
20th Floor
Chicago, IL 60602
312.500.2100
tcc@cronincoltd.com
admin@cronincoltd.com

---

[2] Once "cause" is demonstrated under section 1112(b)(1), conversion to Chapter 7 or dismissal is mandatory unless a debtor establishes "unusual circumstances" under section 1112(b)(2). *In re Aurora Memory Care, LLC*, 589 B.R. 631, 642-3 (Bankr. N.D. Ill. 2018). The Motion makes no attempt to establish unusual circumstances.

By: /s/ Sean Crotty
     One of Her Attorneys

Sean Crotty (ARDC No. 6242730)
Elizabeth Richert (ARDC No. 6275764)
Crotty & Schiltz, LLC
120 North LaSalle St., 20th Floor
Chicago, IL 60602
Tel. 312-606-8648
Fax 312-444-1028
scrotty@crottylaw.com
erichert@crottylaw.com