# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-16481 |
| Frank Martin Paris, Jr. | ) | |
| | ) | Hon. David D. Cleary |
| Debtor. | ) | |
| | ) | Chapter 7 |

### DEBTOR'S JOINT REPLY IN SUPPORT OF DEBTOR'S MOTION TO CONVERT DEBTOR'S PENDING CHAPTER 7 CASE TO A SUBCHAPTER V CHAPTER 11 CASE PURSUANT TO SECTION 706(d) OF THE BANKRUPTCY CODE

FRANK MARTIN PARIS, Jr., debtor herein ("Debtor"), for his Joint Reply in Support of Debtor's Motion to Convert Debtor's Pending Chapter 7 Case to a Subchapter V Chapter 11 Case, Pursuant to Section 706(d) of the Bankruptcy Code {Docket No.65] ("Motion"), respectfully, states as follows[1]:

**Introduction and Background**

1.      On December 8, 2023, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Debtor's Chapter 7 Case").

2.      The Debtor is an individual residing at 1100 Keystone, River Forest, IL 60305, and has been involved in a divorce proceeding in the Circuit Court of Cook County since approximately 2016 (the "Divorce Case").

3.      Ira Bodenstein has been appointed the Chapter 7 trustee in the Debtor's Chapter 7 Case ("Trustee").

---

[1] The Reply is joint in the sense that it is intended to reply to the Responses filed by both the Trustee and Kelly Paris, the Debtor's ex-wife ("Kerry").

4. The Debtor is a real estate developer with extensive holdings of real estate in the Chicago area, through a series of limited liability companies, the current value of which is questionable.

5. The Debtor's Chapter 7 case was filed on an emergency basis in order to attempt to free the Debtor from jail in connection with a purported violation of an order in the Divorce Case. Ultimately, the Debtor was released from jail through a $150,00 purge of the contempt order (the Contempt Purge"). Upon information and belief, the Contempt Purge is available to pay any post-petition support and maintenance arrearage to Kerry. Neither the Trustee's nor Kerry's objection addresses this issue. In short, Kerry's post-petition maintenance and support have been satisfied by the Contempt Purge, which occurred post-petition, and thus the Debtor is eligible to be a Chapter 11 Debtor.

6. Since the filing of the Debtor's Chapter 7 case, the Debtor has experienced problems with lenders, fellow investors and fellow members of his limited liability companies, with the perception that the Debtor's assets, whatever they are and wherever they are located, will be liquidated.

7. The Debtor believes that his various interests are more valuable with the Debtor in control, and that with the Debtor in control, the Debtor's fractional interests in real estate can be maximized to provide a viable plan to his creditors rather than a liquidation.

**The Objections of Kerry and the Trustee**

8. In the Motion, the Debtor asserts that Sections 706(a) and (d) of the Bankruptcy Code provide him with the right to convert his Chapter 7 case to a case under

Chapter 11 of the Bankruptcy Code because (i) the case has not previously been converted; and (ii) the Debtor is eligible to be a debtor under Subchapter V.

9. The Trustee's objection asserts that the Debtor is ineligible to be a debtor under Chapter 11 because the Debtor failed to pay over $77,000 of post-petition domestic support obligations. It is the Debtor's belief that because he has funded a trust set up in the divorce case for exactly that purpose (the Contempt Purge), that he is current in the payment of domestic support obligations.

10. The Trustee also asserts that the Debtor does not qualify as a Subchapter V debtor because his aggregate non-contingent liquidated secured and unsecured debt exceeds $7.5 million. This is also not true. The majority of the Debtor's unsecured debt is contingent and unliquidated. Furthermore, more than 50% of the Debtor's eligible debt arises from the commercial or business activities of the entities Debtor's fractional interests in according to the Debtor's bankruptcy schedules. The Debtor does qualify to be a Subchapter V debtor.

11. The Trustee asserts that the Subchapter V deadline to file a plan under section 1189(b) of the Bankruptcy Code expired on March 8, 2024, which is patently untrue, since no deadline to file a plan could have been set without this court granting the Debtor's Motion. Moreover, even if the Debtor does not qualify for a Subchapter V, the Debtor may still be able to file a conventional Chapter 11 case and neither objection addresses that issue.

12. Nowhere in the Trustee's objection does the Trustee explain "continuing loss or diminution of the estate" other than to point out that the Debtor's expenses exceed his income by approximately $25,000 per month, the majority of which is represented by

the Debtor's maintenance and support obligations, which the Debtor believes will soon be modified in the Debtor's Domestic Relations case, based upon change of circumstances, represented by his reduced income.

13.     Given the foregoing, the Debtor's right to convert his Chapter 7 case to a case under Chapter 11 of the Bankruptcy Code under Section 706(a) of the Bankruptcy Code should be upheld.

WHEREFORE, FRANK MARTIN PARIS, JR., Chapter 7 debtor herein, prays for the entry of an Order converting his Chapter 7 case to a case under Subchapter V of Chapter 11 of the Bankruptcy Code, and for such other and further relief as is just and equitable.

Respectfully submitted,
Frank Martin Paris, Jr., Debtor

By:  /s/ Scott R. Clar
       One of his attorneys

**DEBTOR'S COUNSEL**:
Scott R. Clar
(Atty. No. 06183741)
CRANE, SIMON, CLAR & GOODMAN
135 S. LaSalle, #3950
Chicago, IL 60603
(312) 641-6777
sclar@cranesimon.com