IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                    )
                                          )
FRANK MARTIN PARIS, JR.,                  )        No. 23 B 16481
                                          )        Ch. 7
                        Debtor.           )

### NOTICE OF MOTION

TO:    Scott R. Clar                            Ira Bodenstein
       Crane, Simon, Clar & Goodman             Cozen O'Connor
       135 S. LaSalle Street, Suite 3950        123 N. Wacker Dr., Suite 1800
       Chicago, IL  60603                       Chicago, IL  60606

       PLEASE TAKE NOTICE that on **May 8, 2024 at 10:00 a.m,** I shall present the attached
**"Motion Of Mechanics Lien Plaintiffs for Confirmation That The Automatic Stay Does Not
Apply To Their Actions Against A Non-Debtor Or, In the Alternative, To Modify the
Automatic Stay"** before the Honorable David D. Cleary in Courtroom 644, 219 South Dearborn
Street, Chicago, Illinois.

JAMES E. DAHL (0568724)                        Respectfully submitted,
JACOB P. WRIGHT (6342602)
DAHL & BONADIES, LLC
630 Dundee Road, Suite 425
Northbrook, Illinois 60062
(312) 641-3245                                 By:___ */s/ James E. Dahl*_____
jdahl@dahlfirm.com                             One of the Attorneys for
jwright@dahlfirm.com                           Windward Roofing & Construction, Inc.


### CERTIFICATE OF SERVICE

       I, Jacob P. Wright, an attorney, hereby certify that on April 19, 2024, I caused a true and
correct copy of the foregoing **"Notice Of Motion"** to be electronically filed with the Clerk of the
Court using CM/ECF, which will send electronic notification to the parties and registered
attorneys of record that the document has been filed and is available for viewing and
downloading.


                                               */s/ Jacob P. Wright*_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                )
                                      )
FRANK MARTIN PARIS, JR.,              )        No. 23 B 16481
                                      )
                    Debtor.           )

**MOTION OF MECHANICS LIEN PLAINTIFFS FOR CONFIRMATION
THAT THE AUTOMATIC STAY DOES NOT APPLY TO THEIR
ACTIONS AGAINST A NON-DEBTOR OR, IN THE ALTERNATIVE,
TO MODIFY THE AUTOMATIC STAY**

Movants, Windward Roofing & Construction, Inc. ("Windward"), Vision Electric and Power Systems, Inc. ("Vision"), Triton Plumbing, LLC ("Triton"), and OHI, LLC ("OHI;" collectively "Mechanics Lien Plaintiffs"), by and through their respective attorneys, move this Court for an order confirming that the automatic stay does not apply to their lawsuits against a non-debtor or, in the alternative, to modify and lift the automatic stay with regard to their lawsuits. In support of this motion, the Mechanics Lien Plaintiffs state as follows:

**Introduction**

1.     The Mechanics Lien Plaintiffs brought lawsuits against SP/RPA 1325 Apartments, LLC ("Apartments") to enforce mechanics liens which they had recorded against a building owned by Apartments; their lawsuits were consolidated.  Apartments is not the debtor in this proceeding. Apartments has not filed a bankruptcy proceeding for itself.  Apartments is not identified as an asset by the Debtor, Frank Martin Paris, Jr. ("Paris"), in this proceeding.

2.     On the eve of trial, Apartments filed a motion in the consolidated lawsuits to stay the proceedings.  Apartments argued that the entry of judgments in favor of the Mechanics Lien Plaintiffs would be enforced against a surety who had posted a bond in lieu of the mechanics lien claims to foreclose against the real estate, and that if the surety paid the Mechanics Lien Plaintiffs

1

pursuant to the bond, then the surety would have the right to proceed against two limited liability companies in which the Debtor owned an interest. The Mechanics Lien Plaintiffs opposed the motion to stay. The trial court judge in the lawsuits brought by the Mechanics Lien Plaintiffs granted the motion to stay with the expressed understanding that the Mechanics Lien Plaintiffs would proceed before this Court to either (i) confirm that the automatic stay did not apply to claims against a non-debtor, or (ii) obtain relief from the automatic stay.

## Jurisdiction And Venue

3.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 because this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (G), and (O).

4.      This Court is an appropriate venue for the adjudication of this motion pursuant to 28 U.S.C. § 1409. The statutory predicates for relief sought are Sections 362(d) and 105(a) of the Bankruptcy Code.

## Parties

5.      The Mechanics Lien Plaintiffs are all construction companies who provided goods and services in connection with the construction of a mixed-use apartment building located at 1325 North Wells Street in Chicago, Illinois.

6.      Apartments is a limited liability company which owns the real estate on which the apartment building was constructed. Apartments has not sought protection under the Bankruptcy Code. Apartments is not identified by the Debtor Paris as an asset of his bankrupt estate.

## Background

7.      The Mechanics Lien Plaintiffs filed separate lawsuits in the Circuit Court of Cook County. Those separate lawsuits sought to enforce each individual plaintiff's mechanics lien against the real estate at 1325 North Wells Street. These four separate lawsuits (*i.e.*, Nos. 2018

CH 07899, 2019 CH 02973, 2020 CH 06864, and 2020 CH 07041) were consolidated into Case No. 2018 CH 07899 before Judge Daniel Brennan.

8.     Apartments filed a motion to post a surety bond in lieu of the real estate with respect to each of the lawsuits filed by the Mechanics Lien Plaintiffs.  The trial court granted that motion and surety bonds were posted by Endurance Assurance Corporation (the "Surety").

9.     In connection with the posting of the surety bonds, two entities in which Paris held an interest, namely Martin NV, II, Inc. ("Martin NV") and Maeve, LLC – Series A ("Maeve"), provided the Surety with an undertaking to indemnify the Surety in the event that the Surety was required to pay any claims.  Paris, personally, did not provide an undertaking to indemnify the Surety.

10.     Apartments, on February 28, 2024, six days before the lawsuit was scheduled for trial, filed an "Emergency Motion To Stay Proceedings."  A copy of this motion is attached as Exhibit A.  (Paris had filed his bankruptcy on December 8, 2023.  Apartments did not offer any explanation for why it waited three months after the Paris bankruptcy to present the Motion To Stay.)

11.     Apartments, in its Motion To Stay, argued that the Mechanics Lien Plaintiffs' lawsuits should be stayed because, if they prevailed and obtained judgments, then those judgments would be enforced against the Surety and that if the Surety paid those judgments, then the Surety would be entitled to bring an action for indemnity against Maeve and Martin NV.  The Mechanics Lien Plaintiffs opposed the Motion To Stay.

12.     On March 7, 2024, Judge Brennan entered an Order which granted Apartments' Motion To Stay "pending further order of the United States Bankruptcy Court for the Northern

District of Illinois, Eastern Division, in the case entitled *In re Frank Martin Paris, Jr.*, Case No. 23 B 16481." (The Order is attached as Exhibit B.)

## ARGUMENT

### The Automatic Stay Does Not Apply To Actions
### Brought Against Non-Debtors, Including A Surety

13.     It is well-established that the bankruptcy stay "does not proscribe actions brought against non-debtor entities, even when there is a close nexus between those non-debtors and their bankruptcy affiliates."  *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993).  A corollary to this basic principle is that a bankruptcy stay does not extend to the debtor's guarantors and sureties, particularly sureties who are provided in connection with a construction project.  The Seventh Circuit stated this general rule in *U.S. v. Wright*, 57 F.3d 561, 562 (7th Cir. 1995), where it stated that:

> The automatic stay does not apply to guarantors, sureties, insurers, partners, and other persons liable on the debt.

(*See also*, *In Re Petroleum Piping Contractors, Inc.*, 211 BR 290, 305 (N.D. Ind. 1997).)

14.     The court in the case of *In re Capitol-York Constr. Corp.,* 43 B.R. 52 (Bankr. S.D.N.Y. 1984), dealt with a situation where the debtor-contractor sought a declaratory judgment to the effect that a subcontractor was prohibited by reason of the automatic stay from bringing a claim against the debtor's surety.  The court held that:

> Generally, the courts have held that the automatic stay applies only to debtors and that non-debtor co-defendants are not entitled to the benefit of the stay.  [Citation deleted.]  **A subcontractor's action against a general contractor's surety … which was posted to protect materialmen for public works projects does not implicate Code § 362 because the bond is not property of the debtor's estate**. [Citation deleted.]  (*Id.* at 56-57; emphasis added.)

So, too, in this instance, the fact that the Mechanics Lien Plaintiffs may, if they are successful in obtaining a judgment against Apartments, then proceed against the Surety does not warrant the imposition of a stay.

15.     A similar result was obtained in the case of *Matter of Lockard*, 884 F.2d 1171 (9th Cir. 1989).  In that case, a creditor of a contractor had brought suit in state court against the contractor's license bond.  In Arizona, a contractor was required to post a license bond as security for the payment of its subcontractors and suppliers.  A supplier of the bankrupt contractor brought a claim against a non-debtor third-party surety who had posted a bond for the contractor's license. The debtor had collateralized the bond with a commercial real property owned by the debtor.  The bankrupt contractor contended that the automatic stay provisions of the Bankruptcy Act prohibited the supplier from proceeding with an action against the surety.  The court rejected this argument out of hand.  The court found that:

> … The 'overwhelming weight of authority' under both the Bankruptcy Act and Code holds that a contractor has no property interest in a surety bond issued by a third-party to guaranty the contractor's performance on its commercial or personal services contracts. (*Id.* at 1177.)

The court also noted that:

> **… it … would be unfair to creditors, similarly to shelter the property of sureties who have undertaken obligations for the benefit of those creditors**. (*Id.* at 1178; emphasis added.)

The court in *Lockard* did recognize that there were certain cases which found an "unusual situation" which warranted the extension of the stay to non-debtor third parties.  However, the court went on to hold that such an "unusual situation" would not apply with respect to a claim against the bankrupt's surety because:

> … a surety has obligations that are 'independent' and primary, not derivative of those of the debtor.  (*Id.* at 1179.)

Ultimately, the court held that the suppliers' lawsuit against the surety was not subject to the automatic stay.

16.     More recently, this principle, that the stay should not be extended to sureties, was reaffirmed in the case of *Empire Enterprises JKB, Inc. v. Union City Contractors, Inc.*, 660 F. Supp. 2d 492 (W.D.N.Y. 2009). In that case, a contractor had brought a claim against the bankrupt debtor's surety. The court, citing *In re Capitol-York Constr. Corp.*, held that:

> **The automatic stay does not apply, however, to claims against the bankrupt debtor's sureties. [Citation deleted.] Thus, [the contractor's] claim against [the surety] under the payment bond may proceed without violating the stay.**
> (*Id.* at 495-496; emphasis added.)

The court noted that the whole point of providing a surety bond was to assure that persons supplying labor and materials should be protected. It would make absolutely no sense for a court to extend the automatic stay in order to benefit a surety who had knowingly undertaken to pay the debtor's obligations and where the contractors providing goods and services had relied upon the existence of that surety.

17.     In sum, the lawsuits brought by the Mechanics Lien Plaintiffs are not actions which are or should be subject to the automatic stay. Even assuming that the Mechanics Lien Plaintiffs obtain a judgment against Apartments and that they bring an action against the Surety for payment, that action should not be stayed. The action of the Surety against Maeve and Martin NV in which the bankrupt owns an interest may be subject to the stay, but that is an issue for another day which does not involve the Mechanics Lien Plaintiffs.

18.     In this situation, it is clear that (i) the Debtor does not have an equity interest in the liened property or the surety bond, and (ii) the liened property, in which the Debtor has no interest, is not necessary for an effective reorganization by the Debtor. Accordingly, pursuant to 11 U.S.C. § 362(d)(2), the automatic stay should be either annulled or lifted.

**Conclusion**

19.     The Mechanics Lien Plaintiffs respectfully request this Court to enter an order confirming that the automatic stay does not apply to the lawsuits filed by them against SP/RPA 1325 Apartments, LLC; alternatively, the Mechanics Lien Plaintiffs request that the automatic stay be lifted with respect to their lawsuits.  (The Court's order should provide that the Mechanics Lien Plaintiffs are permitted to proceed with their lawsuits against SP/RPA 1325 Apartments, LLC, which lawsuits are identified by case number in paragraph 7 above.)

Respectfully submitted,

By: */s/ James E. Dahl*
One of the Attorneys for Windward Roofing & Construction, Inc.

James E. Dahl (0568724)
Jacob P. Wright (6342602)
Dahl & Bonadies, LLC
630 Dundee Road, Suite 425
Northbrook, IL  60062
312-641-3245
jdahl@dahlfirm.com
jwright@dahlfirm.com

Respectfully submitted,

By:     *Joseph P. Sauber*
One of the Attorneys for Vision Electric and Power Systems, Inc.

Respectfully submitted,

By:     *John J. Foley*
One of the Attorneys for Triton Plumbing, LLC

Respectfully submitted,

By:     *Thomas T. Boundas*
One of the Attorneys for OHI, LLC

# EXHIBIT

# A

FILED
2/28/2024 5:36 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2018CH07899
Calendar, 54
26608095

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION
## MECHANICS LIEN SECTION

LAB DEVELOPMENT LLC d/b/a Connexion,

                                           Plaintiff,

vs.

SP/RPA 1325 APARTMENTS LLC, et al.,

                                           Defendants.

Case No. 2018 CH 07899
Consolidated with:
2019 CH 02973
2019 CH 10207
2020 CH 06864
2020 CH 07041

Calendar 54
Judge Daniel Patrick Brennan

## EMERGENCY MOTION TO STAY PROCEEDINGS

NOW COMES the Defendant, SP/RPA 1325 APARTMENTS LLC, by its attorneys,

JONES ADVOCATE GROUP, INC., and moves this Court to stay the proceedings pending

before this Court, subject to further order by the United States Bankruptcy Court for the Northern

District of Illinois, Eastern Division, Case No. 23 B 16481, on the following grounds:

1. This case is a consolidated mechanics lien foreclosure proceeding, with four (4)

   remaining mechanics lien claims:

   > Triton Plumbing, Inc.
   > Vision Electric and Power Systems, Inc.
   > Windward Roofing & Construction, Inc.
   > OHI, LLC

2. On October 13, 2021, Defendant, SP/RPA 1325 APARTMENTS LLC, filed a

   Verified Petition to Substitute Bond for Lien, pursuant to the provisions of Section

   38.1 of the Illinois Mechanics Lien Act, 770 ILCS 60/38.1.

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

3. The following documents were executed in support of Defendant's Verified Petition:

    (a) General Agreement of Indemnity dated October 12, 2021 between Endurance American Insurance Company, Lexon Insurance Company, and Bond Safeguard Insurance Company (collectively referred to as "Surety") and Martin NV II, Inc., SP/RPA 1325 Apartments LLC and Maeve, LLC – Series A (collectively referred to as "Indemnitors"), a copy of which is attached hereto as Exhibit "A";

    (b) Surety Bonds in Lieu of Mechanics Lien Claims Pursuant to 770 ILCS 60/38.1 (collectively referred to as "Surety Bonds"), including Surety Bonds in favor of the foregoing mechanics lien claimants: Triton Plumbing, LLC, Vision Electric & Power Systems, LLC, Windward Roofing & Construction, Inc. and OHI, LLC, copies of which are attached hereto as Group Exhibit "B".

4. On January 18, 2022, this Court entered an Order granting Defendants Verified Petition to Substitute Bond for Lien, a copy of which is attached hereto as Exhibit "C".

5. On December 8, 2023, Frank Martin Paris, Jr. (the "Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 23 B 16481, a copy of which is attached hereto as Exhibit "D".

6. The Chapter 7 Trustee assigned to the Debtor's Bankruptcy Estate is Ira Bodenstein.

7. The Debtor's Bankruptcy Estate includes Martin NV II, Inc. and Meave, LLC – Series A, both of which are Indemnitors.

8. In the event that this Court enters judgment in favor of any of the foregoing mechanics lien claimants, the Surety will be required to pay the judgment and will attach the assets of the Indemnitors, which will diminish the assets of the Debtor's Bankruptcy Estate.

2

9. Section 362 of the Bankruptcy Code, 11 U.S.C.A. Sec.362. prohibits any act to obtain

property of or from the bankruptcy estate without prior order of the Bankruptcy

Court, after notice to all interested parties:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of:
(1) The commencement or continuation, including the issuance or employment of process, or a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title;
(2) The enforcement, against the debtor or against property of the estate, or a judgment obtained before the commencement of the case under this title;
(3) Any act to obtain possession of property of the estate or of property from the estate or to exercise or to exercise control over property of the estate;
(4) Any act to create, perfect, or enforce any lien against property of the estate;
(5) Any  act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;"

         \*         \*         \*

10. Illinois courts have held that actions taken by any party in violation of the Section

362 automatic stay are void. *Cohen v. Salata*, 303 Ill. App. 3d 1060, 1065, 709 N.E.

2d 668 (1st Dist. 1999), citing *Kalb v. Feuerstein*, 308 U.S. at 418-39, 60 S. Ct. 343

(1940):

"The weight of Federal authority supports the conclusion that actions taken in violation of the automatic stay provisions of section 362 are void.  See also 3 Collier on Bankruptcy Sec. 362.11(1) (15th ed. rev. 1997)."

11. It is the obligation of the mechanics lien claimants to bring appropriate motions

before the Bankruptcy Court to modify the Section 362 automatic stay before

proceeding to judgment which will result in the attachment of assets of the

Bankruptcy Estate.

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

WHEREFORE Defendant, SP/RPA 1325 APARTMENTS, LLC, respectfully requests that this Court enter an Order staying further proceedings, subject to modification of the Section 362 automatic stay in the Bankruptcy Case filed by the Debtor, FRANK MARTIN PARIS, JR., and granting such other and further relief as may be just in the premises.

 

                                                       **SP/RPA 1325 APARTMENTS, LLC**

Richard C. Jones, Jr., Esq.
*JONES ADVOCATE GROUP, INC.*
790 Estate Drive, Suite 200
Deerfield, Illinois 60015                    By:    /s/Richard C. Jones, Jr.
(312) 909-7900                                 RICHARD C. JONES, JR.
Attorney No. 53725

4

# EXHIBIT A

FILED DATE: 2/28/2024 5:36 PM   2018CH07899


**SOMPO INTERNATIONAL**

## GENERAL AGREEMENT OF INDEMNITY
### (Commercial Surety Short Form)

This General Agreement of Indemnity (the "Agreement") is effective as of the ___12___ day of ____October, 2021_____undersigned (individually, jointly, and severally, the "Indemnitor"), and the Indemnitor's present and future subsidiaries, affiliates, successors, executors, trustees, personal representatives and assigns, including any co-principals, partners or joint ventures of any Indemnitor, and by one or more of the bonding companies known as Endurance Assurance Corporation, Endurance American Insurance Company, Lexon Insurance Company, and Bond Safeguard Insurance Company (individually and collectively, the "Surety"), for the purposes set forth herein and for the continuing benefit of the Surety.

In consideration of the execution of any surety undertaking, guaranty or other contractual obligation undertaken or procured by the Surety and/or with any co-surety or additional surety on behalf of or at the request of any Indemnitor, either before or after the date of this Agreement, and any renewal, amendment, alteration, continuation, extension or substitution thereof ("Bond") for any Indemnitor, including any Bond on which any Indemnitor appears alone or with others, and as an inducement to the Surety to execute any Bond, and for other good and valuable consideration, each Indemnitor agrees individually, jointly, and severally as follows:

1.    **PREMIUM.** The Indemnitor shall pay all premiums and costs charged by the Surety for any Bond, including initial, renewal, continuation, and additional premiums thereon, computed according to current rate charges, until satisfactory proof is furnished to the Surety of the Surety's discharge or release from liability under such Bond. The Indemnitor acknowledges that the initial premium on every Bond is fully earned upon execution of the Bond and, if a premium is not paid when due, it shall bear interest at the rate of six percent per annum.

2.    **INDEMNIFICATION.** The Indemnitor shall, upon demand from the Surety, promptly indemnify, exonerate, reimburse and hold the Surety harmless from and against any and all liability, damage, cost and expense of whatsoever kind or nature (cumulatively, "Loss") and pay the Surety for any Loss sustained or incurred in connection with the execution of any Bond or the failure of the Indemnitor to perform or comply with the covenants and conditions of this Agreement. An itemized statement of Loss by the Surety, sworn to by an officer of the Surety, shall be prima facie evidence of the fact and amount of the liability of the Indemnitor to the Surety. The Surety shall be entitled to receive interest at the rate of six percent per annum from the date of its payment of each Loss.

3.    **DISCHARGE AND COLLATERAL.** The Indemnitor shall, upon request of the Surety, procure the discharge of the Surety from any Bond and all liability or potential liability by reason thereof. If such discharge does not occur within 30 days, the Indemnitor shall, upon demand by the Surety, either deposit collateral with the Surety in a form and type acceptable to the Surety and in an amount sufficient in the Surety's sole discretion to cover all exposure to loss under any such Bond, or make other provisions acceptable to Surety for the funding of the bonded obligations. The Indemnitor acknowledges that the failure to deposit the sums demanded as collateral security shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law, so that the Surety shall be entitled to injunctive relief for specific performance of this obligation of the Indemnitor.

4.    **DECLINE EXECUTION.** The Surety shall have the right at its option and at its sole discretion to issue, or cancel or decline the execution of, any Bond or change or renewal of any existing Bond without affecting the liability of the Indemnitor under this Agreement.

Rev. 7/19

FILED DATE: 2/28/2024 5:36 PM    2018CH07899

5.    **CLAIM SETTLEMENT.** The Surety shall have the exclusive right for itself and any Indemnitor to determine whether a claim or liability involving any Bond shall be settled, compromised, paid, defended, prosecuted or appealed, and take any action it may deem necessary or expedient in handling any claim. The Surety's decisions shall be binding and conclusive upon the Indemnitor, irrespective of any offer from the Indemnitor to assume the defense of the Surety upon such Claim.

6.    **REMEDIES UPON DEFAULT.** In the event of a default or breach with respect to any of the Indemnitor's obligations under any Bond, the Surety or a designated representative of the Surety shall have the right, at its option and in its sole discretion, with or without exercising any other right or option conferred upon it by law or the terms of this Agreement, and is hereby authorized by each Indemnitor: (1) to take possession of any part or all of the work, including equipment, materials and supplies, under any contract covered by a Bond and to complete or arrange for the completion of the same; (2) to take over the control of all funds, including accounts receivable, on any contract covered by a Bond; (3) to take possession of the office equipment, computer programs, disks, and books and records as are necessary or useful for the completion of any contract covered by a Bond; and (4) to take any other action that the Surety may deem appropriate to obtain a discharge of the Surety's obligations, all at the expense of the Indemnitor.

7.    **INVALIDITY AND WAIVERS.** If any Indemnitor fails to execute this Agreement or if any Indemnitor's execution is invalid, such failure or invalidity shall not affect the validity of this Agreement or the liability hereunder of any other Indemnitor. Each Indemnitor waives and subordinates the rights of indemnity, subrogation, contribution or collection against any other Indemnitor or its property until the obligations of each Indemnitor to the Surety under this Agreement have been satisfied in full. Each Indemnitor waives notice of the execution of any Bond for any Indemnitor; the taking or failing to take or the release of any security, Collateral, or assignment of an Indemnitor; the settlement or partial settlement with any Indemnitor; or the addition of a new Indemnitor. The Surety is expressly authorized to settle with any one or more Indemnitor individually, without reference to the others, and such settlement shall not affect the liability of any of the others. The Surety's failure to act to enforce any of its rights under this Agreement shall not be construed as a waiver of any of its rights.

8.    **RIGHT TO INFORMATION.** Until the Surety's exposure to liability under every Bond has terminated, the Surety shall have unrestricted access to any and all books, records, trust funds, accounts, documents, or other information pertaining to the financial affairs or operations of the Indemnitor, including the right to obtain credit or other investigative reports, and any bank depository, supplier, subcontractor, obligee, government entity, creditor, accountant or other person or entity is hereby authorized to furnish the Surety any information requested..

9.    **TERMINATION BY INDEMNITOR.** This Agreement is a continuing obligation of each Indemnitor, but may be terminated prospectively upon thirty days' written notice sent to the Surety by certified mail to its office at 12890 Lebanon Road, Mount Juliet, TN 37122. Such notice of termination shall not operate to modify, bar or discharge the Indemnitor as to any obligation under any Bond that has been executed prior to the end of the thirty-day notice period. Such notice of termination by a particular Indemnitor shall not constitute notice by any other Indemnitor and shall in no way affect the continuing obligations of any other Indemnitor that has not given such notice.

10.    **APPLICATION OF LAW, JURISDICTION AND WAIVER OF JURY TRIAL.** This Agreement is governed by the laws of the State of New York without regard to conflict of law rules. Each Indemnitor agrees to submit itself to personal jurisdiction and venue in County of New York and in the United States District Court for the Southern District of New York (if appropriate), and in whatever other jurisdiction in which the Surety sustains or pays any loss for which the Indemnitor is liable hereunder, and in whatever jurisdiction the Surety may be sued or required to arbitrate as a consequence of its having issued any Bond. Each Indemnitor waives any defense based upon alleged lack of personal jurisdiction, improper

Rev. 7/19

venue or forum non convenience.

**THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION TO ENDORSE OR DEFEND ANY MATTER ARISING FROM OR RELATING TO THIS AGREEMENT, INCLUDING CLAIMS AGAINST PERSONS OR ENTITIES WHO ARE NOT PARTIES TO THIS AGREEMENT.**

**11.    CUMULATIVE RIGHTS.** The rights of the Surety under this Agreement are cumulative, and are in addition to and not in lieu of any other rights the Surety may have with respect to the Indemnitor under any prior agreement of indemnity, other agreement, or operation of law.

**12.    JOINT AND SEVERAL LIABILITY.** The obligations of each Indemnitor under this Agreement are individual, joint and several. The Surety may bring separate suits against any or all of them as causes of action may accrue hereunder. The Surety need not proceed first against any one Indemnitor, or any third party, or exhaust or avail itself of any other legal remedy or of any collateral.

**13.    REPRESENTATIONS AND WARRANTIES.** Each Indemnitor represents, warrants and agrees that they have the full power and authority to execute, deliver and perform this Agreement and to carry out the   obligations stated herein, and that the execution, delivery, and performance of their duties and obligations pursuant to this Agreement have been duly authorized by all necessary corporate action.

**14.    AMENDMENTS.** This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed by an officer of the Surety.

**15.    COUNTERPARTS.** This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one agreement. A duplicate or facsimile copy or electronic reproduction of the original document shall have the same force and effect as the original.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date and year first written above.

[Signature Pages Follow]

Rev. 7/19

**If Indemnitor is a Corporation, Limited Liability Company or Partnership, sign below:**

Instructions: If the entity is: 1) a corporation the secretary and an authorized officer should sign on behalf of the corporation, 2) a limited liability company the manager(s) or member(s) should sign on behalf of the LLC; or 3) a partnership the partner(s) should sign on behalf of the partnership. Two signatures are required for all entities and each indemnitors' signature must be notarized and dated. However, if the corporation or entity has only one officer, only that officer's signature is required and attestation to the officer's signature by a non-officer is acceptable. Please provide the entity's federal tax identification number on the line provided.

**(ALL SIGNATURES MUST BE ACKNOWLEDGED AND NOTARIZED BELOW)**

ATTEST: _____     INDEMNITOR: _____

                                                **Martin NV II, Inc.**

By: _____     By: _____

Name: Noah Johnson     Name: F. Martin Paris, Jr.

Title: Witness     Title: President

                                        Taxpayer ID #: 27-1253758

                                        State of Incorporation: Nevada

Indemnitor Address: _____ 1525 W Homer, #401, Chicago, IL 60642

**ACKNOWLEDGEMENT**

STATE OF              )

                         ) SS:

COUNTY OF         )

On this __12__ day of _October_ _____ in the year __2021__ _____ before me personally appeared _____ F. Martin Paris, Jr. _____, known or proven to me to be the _____ President _____
of Martin NV II, Inc., the entity executing the above General Agreement of Indemnity (Commercial Surety Short Form), who acknowledged to me that said instrument is the free and voluntary act and deed of said Entity, for the uses and purposes therein mentioned and on oath that he/she executed said instrument by authority of the Entity.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

                                   _Elizabeth Cohen_ _____

(Notary Seal)                  Signature of Notary Public

ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

Residing at _____

             1|24|23

My Commission expires

Rev. 7/19

**(ALL SIGNATURES MUST BE ACKNOWLEDGED AND NOTARIZED BELOW)**

ATTEST: _____

INDEMNITOR: _____
          **SP/RPA 1325 Apartments, LLC**
By: SP/RPA 1325 Holdings, LLC
Its: Sole member
By: 1325 N Wells, LLC
Its: Authorized member
By: PMF Manager Corp,
Its: Manager

By: _____
Name: Noah Johnson
Title: Witness

By: _____
Name: F. Martin Paris, Jr.
Title: President
Taxpayer ID #: 47-4282614
State of Incorporation: Delaware

Indemnitor Address: _____ 1525 W Homer, #401, Chicago, IL 60642

## ACKNOWLEDGEMENT

STATE OF              )
                     ) SS:
COUNTY OF        )

On this __12__ day of __October__ in the year __2021__ before me personally appeared
_____ F. Martin Paris, Jr. _____, known or proven to me to be the
_____ President & Manager _____
of SP/RPA 1325 Apartments, LLC, the entity executing the above General Agreement of Indemnity
(Commercial Surety Short Form), who acknowledged to me that said instrument is the free and voluntary
act and deed of said Entity, for the uses and purposes therein mentioned and, on oath that he/she executed
said instrument by authority of the Entity.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year
first above written.

_____ Elizabeth Cohen _____
Signature of Notary Public

(Notary Seal)

ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

Residing at _____

_____ 1|24|23 _____
My Commission expires

Rev. 7/19

**(ALL SIGNATURES MUST BE ACKNOWLEDGED AND NOTARIZED BELOW)**

ATTEST: _____     INDEMNITOR: _____

                                                    Maeve, LLC - Series A

By: _____          By: _____
Name: Noah Johnson                    Name: F. Martin Paris, Jr.
Title: Witness                        Title: Member
                                      Taxpayer ID #: 27-1637882
                                      State of Incorporation: Delaware

Indemnitor Address: _____ 1525 W Homer, #401, Chicago, IL 60642

## ACKNOWLEDGEMENT

STATE OF                    )
                           ) SS:
COUNTY OF                   )

On this ___12___ day of ___October_____ in the year ___2021___ before me personally appeared
_____ F. Martin Paris, Jr. _____, known or proven to me to be the
_____ Member _____
of Maeve, LLC - Series A, the entity executing the above General Agreement of Indemnity (Commercial
Surety Short Form), who acknowledged to me that said instrument is the free and voluntary act and deed
of said Entity, for the uses and purposes therein mentioned and on oath that he/she executed said instrument
by authority of the Entity.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year
first above written.

                         _Elizabeth Cohen_____
                         Signature of Notary Public

(Notary Seal)

                         Residing at _____

┌─────────────────────┐
│   ELIZABETH COHEN    │      _1/24/23_____
│    OFFICIAL SEAL     │      My Commission expires
│ Notary Public, State of Illinois │
│ My Commission Expires │
│     Jan 24, 2023     │
└─────────────────────┘

Page 6 of 6

Rev. 7/19

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

# EXHIBIT B

FILED DATE: 2/28/2024 5:36 PM  2018CH07899
FILED DATE: 2/23/2022 12:44 PM  2018CH07899

[The above space for Recorder's use only]

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION
## MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION

)
)
)
)
)
)     Bond No. EACX4019745
)

### SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, Triton Plumbing, LLC (name of lien claimant) ("Claimant") whose address is 16350 105th Court, Orland Park, Illinois 60467, on August 11, 2020 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 2022413075 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address          1325 N. Wells Street, Chicago IL 60610
Permanent tax number 17-04-215-053-0000 ,   17-04-215-054-0000, and  17-04-215-018-0000; and

WHEREAS,  SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1; and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety"), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $555,591.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

Page 1 of 2

FILED DATE: 2/28/2024 5:36 PM   2018CH07899
FILED DATE: 2/23/2022 12:44 PM   2018CH07899

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at <u>Chicago</u>, Illinois, on the <u>12th</u> day of <u>October</u> of 20<u>21</u>.

SP/RPA 1325 Apartments, LLC

By: _____
    F. Martin Paris, its Authorized Representative

Endurance Assurance Corporation

By: _____
    Josefina Rojo, Attorney in Fact

State of Illinois        )
                         ) SS:
County of _____Cook____  )

I, the undersigned, a notary public of this County and State aforesaid, certify that on the <u>12th</u> day of <u>October</u>, 20<u>21</u>, before me personally appeared <u>F. Martin Paris, its Authorized Representative</u>, authorized agent of the Principal, and <u>see attached</u>, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses and purposes therein mentioned.

_____
Notary Public

ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

Page 2 of 2

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899



# SOMPO INTERNATIONAL
INSURANCE

# POWER OF ATTORNEY
## 2697

KNOW ALL BY THESE PRESENTS, that Endurance Assurance Corporation, a Delaware corporation, Endurance American Insurance Company, a Delaware corporation, Lexon Insurance Company, a Texas corporation, and/or Bond Safeguard Insurance Company, a South Dakota corporation, each, a "Company" and collectively, "Sompo International," do hereby constitute and appoint: John P. Harney, Jacquelyn M. Norstrom, Josefina Rojo, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff as true and lawful Attorney(s)-in-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety, bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached:

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers and its corporate seal to be affixed this 15th day of June, 2019.

| Endurance Assurance Corporation | Endurance American Insurance Company | Lexon Insurance Company | Bond Safeguard Insurance Company |
|---|---|---|---|
| By: _Richard M Appel_ | By: _Richard M Appel_ | By: _Richard M Appel_ | By: _Richard M Appel_ |
| Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel |

### ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is/are officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: _Amy Taylor_
Amy Taylor, Notary Public My Commission Expires 5/9/23

### CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this ___12th___ day of ___October___ 20 21 .

By: _____
Daniel S. Lane, Secretary

### NOTICE: U. S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

**Any reproductions are void.**
Surety Claims Submission: LexonClaimAdministration@sompo-intl.com
Telephone: 615-553-9500 Mailing Address: Sompo International; 12890 Lebanon Road; Mount Juliet, TN 37122-2870

State of Illinois
County of Cook

On this ___12th___ day of ___October___ ___2021,___ before me personally appeared
_____Josefina Rojo_____ , known to me to be the Attorney-in-fact of
_____Endurance Assurance Corporation_____ , the corporation that executed the
within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

```
OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23
```

*M Labn*

(Notary Public)

(Seal)

FILED DATE: 2/28/2024 5:36 PM   2018CH07899
FILED DATE: 2/23/2022 12:44 PM   2018CH07899

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**
**MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION**

)
)
)
)
)
)        Bond No. EACX4019746
)

### SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, Triton Plumbing, LLC (name of lien claimant) ("Claimant") whose address is 16350 105th Court, Orland Park, Illinois 60467, on August 11, 2020 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 2022413074 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address          1325 N. Wells Street, Chicago IL 60610
Permanent tax number 17-04-215-053-0000 , 17-04-215-054-0000, and 17-04-215-018-0000; and

WHEREAS, SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1; and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety"), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $5,250.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at Chicago, Illinois, on the 12th day of October of 2021.

SP/RPA 1325 Apartments, LLC

By:_____
F. Martin Paris, Its Authorized Representative

Endurance Assurance Corporation

By:_____
Josefina Rojo, Attorney in Fact

State of Illinois        }
                         ) SS:
County of____Cook____)

I, the undersigned, a notary public of this County and State aforesaid, certify that on the 12th day of October, 2021, before me personally appeared __F. Martin Paris, Its Authorized Representative__, authorized agent of the Principal, and__see attached__, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses purposes therein mentioned.

_____
Notary Public

**ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023**

Page 2 of 2

FILED DATE: 2/28/2024 5:36 PM   2018CH07899
FILED DATE: 2/23/2002 12:44 PM   2018CH07899

 **SOMPO INTERNATIONAL**
INSURANCE

# POWER OF ATTORNEY
## 2697

KNOW ALL BY THESE PRESENTS, that **Endurance Assurance Corporation**, a Delaware corporation, **Endurance American Insurance Company**, a Delaware corporation, **Lexon Insurance Company**, a Texas corporation, and/or **Bond Safeguard Insurance Company**, a South Dakota corporation, each, a "Company" and collectively, "**Sompo International**," do hereby constitute and appoint: **John P. Harney, Jacquelyn M. Norstrom, Josefina Roja, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff** as true and lawful Attorney(s)-in-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety; bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

| Endurance Assurance Corporation | Endurance American Insurance Company | Lexon Insurance Company | Bond Safeguard Insurance Company |
|---|---|---|---|
| By: *Richard M Appel* | By: *Richard M Appel* | By: *Richard M Appel* | By: *Richard M Appel* |
| Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel |

(SEAL 2002 DELAWARE) (SEAL 1996 DELAWARE) (SEAL) (SOUTH DAKOTA INSURANCE COMPANY)

## ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is/are the officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: *Amy Taylor*

Amy Taylor, Notary Public - My Commission Expires 5/8/23

## CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. That the following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this ___12th___ day of ___October___ , 20 _21_.

By: _____

Daniel S. Lehe, Secretary

## NOTICE: U.S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

**Any reproductions are void.**
Surety Claims Submission: LexonClaimAdministration@sompo-intl.com
Telephone: 615-553-9500   Mailing Address: Sompo International; 12890 Lebanon Road; Mount Juliet, TN 37122-2870

FILED DATE: 2/28/2024 5:36 PM   2018CH07899
FILED DATE: 2/23/2022 12:44 PM   2018CH07899

State of Illinois
County of Cook

On this ___12th___ day of ___October___ ___2021,___ before me personally appeared
_____Josefina Rojo_____ , known to me to be the Attorney-in-fact of
_____Endurance Assurance Corporation_____ , the corporation that executed the
within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

```
OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23
```

_M. Labno_

(Notary Public)

(Seal)

FILED DATE: 2/28/2024 5:36 PM  2018CH07899
FILED DATE: 2/23/2022 12:44 PM  2018CH07899

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION
## MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION

)
)
)
)
)
)          Bond No. EACX4019747
)

### SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, Vision Electric & Power Systems, LLC (name of lien claimant) ("Claimant") whose address is 650 Grand Avenue, Suite 110, Elmhurst, Illinois, on May 22, 2018 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 1814219024 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address_____ 1325 N. Wells Street, Chicago IL 60610
Permanent tax number 17-04-215-053-0000 , 17-04-215-054-0000, and 17-04-215-018-0000; and

WHEREAS, SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1; and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety"), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $150,988.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

Page 1 of 2

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at Chicago, Illinois, on the 12th day of October of 2021.

SP/RPA 1325 Apartments, LLC

By: _____
F. Martin Paris, its Authorized Representative

Endurance Assurance Corporation

By: _____
Josefina Rojo, Attorney in Fact

State of Illinois      )
                       ) SS:
County of ____Cook____ )

I, the undersigned, a notary public of this County and State aforesaid, certify that on the 12th day of October, 2021, before me personally appeared __F. Martin Paris, its Authorized Representative__, authorized agent of the Principal, and __see attached__, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses purposes therein mentioned.

_____
Notary Public

ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

Page 2 of 2

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899



# SOMPO INTERNATIONAL

# POWER OF ATTORNEY
## 2697

KNOW ALL BY THESE PRESENTS, that Endurance Assurance Corporation, a Delaware corporation, Endurance American Insurance Company, a Delaware corporation, Lexon Insurance Company, a Texas corporation, and/or Bond Safeguard Insurance Company, a South Dakota corporation, each, a "Company" and collectively, "Sompo International," do hereby constitute and appoint John P. Harney, Jacquelyn M. Norstrom, Josefina Rojo, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff as true and lawful Attorney(s)-In-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety; bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

| Endurance Assurance Corporation | Endurance American Insurance Company | Lexon Insurance Company | Bond Safeguard Insurance Company |
|---|---|---|---|
| By: _Richard M Appel_ | By: _Richard M Appel_ | By: _Richard M Appel_ | By: _Richard M Appel_ |
| Richard Appel; SVP & Senior Counsel | Richard Appel; SVP & Senior Counsel | Richard Appel; SVP & Senior Counsel | Richard Appel; SVP & Senior Counsel |

SEAL 2002 DELAWARE

SEAL 1996 DELAWARE

SEAL STATE OF TEXAS

A SOUTH DAKOTA INSURANCE COMPANY

## ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is/are an officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: _Amy Taylor_



Amy Taylor, Notary Public - My Commission Expires 5/9/23

STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

## CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this _12th_ day of _October_ 20_21_.

By: _____
Daniel S. Lane, Secretary

## NOTICE: U. S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

**Any reproductions are void.**

Surety Claims Submission: LexonClaimAdministration@sompo-intl.com

Telephone: 615-553-9500 Mailing Address: Sompo International; 12890 Lebanon Road, Mount Juliet, TN 37122-2870

State of Illinois
County of Cook

On this ____12th____ day of ____October____ ____2021,____ before me personally appeared
_____Josefina Rojo_____ , known to me to be the Attorney-in-fact of
_____Endurance Assurance Corporation_____ , the corporation that executed the
within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23

M Labn
_____
(Notary Public)

(Seal)

FILED DATE: 2/28/2024 5:36 PM  2018CH07899
FILED DATE: 2/23/2022 12:44 PM  2018CH07899

1

(The above space for Recorder's use only)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION
## MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION

)
)
)
)
)
)      Bond No. __EACX4019748__
)

### SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, Windward Roofing & Construction, Inc. (name of lien claimant) ("Claimant") whose address is 919 S Sacramento, Chicago, Illinois 60612, on November 29, 2018 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 1833319172 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address____ 1325 N. Wells Street, Chicago IL 60610
Permanent tax number 17-04-215-053-0000 , 17-04-215-054-0000, and  17-04-215-018-0000; and

WHEREAS, SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1; and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety"), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $148,315.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

Page 1 of 2

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at Chicago, Illinois, on the 12th day of October of 2021.

SP/RPA 1325 Apartments, LLC

By:_____
   F. Martin Paris, its Authorized Representative

Endurance Assurance Corporation

By:_____
   Josefina Rojo, Attorney in Fact

State of Illinois      )
                       ) SS:
County of____Cook____ )


I, the undersigned, a notary public of this County and State aforesaid, certify that on the 12th day of October, 2021, before me personally appeared ___F. Martin Paris, its Authorized Representative___, authorized agent of the Principal, and ___see attached___, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses purposes therein mentioned.

_____
Notary Public

ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

Page 2 of 2



# POWER OF ATTORNEY
## 2697

FILED DATE: 2/28/2024 5:36 PM    2018CH07899
FILED DATE: 2/23/2022 12:44 PM    2018CH07899

KNOW ALL BY THESE PRESENTS, that Endurance Assurance Corporation, a Delaware corporation, Endurance American Insurance Company, a Delaware corporation, Lexon Insurance Company, a Texas corporation, and/or Bond Safeguard Insurance Company, a South Dakota corporation, each, a "Company" and collectively, "Sompo International," do hereby constitute and appoint John P. Henry, Jacquelyn M. Norstrom, Josefina Rojo, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff as true and lawful Attorney(s)-In-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety, bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company or any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

**Endurance Assurance Corporation**
By: _Richard M. Appel_
Richard Appel, SVP & Senior Counsel

**Endurance American Insurance Company**
By: _Richard M. Appel_
Richard Appel, SVP & Senior Counsel

**Lexon Insurance Company**
By: _Richard M. Appel_
Richard Appel, SVP & Senior Counsel

**Bond Safeguard Insurance Company**
By: _Richard M. Appel_
Richard Appel, SVP & Senior Counsel

## ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is/are officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: _Amy Taylor_
Amy Taylor, Notary Public & My Commission Expires 5/9/23

## CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this ___12th___ day of ___October___ 20_21_.

By: _Daniel S. Lane_
Daniel S. Lane, Secretary

## NOTICE: U. S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

**Any reproductions are void.**
Surety Claims Submission: LexonClaimAdministration@sompo-intl.com
Telephone: 615-553-9500    Mailing Address: Sompo International; 12890 Lebanon Road; Mount Juliet, TN 37122-2870

State of Illinois
County of Cook

On this _____ 12th _____ day of _____ October _____ 2021, before me personally appeared
_____ Josefina Rojo _____ , known to me to be the Attorney-in-fact of
_____ Endurance Assurance Corporation _____ , the corporation that executed the
within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23

_____
(Notary Public)

(Seal)

(The above space for Recorder's use only)

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**
**MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION**

)
)
)
)
)
)     Bond No. EACX4019744
)

## SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, OHi, LLC (name of lien claimant) ("Claimant") whose address is 106 Garlisch Drive, Elk Grove Village, Illinois, on July 7, 2020 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 2018933059 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address _____ 1325 N. Wells Street, Chicago IL 60610
Permanent tax number 17-04-215-053-0000 , 17-04-215-054-0000, and 17-04-215-018-0000; and

WHEREAS, SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1: and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $104,909.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

FILED DATE: 2/28/2024 5:36 PM  2018CH07899
FILED DATE: 2/23/2022 12:44 PM  2018CH07899

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at <u>Chicago</u>, Illinois, on the <u>12th</u> day of <u>October</u> of 20<u>21</u>.

SP/RPA 1325 Apartments, LLC

By: _____
    F. Martin Paris, its Authorized Representative

Endurance Assurance Corporation

By: _____
    Josefina Rojo, Attorney in Fact

State of Illinois      )
                 ) SS:
County of_____Cook____)

    I, the undersigned, a notary public of this County and State aforesaid, certify that on the <u>12th</u> day of <u>October</u>, 20<u>21</u>, before me personally appeared__<u>F. Martin Paris, its Authorized Representative</u>__, authorized agent of the Principal, and__<u>see attached</u>__, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses purposes therein mentioned.



Notary Public

Page 2 of 2

ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

FILED DATE: 2/28/2024 5:36 PM   2018CH07899
FILED DATE: 2/23/2022 12:44 PM   2018CH07899



# POWER OF ATTORNEY
## 2697

KNOW ALL BY THESE PRESENTS, that **Endurance Assurance Corporation**, a Delaware corporation, **Endurance American Insurance Company**, a Delaware corporation, **Lexon Insurance Company**, a Texas corporation, and/or **Bond Safeguard Insurance Company**, a South Dakota corporation, each, a "Company" and collectively, "**Sompo International**," do hereby constitute and appoint: John P. Harney, Jacquelyn M. Norstrom, Josefina Rojo, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff as true and lawful Attorney(s)-in-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety; bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

| Endurance Assurance Corporation | Endurance American Insurance Company | Lexon Insurance Company | Bond Safeguard Insurance Company |
|---|---|---|---|
| By: *Richard M Appel* | By: *Richard M Appel* | By: *Richard M Appel* | By: *Richard M Appel* |
| Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel; SVP & Senior Counsel |

### ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is/are the officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: *Amy Taylor*

Amy Taylor, Notary Public - My Commission Expires 5/9/23

### CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof.

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this ___12th___ day of ___October___, 20_21_.

By: *Daniel S. Lane*

Daniel S. Lane, Secretary

### NOTICE: U. S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

**Any reproductions are void.**

Surety Claims Submission: LexonClaimAdministration@sompo-intl.com

Telephone: 615-553-9500   Mailing Address: Sompo International; 12890 Lebanon Road; Mount Juliet, TN 37122-2870

FILED DATE: 2/28/2024 5:36 PM   2018CH07899
FILED DATE: 2/23/2022 12:44 PM   2018CH07899

State of Illinois
County of Cook

On this _____ 12th _____ day of _____ October _____ 2021, before me personally appeared

_____ Josefina Rojo _____ , known to me to be the Attorney-in-fact of

_____ Endurance Assurance Corporation _____ , the corporation that executed the

within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

```
OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23
```

_M Labn_
_____
(Notary Public)

(Seal)

[The above space for Recorder's use only]

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION
## MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION

)
)
)
)
)                    Bond No. __EACX4019742__
)

### SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, Home Town Painters, Inc. (name of lien claimant) ("Claimant") whose address is 119 South Emerson, Suite 251, Mt. Prospect, Illinois, on May 13, 2019 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 1913855533 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address        1325 N. Wells Street, Chicago IL 60610
Permanent tax number 17-04-215-053-0000 ;  17-04-215-054-0000, and  17-04-215-018-0000; and

WHEREAS, SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1; and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety"), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $1,794.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

Page 1 of 2

**EXHIBIT**
B

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at <u>Chicago</u>, Illinois, on the <u>12th</u> day of <u>October</u> of 20<u>21</u>.

SP/RPA 1325 Apartments, LLC

By: _____
     F. Martin Paris, its Authorized Representative

Endurance Assurance Corporation

By: _____
     Josefina Rojo, Attorney In Fact

State of Illinois      )
                       ) SS:
County of _____Cook____ )

I, the undersigned, a notary public of this County and State aforesaid, certify that on the <u>12th</u> day of <u>October</u>, 20<u>21</u>, before me personally appeared <u>F. Martin Paris, its Authorized Representative</u>, Principal, and <u>see attached</u>, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses purposes therein mentioned.

_____
Notary Public

Page 2 of 2



ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899



# SOMPO INTERNATIONAL
INSURANCE

# POWER OF ATTORNEY
2697

KNOW ALL BY THESE PRESENTS, that Endurance Assurance Corporation, a Delaware corporation, Endurance American Insurance Company, a Delaware corporation, Lexon Insurance Company, a Texas corporation, and/or Bond Safeguard Insurance Company, a South Dakota corporation, each, a "Company" and collectively, "Sompo International," do hereby constitute and appoint: John P. Harney, Jacquelyn M. Norstrom, Josefina Rojo, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff as true and lawful Attorney(s)-in-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety, bonds and undertakings given for any and all purposes, also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

**Endurance Assurance Corporation**
By: _Richard M Appel_
Richard Appel, SVP & Senior Counsel

**Endurance American Insurance Company**
By: _Richard M Appel_
Richard Appel, SVP & Senior Counsel

**Lexon Insurance Company**
By: _Richard M Appel_
Richard Appel, SVP & Senior Counsel

**Bond Safeguard Insurance Company**
By: _Richard M Appel_
Richard Appel, SVP & Senior Counsel

SEAL 2002 DELAWARE

SEAL 1996 DELAWARE

SEAL STATE OF TEXAS

SOUTH DAKOTA INSURANCE COMPANY

## ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they are an officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office under the by-laws of each Company.

By: _Amy Taylor_
Amy Taylor, Notary Public - My Commission Expires 5/5/23

## CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof;

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this _12th_ day of _October_, 20_21_.

By: _Daniel S. Lane_
Daniel S. Lane, Secretary

## NOTICE: U. S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, terrorist organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

Any reproductions are void.

Surety Claims Submission: LexonClaimAdministration@sompo-intl.com
Telephone: 615-553-9500 Mailing Address: Sompo International, 12890 Lebanon Road, Mount Juliet, TN 37122-2870

State of Illinois
County of Cook

On this ____12th____ day of ____October____ ____2021,__ before me personally appeared
_____Josefina Rojo_____ , known to me to be the Attorney-in-fact of
_____Endurance Assurance Corporation_____ , the corporation that executed the
within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

```
OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23
```

_____
(Notary Public)

(Seal)

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – CHANCERY DIVISION**
**MORTGAGE FORECLOSURE/MECHANICS LIEN SECTION**

)
)
)
)
)
)   Bond No. EACX4019743
)

## SURETY BOND IN LIEU OF MECHANIC LIEN CLAIM PURSUANT TO 770 ILCS 60/38.1

WHEREAS, Midwest Drywall Corporation (name of lien claimant) ("Claimant") whose address is 342 Gina Drive, New Lenox, Illinois, 60451, on May 14, 2019 recorded a Notice and Claim for Lien ("Claim") with the Cook County Recorder of Deeds as Document Number 1913408079 against the following described property ("Property") owned by SP/RPA 1325 Apartments, LLC (name(s) of owner(s))

LOTS 97, 98, AND 99 IN E.H SHELDON'S SUBDIVISION OF LOTS 61 TO 90 IN BRONSON'S ADDITION TO CHICAGO IN THE NORTHEAST QUARTER OF SECTION 4, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Common address _____ 1325 N. Wells Street, Chicago IL 60610 _____
Permanent tax number 17-04-215-053-0000 , 17-04-215-054-0000, and 17-04-215-018-0000; and

WHEREAS, SP/RPA 1325 Apartments, LLC (name of principal) ("Principal"), whose address is 1525 W. Homer #401, Chicago, IL 60642 (address of principal), desires to give a bond for releasing the Claim from the Property pursuant to 770 ILCS 60/38.1; and

WHEREAS, Principal has arranged for Endurance Assurance Corporation ("Surety"), whose address is 4 Manhattanville Road, Purchase, NY 10577 to act as surety on this surety bond.

NOW, THEREFORE, Principal and Surety hereby bind themselves to the Claimant under the conditions prescribed by 770 ILCS 60/38.1, inclusive, in the penal sum of $98,935.00 (175% of Claim amount), to pay the Claimant the amount which a court of competent jurisdiction may hereafter adjudge to have been secured by the Claim, including attorney's fees (if

awarded) and interest, but in no event shall the liability of the Principal and Surety on this bond exceed the aforesaid penal sum of this surety bond.

The Principal and Surety submit to the jurisdiction of the court in the above entitled proceeding for the purpose of entry of a judgment against them pursuant to the conditions of 770 ILCS 60/38.1 or if there is no proceeding pending as of the date of this surety bond, the Principal and Surety agree to submit to the jurisdiction of the court in a future proceedings to enforce the Claim provided that the Principal and Surety are properly named as parties defendant as prescribed by 770 ILCS 60/38.1 and timely served with notice of the complaint or counterclaim of the Claimant in said future proceeding.

Any final and not further appealable decree of lien foreclosure entered in favor of the Claimant based on the Claim covered by this surety bond constitutes a monetary judgment ("Judgment") against the Principal and Surety for the amount found due to the Claimant in said decree.

This bond shall remain in full force and effect until the first of the following occurs: (1) the Judgment is fully satisfied, (2) the entry of a final and not further appealable adjudication that the Claim is invalid or void, (3) the Claim or this bond has been released by the Claimant, or (4) the time to enforce the Claim has expired without the Claimant having taken the required action to enforce the Claim.

IN TESTIMONY WHEREOF, the Principal and Surety have executed this bond at Chicago, Illinois, on the 12th day of October of 2021.

SP/RPA 1325 Apartments, LLC

By:_____

F. Martin Paris, its Authorized Representative

Endurance Assurance Corporation

By:_____

Josefina Rojo, Attorney in Fact

[SEAL]

State of Illinois      )
                       ) SS:
County of____Cook____ )

I, the undersigned, a notary public of this County and State aforesaid, certify that on the 12th day of October, 2021, before me personally appeared___F. Martin Paris, its Authorized Representative___, authorized agent of the Principal, and___see attached___, attorney in fact for the Surety, and acknowledged that they signed the foregoing instrument as their free and voluntary act and as the free and voluntary act of the Principal and Surety for the uses purposes therein mentioned.

_____
Notary Public



ELIZABETH COHEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 24, 2023

Page 2 of 2



# POWER OF ATTORNEY

**2697**

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899

KNOW ALL BY THESE PRESENTS, that Endurance Assurance Corporation, a Delaware corporation, Endurance American Insurance Company, a Delaware corporation, Lexon Insurance Company, a Texas corporation, and/or Bond Safeguard Insurance Company, a South Dakota corporation, each, a "Company" and collectively, "Sompo International," do hereby constitute and appoint: John P. Harney, Jacquelyn M. Norstrom, Josefina Rojo, Haley A. Anderson, Cassandra L. Stone, Pramod Venkatesh, Steven L. Wulff as true and lawful Attorney(s)-in-Fact to make, execute, seal, and deliver for, and on its behalf as surety or co-surety; bonds and undertakings given for any and all purposes; also to execute and deliver on its behalf as aforesaid renewals, extensions, agreements, waivers, consents or stipulations relating to such bonds or undertakings provided, however, that no single bond or undertaking so made, executed and delivered shall obligate the Company for any portion of the penal sum thereof in excess of the sum of ONE HUNDRED MILLION Dollars ($100,000,000.00).

Such bonds and undertakings for said purposes, when duly executed by said attorney(s)-in-fact, shall be binding upon the Company as fully and to the same extent as if signed by the President of the Company under its corporate seal attested by its Corporate Secretary.

This appointment is made under and by authority of certain resolutions adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019, a copy of which appears below under the heading entitled "Certificate".

This Power of Attorney is signed and sealed by facsimile under and by authority of the following resolution adopted by the sole shareholder of each Company by unanimous written consent effective the 15th day of June, 2019 and said resolution has not since been revoked, amended or repealed:

RESOLVED, that the signature of an individual named above and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signature or seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN WITNESS WHEREOF, each Company has caused this instrument to be signed by the following officers, and its corporate seal to be affixed this 15th day of June, 2019.

| Endurance Assurance Corporation | Endurance American Insurance Company | Lexon Insurance Company | Bond Safeguard Insurance Company |
|---|---|---|---|
| By: *Richard M Appel* | By: *Richard M Appel* | By: *Richard M Appel* | By: *Richard M Appel* |
| Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel | Richard Appel, SVP & Senior Counsel |

*[Corporate seals appear for each Company: Endurance Assurance Corporation SEAL 2002 DELAWARE; Endurance American Insurance Corporation SEAL 1996 DELAWARE; Lexon Insurance Company SEAL MARCH 16, 1988 STATE OF TEXAS; Bond Safeguard Insurance Company A SOUTH DAKOTA INSURANCE COMPANY]*

## ACKNOWLEDGEMENT

On this 15th day of June, 2019, before me, personally came the above signatories known to me, who being duly sworn, did depose and say that he/they is/are officer of each of the Companies; and that he executed said instrument on behalf of each Company by authority of his office, under the by-laws of each Company.

By: *Amy Taylor*

Amy Taylor, Notary Public, My Commission Expires 5/9/23

*[Notary seal: STATE OF TENNESSEE NOTARY PUBLIC OBION COUNTY]*

## CERTIFICATE

I, the undersigned Officer of each Company, DO HEREBY CERTIFY that:

1. That the original power of attorney of which the foregoing is a copy was duly executed on behalf of each Company and has not since been revoked, amended or modified; that the undersigned has compared the foregoing copy thereof with the original power of attorney, and that the same is a true and correct copy of the original power of attorney and of the whole thereof.

2. The following are resolutions which were adopted by the sole shareholder of each Company by unanimous written consent effective June 15, 2019 and said resolutions have not since been revoked, amended or modified:

"RESOLVED, that each of the individuals named below is authorized to make, execute, seal and deliver for and on behalf of the Company any and all bonds, undertakings or obligations in surety or co-surety with others: RICHARD M. APPEL, BRIAN J. BEGGS, CHRISTOPHER DONELAN, SHARON L. SIMS, CHRISTOPHER L. SPARRO, MARIANNE L. WILBERT

; and be it further

RESOLVED, that each of the individuals named above is authorized to appoint attorneys-in-fact for the purpose of making, executing, sealing and delivering bonds, undertakings or obligations in surety or co-surety for and on behalf of the Company."

3. The undersigned further certifies that the above resolutions are true and correct copies of the resolutions as so recorded and of the whole thereof.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the corporate seal this ___12th___ day of ___October___ 20_21_.

By: *Daniel S. Lotie*

Daniel S. Lotie, Secretary

## NOTICE: U. S. TREASURY DEPARTMENT'S OFFICE OF FOREIGN ASSETS CONTROL (OFAC)

No coverage is provided by this Notice nor can it be construed to replace any provisions of any surety bond or other surety coverage provided. This Notice provides information concerning possible impact on your surety coverage due to directives issued by OFAC. Please read this Notice carefully.

The Office of Foreign Assets Control (OFAC) administers and enforces sanctions policy, based on Presidential declarations of "national emergency". OFAC has identified and listed numerous foreign agents, front organizations, terrorists, organizations, and narcotics traffickers as "Specially Designated Nationals and Blocked Persons". This list can be located on the United States Treasury's website – https://www.treasury.gov/resource-center/sanctions/SDN-List.

In accordance with OFAC regulations, if it is determined that you or any other person or entity claiming the benefits of any coverage has violated U.S. sanctions law or is a Specially Designated National and Blocked Person, as identified by OFAC, any coverage will be considered a blocked or frozen contract and all provisions of any coverage provided are immediately subject to OFAC. When a surety bond or other form of surety coverage is considered to be such a blocked or frozen contract, no payments nor premium refunds may be made without authorization from OFAC. Other limitations on the premiums and payments may also apply.

Any reproductions are void.

Surety Claims Submission: LexonClaimAdministration@sompo-intl.com

Telephone: 615-553-9500 Mailing Address: Sompo International; 12890 Lebanon Road; Mount Juliet, TN 37122-2870

FILED DATE: 2/28/2024 5:36 PM 2018CH07899
FILED DATE: 2/23/2022 12:44 PM 2018CH07899

State of Illinois
County of Cook

On this _____ 12th _____ day of _____ October _____ 2021, before me personally appeared
_____ Josefina Rojo _____ , known to me to be the Attorney-in-fact of
_____ Endurance Assurance Corporation _____ , the corporation that executed the
within instrument, and acknowledged to me that such corporation executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, at my office in the
aforesaid county, the day and year in this certificate first above written.

```
OFFICIAL SEAL
M LABNO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/11/23
```

_M Labn_____
(Notary Public)

(Seal)

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION
MECHANICS LIEN SECTION

| | | |
|---|---|---|
| LAB Development LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2018 CH 07899 |
| | ) | Consolidated with |
| v. | ) | 2019 CH 02973 |
| | ) | 2019 CH 10207 |
| | ) | 2020 CH 06864 |
| SP/RPA 1325 Apartments, LLC, | ) | 2020 CH 07041 |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Calendar 54 |
| | ) | |
| | ) | Judge Daniel Patrick Brennan |
| | ) | |

## ORDER

This matter coming before the Court on SP/RPA 1325 Apartments, LLC's
Verified Petition to Substitute Bond for Lien, with movant personally serving or
sending notice of such petition via certified mail, return receipt requested, to each
party addressed in the petition, and no such party having raised an objection to the
petition,

THE COURT HEREBY ORDERS:

1. SP/RPA 1325 Apartments, LLC's Verified Petition to Substitute Bond for
   Lien is granted.

2. The case is continued to January 31, 2022 at 9:30 a.m. for status. The case
   will not be heard on the status date either remotely or in person. Instead,
   parties are required to submit either: (a) a joint written status report agreed
   upon by all of the parties, or (b) each party may submit its own status report.
   *The status reports shall be submitted via email at least seven (7) days
   prior to the above date* to ccc.mfmlcalendar54@cookcountyil.gov, with the

parties' names and case number in the email's subject line.

Within three (3) days of entry of this order, plaintiff must send notice of this order to all counsels of record by email or U.S. mail and, if any defendant is not represented by counsel, to any defendants at the address where process was served by U.S. mail. Plaintiff must maintain evidence of such mailing for review by the Court upon request.

For information on the content of status reports, the scheduling of motions, requests for remote video hearings, and delivery of courtesy copies, please refer to the letter titled, "Calendar 54 Covid-19 Standing Order," which is available on the Circuit Court of Cook County's website at http://www.cookcountycourt.org/JudgesPages/Brennan.DanielPatrick.aspx.

ENTERED:

_____

Judge Daniel Patrick Brennan

Judge Daniel Patrick Brennan

JAN 18 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

# EXHIBIT D

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

United States Bankruptcy Court
Northern District of Illinois

# Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the
United States Bankruptcy Code, entered on 12/08/2023 at 12:31 PM and filed on 12/08/2023.

**Frank Martin Paris, Jr**
1100 Keystone
River Forest, IL 60305
SSN / ITIN: xxx-xx-1564

The case was filed by the debtor's attorney:          The bankruptcy trustee is:

**Scott R Clar**                                      **Ira Bodenstein**
Crane, Simon, Clar & Goodman                          Cozen O'Connor
135 S Lasalle St Suite 3950                           123 N. Wacker Drive
Chicago, IL 60603                                     Suite 1800
312 641-6777                                          Chicago, IL 60606
                                                      312-474-1647

The case was assigned case number 23-16481 to Judge David D. Cleary.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page http://www.ilnb.uscourts.gov/ or at the Clerk's Office, Eastern Division, 219 S Dearborn, 7th
Floor, Chicago, IL 60604.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

Jeffrey P. Allsteadt
Clerk, U.S. Bankruptcy Court

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/28/2024 12:20:02 | | |
| **PACER Login:** | RCJjj1194 | **Client Code:** | Paris |
| **Description:** | Notice of Filing | **Search Criteria:** | 23-16481 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**23-16481** Frank Martin Paris, Jr
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Honorable Judge:** David D. Cleary
**Date filed:** 12/08/2023 **Date of last filing:** 02/28/2024

# Case Summary

**Office:** Eastern Division
**County:** COOK-IL

**Fee:** Paid
**Origin:** 0
**Previous term:**

**Joint:** n

**Original chapter:** 7
**Current chapter:** 7

**Filed:** 12/08/2023

**Terminated:**

**Debtor discharged:**
**Reopened:**
**Converted:**
**Debtor dismissed:**
**Confirmation hearing:**
**341 Meeting:** 03/12/2024 10:30 AM

**Nature of debt:** business
**Pending status:** Awaiting First Meeting,Awaiting Discharge
**Flags:** MOCONV, DebtEd, MEANSNO

**Trustee:** Ira Bodenstein    **City:** Chicago   **Phone:** 312-474-1647    **Fax:** 312-361-0646
**Trustee:** Patrick S Layng    **City:** Chicago   **Phone:** 312-886-5785    **Email:** USTPRegion11.ES.ECF@usdoj.gov
**Email:** iratrustee@cozen.com

**Party 1:** Paris, Frank Martin, Jr   (Debtor 1)
    SSN / ITIN: xxx-xx-1564

**Atty:** Scott R Clar    **Represents party 1:** Debtor 1    **Phone:** 312 641-6777
    **Fax:** 312 641-7114
    **Email:** sclar@cranesimon.com

**Location of case files:**
    **Volume:** CS1
The case file may be available.

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/28/2024 12:18:25 | | | |
| **PACER Login:** | RCJjj1194 | **Client Code:** | Paris |
| **Description:** | Case Summary | **Search Criteria:** | 23-16481 |

**23-16481** Frank Martin Paris, Jr
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Honorable Judge:** David D. Cleary
**Date filed:** 12/08/2023 **Date of last filing:** 02/28/2024

# History

FILED DATE: 2/28/2024 5:36 PM   2018CH07889

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 72 | *Filed & Entered:* | 02/28/2024 | Hearing Motion Continued |
| 70 | *Filed & Entered:* | 02/27/2024 | Schedules |
| 70 | *Filed & Entered:* | 02/27/2024 | Statement of Financial Affairs |
| 70 | *Filed & Entered:* | 02/27/2024 | Statement of Intention for Individuals Filing Under Chapter 7 |
| 71 | *Filed & Entered:* | 02/27/2024 | Auto Docket of Credit Card |
| 69 | *Filed & Entered:* | 02/26/2024 | Notice of Appearance and Request for Notice |
| 68 | *Filed & Entered:* | 02/22/2024 | Notice of Objection |
| 64 | *Filed & Entered:* | 02/21/2024 | Hearing Motion Continued |
| 65 | *Filed & Entered:* | 02/21/2024 | Motion to Convert Case From Chapter 7 to 11 |
| 66 | *Filed & Entered:* | 02/21/2024 | Notice of Objection |
| 67 | *Filed:* *Entered:* | 02/21/2024 02/22/2024 | Order on Motion to Extend Time to Object to Discharge Under 727 |
| 61 | *Filed & Entered:* | 02/20/2024 | Motion to Extend Time to Object to Discharge or Dischargeability Under 523/727 |
| 62 | *Filed & Entered:* | 02/20/2024 | Appearance |
| 63 | *Filed & Entered:* | 02/20/2024 | Meeting of Creditors Adjourned (Continued) via Trustee's 341 Filing |
| 60 | *Filed:* *Entered:* | 02/14/2024 02/15/2024 | Order on Application to Employ |
| 59 | *Filed & Entered:* | 02/13/2024 | Motion to Approve |
| 59 | *Filed & Entered:* | 02/13/2024 | Application to Employ |
| 58 | *Filed & Entered:* | 02/12/2024 | Appearance |
| 57 | *Filed & Entered:* | 02/09/2024 | BNC Certificate of Notice - Notice of Required Document(s) for Discharge |

| 56 | Filed & Entered: | 02/08/2024 | Motion to Extend Time to Object to Discharge 727 |
| | Terminated: | 02/21/2024 | |
| 55 | Filed & Entered: | 02/07/2024 | Notice of Required Document(s) for Discharge - Auto |
| 53 | Filed & Entered: | 02/02/2024 | Appearance |
| 54 | Filed & Entered: | 02/02/2024 | Appearance |
| 51 | Filed & Entered: | 02/01/2024 | Meeting of Creditors Adjourned (Continued) via Trustee's 341 Filing |
| 52 | Filed & Entered: | 02/01/2024 | Application to Employ |
| | Terminated: | 02/14/2024 | |
| 47 | Filed & Entered: | 01/19/2024 | Memorandum Opinion/Decision |
| 48 | Filed & Entered: | 01/19/2024 | Order on Motion to Confirm Termination or Absence of Stay |
| 48 | Filed & Entered: | 01/19/2024 | Order on Motion for Relief from Stay |
| 48 | Filed & Entered: | 01/19/2024 | Exceed Page Limitation |
| 49 | Filed & Entered: | 01/19/2024 | Order on Motion To Enforce |
| 50 | Filed & Entered: | 01/19/2024 | Certificate of Service |
| 45 | Filed & Entered: | 01/08/2024 | No Action Needed. All required documents per Section 521 have been filed. |
| 46 | Filed & Entered: | 01/08/2024 | Meeting of Creditors Adjourned (Continued) via Trustee's 341 Filing |
| 44 | Filed & Entered: | 01/05/2024 | Request for Final Notice of Deficiency |
| 43 | Filed & Entered: | 01/03/2024 | Hearing Motion Continued |
| 42 | Filed & Entered: | 01/02/2024 | Meeting of Creditors Adjourned (Continued) via Trustee's 341 Filing |
| 41 | Filed & Entered: | 12/29/2023 | Appearance |
| 38 | Filed & Entered: | 12/28/2023 | Schedules |
| 38 | Filed & Entered: | 12/28/2023 | Statement of Financial Affairs |
| 38 | Filed & Entered: | 12/28/2023 | Statement of Intention for Individuals Filing Under Chapter 7 |
| 38 | Filed & Entered: | 12/28/2023 | Chapter 7 Statement of Your Current Monthly Income (Form 122A-1)/(122A-1Supp) |

| 38 | Filed & Entered: | 12/28/2023 | Disclosure of Compensation of Attorney for Debtor |
|----|----|----|----|
| 39 | Filed & Entered: | 12/28/2023 | Summary of Assets and Liabilities |
| 40 | Filed & Entered: | 12/28/2023 | Reply |
| 36 | Filed & Entered: | 12/21/2023 | Response |
| 37 | Filed & Entered: | 12/21/2023 | Notice of Filing |
| 33 | Filed & Entered: | 12/20/2023 | Appearance |
| 34 | Filed & Entered: | 12/20/2023 | Notice of Appearance and Request for Notice |
| 35 | Filed & Entered: | 12/20/2023 | Order on Motion to Extend Time to File Schedules or Provide Required Information |
| 32 | Filed & Entered: | 12/19/2023 | Corrective Entry |
| 31 | Filed & Entered: | 12/18/2023 | Notice of Appearance and Request for Notice |
| 30 | Filed & Entered: | 12/14/2023 | Corrective Entry |
| 25 | Filed & Entered: | 12/13/2023 | Appearance |
| 26 | Filed & Entered: | 12/13/2023 | Hearing Motion Continued |
| 27 | Filed & Entered: | 12/13/2023 | Hearing Motion Continued |
| 28 | Filed & Entered: | 12/13/2023 | BNC Certificate of Notice - Meeting of Creditors |
| 29 | Filed & Entered: | 12/13/2023 | BNC Certificate of Notice - Notice of Deficiency |
| 22 | Filed & Entered: | 12/12/2023 | Notice of Objection |
| 23 | Filed & Entered: | 12/12/2023 | Notice of Objection |
| 24 | Filed & Entered: | 12/12/2023 | Proposed Order |
| 8 | Filed & Entered: Terminated: | 12/11/2023 12/20/2023 | Motion to Extend Time to File Schedules or Provide Required Information |
| 9 | Filed & Entered: | 12/11/2023 | Notice of Deficiency Chapter 7 |
| 10 | Filed & Entered: | 12/11/2023 | Notice of Chapter 7 Bankruptcy Case |
| 11 | Filed & Entered: | 12/11/2023 | Application to Set Hearing on Emergency Motion |

| | | | |
|---|---|---|---|
| | *Terminated:* | 12/11/2023 | |
| 12 | *Filed & Entered:* | 12/11/2023 | Corrective Entry |
| 13 | *Filed & Entered:* | 12/11/2023 | Appearance |
| 14 | *Filed & Entered:* | 12/11/2023 | Appearance |
| 15 | *Filed & Entered:* | 12/11/2023 | Appearance |
| 16 | *Filed & Entered:* *Terminated:* | 12/11/2023 12/11/2023 | Application to Set Hearing on Emergency Motion |
| 17 | *Filed & Entered:* *Terminated:* | 12/11/2023 01/19/2024 | Enforce |
| 18 | *Filed & Entered:* | 12/11/2023 | Order on Application to Set Hearing on Emergency Motion |
| 19 | *Filed & Entered:* | 12/11/2023 | Order on Application to Set Hearing on Emergency Motion |
| 20 | *Filed & Entered:* *Terminated:* | 12/11/2023 01/19/2024 | Motion to Confirm Termination or Absence of Stay |
| 20 | *Filed & Entered:* | 12/11/2023 | Motion for Relief from Stay |
| 20 | *Filed & Entered:* *Terminated:* | 12/11/2023 01/19/2024 | Exceed Page Limitation |
| 21 | *Filed & Entered:* | 12/11/2023 | Auto Docket of Credit Card |
| 6 | *Filed & Entered:* | 12/10/2023 | Appearance |
| 7 | *Filed & Entered:* | 12/10/2023 | Appearance |
| 1 | *Filed & Entered:* | 12/08/2023 | Voluntary Petition (Chapter 7) |
| 2 | *Filed & Entered:* | 12/08/2023 | Auto Docket of Credit Card |
| 3 | *Filed & Entered:* | 12/08/2023 | Statement About Social Security Numbers |
| 4 | *Filed & Entered:* | 12/08/2023 | Certificate of Credit Counseling |
| 5 | *Filed & Entered:* | 12/08/2023 | Meeting of Creditors 7 (No Asset Individual) |

**PACER Service Center**

**Transaction Receipt**

FILED DATE: 2/28/2024 5:36 PM   2018CH07899

**23-16481** Frank Martin Paris, Jr
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Honorable Judge:** David D. Cleary
**Date filed:** 12/08/2023 **Date of last filing:** 02/28/2024

# Trustee

**Ira Bodenstein**
Cozen O'Connor
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
312-474-1647
312-361-0646 (fax)
iratrustee@cozen.com
*ASSIGNED: 12/08/2023*
*(tr)*

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/28/2024 12:19:38 | | | |
| **PACER Login:** | RCJjj1194 | **Client Code:** | Paris |
| **Description:** | Trustee List | **Search Criteria:** | 23-16481 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT

# B

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION
### MECHANICS LIEN SECTION

| | |
|---|---|
| LAB DEVELOPMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>SP/RPA 1325 APARTMENTS LLC, et al.,<br><br>Defendants. | Case No. 18 CH 07899<br>Consolidated with:<br>    19 CH 02973<br>    19 CH 10207<br>    20 CH 06864<br>    20 CH 07041<br><br>Calendar 54<br>Honorable Daniel Patrick Brennan |

## ORDER

THIS CAUSE HAVING COME TO BE HEARD this 6th day of March, 2024 for hearing on the Motion of Defendant, SP/RPA 1325 APARTMENTS, LLC, to Stay Proceedings, and the Court having reviewed Defendant's Motion and the Responses and heard argument for attorneys for Defenant and attorneys for mechanics lien claimants, and being fully advised in the premises;

IT IS HEREBY ORDERED that Defendant's Motion to Stay Proceedings is granted, and that the proceedings in this case are stayed pending further order of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in the case entitled *In re Frank Martin Paris, Jr.*, Case No. 23 B 16481;

IT IS FURTHER ORDERED that T. Scott Leo, P.C. is granted leave to appear on behalf of SOMPO International and related bonding companies;

IT IS FURTHER ORDERED that this case is continued for status on March 14, 2024 at 11:00 A.M. via ZOOM in accordance with the following instructions: (ID 949 8385 1497 PASSCODE 707493.

Dated: March 6, 2024.

ENTERED:

Judge Daniel Patrick Brennan

MAR 07 2024

Circuit Court - 1932

**JUDGE DANIEL PATRICK BRENNAN**

Richard C. Jones, Jr., Esq.
*rjones@jonesadvocategroup.com*
JONES ADVOCATE GROUP, INC.
790 Estate Drive, Suite 200
Deerfield, Illinois 60015
(312) 909-7900
rjones@jonesadvocategroup.com