# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-BK-16481 |
| | ) | |
| FRANK MARTIN PARIS, JR., | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |

## KERRY PARIS' RESPONSE BRIEF IN OPPOSITION TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE SALE OF REAL ESTATE AND FOR RELATED RELIEF

Kerry Paris, by and through her counsel, respectfully submits this brief in opposition to Trustee's Motion for Entry of an Order Authorizing the Sale of Real Estate and For Related Relief (the "Motion") [ECF No. 86].

### PRELIMINARY STATEMENT

The introduction to the Motion states that it seeks to sell "vacant real estate" located at 703 Park Ave. (Motion at p.1). However, the real estate is not truly vacant. It is the yard to the house where Kerry Paris lives with her seven (7) children. Kerry owns the yard, and the house, with the Debtor as tenants in common. Pursuant to the Divorce Court's Judgment, Kerry was awarded exclusive possession and use of the house and yard until the youngest Paris child graduates 8th grade in June 2028. At that time, the properties are ordered to be sold with the Debtor being "solely responsible for any Federal and/or State of Illinois taxes that encumber the properties…" The Motion would not simply deprive Kerry and the children of the use of the family yard, but also pay the taxes allocated to the Debtor out of Kerry's half of the property thereby depriving Kerry of a significant portion of the estate awarded her. By contrast, the benefit to the estate would be slight given the Debtor's scheduled claims exceed $138 million. As the benefit to the estate from the sale of the yard does not outweigh the detriment to Kerry, the Motion should be denied.

1

**BACKGROUND FACTS**

Kerry adopts the pre-petition facts and procedural history set forth in the Motion of Kerry Paris for Order Clarifying that the Automatic Stay Does Not Apply or, in the Alternative, to Lift the Automatic Stay *Nunc Pro Tunc.* [ECF No. 20]. The following additional facts are relevant to the Motion.

Prior to their divorce proceedings, the Debtor, Kerry and their seven (7) children lived in River Forest, Illinois. On December 2, 2022, the Divorce Court issued its Judgment for Dissolution of Marriage. [ECF No. 20-1, Ex. A]. The Court awarded the Debtor a non-marital estate with a value of $20,374,000. [ECF No. 20-1, Ex. A at p.58]. The marital estate, which was a small fraction of the non-marital estate, was split between the Debtor and Kerry. *Id.*, at pp. 71-73, 76-78; ECF 20-2, Ex. V at ¶10. Aside from the Debtor's retirement account, the largest marital asset was the parties' residence at 711 Park Ave. *Id.* The residence is comprised of the house and adjacent side yard to the south, which is titled separately as 703 Park Ave. *Id.*, at p. 77. Although the side yard is improved with a stone fire pit, it primarily is used by the Paris children for their activities (trampoline, swing set, ice rink in the winter, etc.).

The Judgment provides that "it is in the best interest of the Paris children that temporary exclusive possession of the home and the lot be awarded to KERRY" until the youngest child completes 8th grade (in June 2028). [ECF 20-1, Ex. A at p. 77]. During such time, the Debtor "is ordered and directed to timely make payment(s) of the monthly mortgage obligation related thereto, pay the real estate taxes on each parcel in a timely fashion, and pay and maintain the homeowners' insurance related to the property(ies)." *Id.*, Ex. A at p. 78. Later in the Judgment, these expenses are made a part of the Debtor's monthly child support obligations. *Id.*, Ex. A at p. 98. The Judgment goes on to order that the residence (house and side yard) be put up for sale in

June 2028, and that the proceeds be split with the caveat that the "[Debtor] is solely responsible for any Federal and/or State of Illinois taxes that encumber the properties, and for any amounts due for same (including any interest, penalties or fines related thereto), and that said sums shall be satisfied by [Debtor's] share of proceeds therefrom." *Id.*, Ex. A at p. 78.

According to the Motion, the Trustee entered into a Sale Agreement to sell the side yard (703 Park Ave.) immediately for $660,000. (Motion, ¶15). The Motion further discloses that there are "potential encumbrances" in the nature of federal and state tax liens on the property totaling $314,958.76. (*Id.*, ¶8). Although the Judgment provides that the Debtor's half of the property shall be used to satisfy all Federal and State tax liabilities, the Trustee's counsel has indicated that the tax encumbrances will get paid "off the top" of any sales proceeds. Thus, Kerry (and the children) will not only lose the use of the side yard for four (4) years, but Kerry will lose half the value of the property awarded her.

According to the Motion, the remaining proceeds of approximately $155,000 would be used for the benefit of the estate. (Motion, ¶¶22-23, 28-29). According to the Debtor's Amended Schedules, that estate has nonpriority claims against it totaling $138,393,323.22. [ECF 70 at p. 38 of 62].

**I.     The Legal Standard**

The trustee seeks to sell the side yard pursuant to §363(h) of the Bankruptcy Code. Section 363(h) provides, in relevant part:

> Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) … of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if –
>
> (1)     partition in kind of such property among the estate and such co-owners is impracticable;

3

> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

Thus, under §363(h)(3), it is the Trustee's burden to prove that the benefit to the estate outweighs the detriment to Kerry. *In re Jenkins*, 347 B.R. 77, 86 (Bankr.N.D.Ill. 2006). In considering the detriment to a co-owner, the Court can consider both economic and non-economic factors. *See e.g. In re Gauthreaux*, 206 B.R. 502, 506-7 (Bankr.N.D.Ill. 1997)(The Court considered the prospects and abilities of the co-owner to find a new home and the diminishment in the quality of his life.). Indeed, "detriment" has been defined as "economic hardship in addition to any loss, harm, injury, or prejudice created as a result of the involuntary sale." *In re Hall*, 477 B.R. 74, 80 (Bankr.N.D.Ill. 2012) citing *Brown v. Phillips (In re Phillips)*, 379 B.R. 765, 795 (Bankr.N.D.Ill. 2012). "[C]ourts must consider any economic or emotional harm faced by the co-owner." *Id*.

## II. The Motion Should be Denied Because the Detriment to Kerry Outweighs the Benefit to the Estate.

The Motion should be denied because the economic and non-economic detriment to Kerry outweighs the slight benefit the estate would receive from the sale of the side yard.

The economic detriment to Kerry is significant. The immediate impact to her is easily quantifiable; approximately $155,000 of her assets will be used to pay tax liabilities assigned to the Debtor. The full economic impact is harder to quantify but also considerable. Under the

Judgment the Debtor is required to pay – as part of his child support obligation – the mortgage, real estate taxes and insurance for both the house and side yard for an additional 4 years. Thus, the sale of the side yard essentially eliminates a portion of Kerry's child support. And, should Kerry attempt to find a replacement house and yard with comparable outdoor space, she will be hampered by the loss of funds that otherwise could be used to pay for the replacement property. In this regard, the case is similar to *Gauthreaux*. In that case, the court found "the prospect of abilities" of the co-owner to find a home relevant. *In re Gauthreaux*, 206 B.R. at 507. Ultimately, the court denied the motion to sell holding that the sale would cause the co-owner "irreparable harm through diminishing the quality of his life most seriously." *Id.*

The non-economic harm to Kerry is also significant. For the past decade, the Paris children have been able to play and recreate on the side yard to their family home. The yard has been used for football games, baseball games, volleyball, ice skating, trampoline and birthday parties. The youngest child is only in fourth grade. The Divorce Court made an express finding that it was in the best interests of the minor children to stay in the family home with Kerry and have exclusive use of the side yard. If the Motion is granted, the children's daily lives will change. The emotional toll on Kerry and the children must be considered. *In re Hall*, 477 B.R. at 80.

In contrast to the significant detriment to Kerry from the sale of the side yard, the benefit to the estate is slight. The Debtor lists over $138 million in unsecured non-priority claims and millions more in secured and priority claims ($1.2 million of which the Debtor lists as owed to Kerry). The proportional benefit to the creditors from the sale of the side yard would be infinitesimal.

**WHEREFORE**, for the foregoing reasons, Kerry Paris asks the Court to deny the Debtor's Motion.

Dated: May 1, 2024                    Respectfully submitted,

**KERRY PARIS**

By: /s/ Steven R. Jakubowski
      One of Her Attorneys

Steven R. Jakubowski (ARDC #6191960)
Carolina Y. Sales (ARDC #6287277)
ROBBINS DIMONTE, LTD.
180 N. LaSalle St., Suite 3300
Chicago, Illinois 60601
Tel: (312) 456-0372
sjakubowski@robbinsdimonte.com
csales@robbinsdimonte.com


By: /s/ Thomas C. Cronin
      One of Her Attorneys

Thomas C. Cronin (ARDC No. 6204065)
Sean Crotty (ARDC No. 6242730)
Cronin & Co., Ltd.
120 North LaSalle Street
20th Floor
Chicago, IL 60602
312.500.2100
tcc@cronincoltd.com
admin@cronincoltd.com