# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## NOTICE OF MOTION

To:    See Attached List

**PLEASE TAKE NOTICE** that on **July 24, 2024, at 10:00 a.m**., I will appear before the Honorable Daivd D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604 **or** electronically as described below, and present the **Trustee's Motion For The Entry Of An Order (I) Authorizing The Trustee To Use Debtor's Ownership Interest In And Control Over Martin NV II, Inc. To File A Chapter 7 Petition On Behalf Of Martin NV II, Inc. And (II) Approving Shortened And Limited Notice**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

|  |  |
|---|---|
|  | Ira Bodenstein, not individually, but as chapter 7 trustee for the estate of Frank Martin Paris, Jr. |
| Dated: July 17, 2024 | By:   /s/ Allen J. Guon<br>        One of his attorneys |

LEGAL\71673708\1

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com

## CERTIFICATE OF SERVICE

Allen J. Guon, an attorney, certifies that he caused to be served a copy of this **Notice of Motion** and the attached **Trustee's Motion For The Entry Of An Order (I) Authorizing The Trustee To Use Debtor's Ownership Interest In And Control Over Martin NV II, Inc. To File A Chapter 7 Petition On Behalf Of Martin NV II, Inc. And (II) Approving Shortened And Limited Notice** on each entity shown on the list below at the address shown and by the method indicated on the list on July 17, 2024.

/s/ Allen J. Guon

## Mailing Information for Case 23-16481

**Electronic Mail Notice List**

- **Paul M Bauch**  pbauch@bmlawllc.com, smohan@bmlawllc.com;5242@notices.nextchapterbk.com
- **Ira Bodenstein**  iratrustee@cozen.com, IL29@ecfcbis.com
- **Timothy W Brink**  tbrink@mpslaw.com, crampich@mpslaw.com
- **Cheryl A Considine**  bankruptcy@hsbattys.com, bk-4hsbm@gmail.com,hbm@ecf.courtdrive.com
- **Thomas C Cronin**  tcc@cronincoltd.com
- **Sean B Crotty**  sbc@cronincoltd.com, admin@cronincoltd.com
- **Daniel P. Dawson**  ddawson@nisen.com, adrag@nisen.com
- **David DeCelles**  david.decelles@usdoj.gov
- **John J Foley**  jack@foleylitigation.com
- **Allen J Guon**  aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **Thomas Herz Jr.**  tgahlaw@yahoo.com
- **Steve Jakubowski**  sjakubowski@robbinsdimonte.com, steve.jakubowski.lp@gmail.com
- **Cari A Kauffman**  ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- **Patrick S Layng**  USTPRegion11.ES.ECF@usdoj.gov
- **Thomas S. Leo**  sleo@leolawpc.com, paralegal@leolawpc.com
- **Robert Lynch**  robert.lynch2@illinois.gov, robert.lynch@ilag.gov
- **Sonette Magnus**  smagnus@thompsoncoburn.com

- **Ann Addis Pantoga**   apantoga@thompsoncoburn.com
- **Steven R Rogovin**   srogovin@mpslaw.com, crampich@mpslaw.com
- **Carolina Y. Sales**   csales@robbinsdimonte.com, mrussell@robbinsdimonte.com;jtronina@robbinsdimonte.com
- **Jacob Wright**   jwright@dahlfirm.com
- **Steven Yachik**   syachik@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com

**Via First Class Mail and Email**
Frank Martin Paris, Jr.
1525 W. Homer, Suite 400
Chicago, IL 60642
mparis@sedgwickproperties.com

**Via Email**
Patrick O'Malley
Development Specialists, Inc.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
Pomalley@DSIConsulting.com '

**Via First Class Mail**
Thorngate LLC
Attn.: Registered Agent
800 N. Rainbow Blvd., Suite 208-21
Las Vegas, NV 89107

Keystone & Stuart
6859 SE Marina Way
Stuart, FL 34996

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING THE TRUSTEE TO USE DEBTOR'S OWNERSHIP INTEREST IN AND CONTROL OVER MARTIN NV II, INC. TO FILE A CHAPTER 7 PETITION ON BEHALF OF MARTIN NV II, INC. AND (II) APPROVING SHORTENED AND LIMITED NOTICE

Ira Bodenstein, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Frank Martin Paris, Jr. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 363(b), 541(a) and Fed. R. Bankr. P. 2002(a)(2), 6004, 9006(c) and 9007, hereby moves for the entry of an order: (i) approving the Trustee's use of the Debtor's ownership interest in, and control over, non-debtor Martin NV II, Inc., a Nevada corporation ("Martin NV II"), to cause the filing of a chapter 7 bankruptcy petition by Martin NV II; and (ii) approving shortened and limited notice of the motion for cause shown. In support of the motion, the Trustee states as follows:

### JURISDICTION AND PROCEDURAL HISTORY

1. On December 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing this chapter 7 bankruptcy case (the "Case") and creating the Debtor's estate (the "Estate").

2. On February 21, 2024, the Debtor filed a motion to convert his pending chapter 7 case to a case under subchapter V of chapter 11. [Dkt. No. 65.] The Court denied the Debtor's motion on the basis that conversion to chapter 11 would be futile as reflected in the *Order Denying Motion to Convert to Chapter 11*, dated June 17, 2024. [Dkt. No. 177.]

3. On June 12, 2024, the Trustee issued his initial report of assets and requested that notice be sent to creditors fixing the time for filing claims. [Dkt. No. 173.]

4. On July 11, 2024, the Court authorized the Trustee to retain the services of Development Specialists, Inc. as his financial advisor to assist in the evaluation, recovery, preservation and liquidation of the Estate's assets. [Dkt. No. 189]

5. On July 16, 2024, Judge Romanek of the Circuit Court of Cook County, Illinois (the "State Court") remanded the Debtor to the custody of the Sheriff of Cook County for, among other reasons, failure to pay outstanding child support. The State Court ordered that the Debtor will not be released until a cash bond is posted in the amount of $350,000.

6. The Trustee has not yet concluded the § 341 meeting of creditors. The continued § 341 meeting is currently scheduled for July 31, 2024. [Dkt. No. 184.]

7. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

### A. The Commencement of the Debtor's Chapter 7 Case

8. The Debtor and Kerry Paris ("Kerry") were married in 2002. In 2016, Kerry filed a Petition for Dissolution of Marriage in the State Court and the contentious divorce proceedings have been ongoing for over 8 years. After a full trial, the State Court entered its *Memorandum and Order: Judgment for Dissolution of Marriage*, dated December 2, 2022 (the "JDOM").

9. The disputes between Kerry and the Debtor over the Debtor's non-compliance with his domestic support obligations continued long after the State Court entered the JDOM. Those

disputes finally came to a head on December 7, 2023, when the Debtor was arrested for failing to purge his contempt by posting the sum of $1,622,850.35 with the Clerk of the State Court. In an attempt to free himself from jail, the Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 8, 2023.

  **B.** **The State Court's Findings Regarding the Debtor's Business Interests**

  10. The Debtor carries on his business activities through dozens of entities that are comprised of investment holding companies, real estate holding companies, operating companies and management companies. [JDOM, at 25-57.] A copy of the Ownership Chart for the Debtor's known entities is attached as **Exhibit A**.

  11. The State Court found that the ownership structure of his various businesses was exceedingly complex and was designed for, among other things, "[b]usiness and liability protection" as well as to be "bankruptcy remote." [*Id.*, at pp. 53-57.] As described by the Debtor, "*[t]he Maeve investment series are a sophisticated series of various [c]ompanies (alphabetically lettered from A to LL) that own: 1) cash and marketable securities; 2) real property; 3) operating companies; 4) undivided interests in real property; and 5) other companies that no longer hold real estate or assets.*" [*Id.*, at 53 (emphasis original).]

  12. The State Court determined that the value of Debtor's interests in his entities were "substantial" and had a mean value of over $20.3 million. [JDOM, at 58.] The State Court also found that the Debtor "controls and dictates both his salary and whether any annual distributions are made for dividends, bonuses and the like." [*Id.*, at 65.]

  **C.** **Martin NV II, Inc.**

  13. As reflected in the Debtor's Amended Schedules and Statement of Financial Affairs filed on February 27, 2024 (collectively, the "Schedules"), the Debtor, through the Frank Martin Paris, Jr. Trust ("FMP Trust"), owns and controls interests in over 40 entities including an 85%

ownership interest in Martin NV II. [Dkt. No. 70, hereinafter "Sched."]. Upon information and belief, the Frank Martin Paris, Jr. Children's Trust (the "Children's Trust"), a trust established for the benefit of the Debtor's children, owns the remaining 15% of Martin NV II.[1]

14. Martin NV II indirectly owns the investments that comprise substantially all of the Debtor's net worth including the Maeve investment series of limited liability companies. *See* **Exhibit A**.

15. The Debtor is the President, Secretary, Treasurer and sole director of Martin NV II. A copy of the Nevada Secretary of State's website reflecting Martin NV II's corporate information is attached as **Exhibit B**.

16. In his Schedules, the Debtor asserts that Keystone & Stuart, an entity owned and/or controlled by the Debtor's father, made loans to the Debtor in the principal amount of $2.4 million, which are purportedly secured by the Debtor's interests in Martin NV II. [Sched. D. at Q. 2.4, 2.5.]

### D. The Guaranty Action Against Martin NV II

17. 301 W North Avenue, LLC ("301 W North") is one of the many entities indirectly owned by Martin NV II and controlled by the Debtor. *See* **Exhibit A**. 301 W. North owns a 69-unit residential apartment building, commonly known as the North Park Pointe Apartments, in Chicago, Illinois (the "Property").

18. BDS III Mortgage Capital G, LLC ("BDS III") loaned 301 W North the principal amount of $26 million to refinance certain existing loans on the Property (the "Loan"). The Loan is purportedly secured by a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of September 23, 2020 that encumbers the Property and related personal

---

[1] At the time of the divorce trial, the State Court determined the Martin NV II stock was owned 88.009% by the FMP Trust and 9.991% by the Children's Trust.

property. As a condition to BDS III making the Loan, Martin NV II gave to BDS III that certain guaranty entitled *Guaranty of Recourse Obligation,* dated as of September 23, 2020 (the "Guaranty").

19. On February 27, 2024, 301 W North filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. *See In re 301 W North Avenue, LLC,* Case No, 247-02741 (Bankr. N.D. Ill.). The Debtor, as President of 301 W North's manager, MK Manager Corp., signed the chapter 11 petition on 301 W North's behalf without the knowledge of the Trustee.

20. As a consequence of the chapter 11 filing, BDS III filed an action against Martin NV II in the United States District Court for the Southern District Court of New York (the "District Court") entitled *BDS III Mortgage Capital G, LLC v. Martin NV II, Inc.*, Case No. 24-cv-01826 (the "Guaranty Action"). In the Guaranty Action, BDS III sought a judgment against Martin NV II on account of its guaranty of 301 W North's obligations under the Loan.

21. Martin NV II did not defend the Guaranty Action.

22. As a result, on June 27, 2024, the District Court entered a default judgment in the Guaranty Action against Martin NV II in the amount of $32,197,601.44 (the "Default Judgment"). A copy of the Default Judgment is attached as **Exhibit C**.

## RELIEF REQUESTED

23. By this Motion, the Trustee respectfully moves for the entry of an order authorizing the Trustee's use of the Debtor's ownership interest in and control over Martin NV II to cause the filing of a chapter 7 bankruptcy petition by Martin NV II. The Trustee also requests the Court approve the shortened and limited notice of the motion for cause shown.

## BASIS FOR RELIEF

24. Upon the filing of a chapter 7 petition, an estate is created that includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.

§ 541(a)(1). The Supreme Court has explained that § 541(a)'s definition of "property of the estate" was intended to be "broad." *Patterson v. Shumate*, 504 U.S. 753, 757 (1992). Indeed, this Court has already determined that Debtor's interests in each of his entities are property of the Estate. *See In re Paris*, 656 B.R. 225, 235 (Bankr. N.D. Ill. 2024) ("Only Marty's membership or other interest in each entity can be categorized as property of the estate."). Accordingly, the Debtor's interest in Martin NV II is property of the Estate.

25. Further, § 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts routinely approve the use or sale of estate property where the trustee has demonstrated "articulated business justification." *See, e.g., Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir.1991); *In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012); *In re Olde Prairie Block Owner, LLC*, 448 B.R. 482, 492 (Bankr. N.D. Ill.), aff'd, 460 B.R. 500 (N.D. Ill. 2011); *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996).

26. The criteria for approving use of estate property outside the ordinary course of business is "whether the transaction makes good business sense, in which event the creditors as a whole should benefit, *In re Schipper*, 933 F.2d 513, 515 (7th Cir.1991), and whether it preserves the priorities among the creditors." *United Retired Pilots Benefits Prot. Assn. v United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006). To supplement the Trustee's powers under § 363, § 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27. In this case, the Trustee has a sound business justification for causing Martin NV II to file a chapter 7 petition. As a result of the Default Judgment, BDS III may seek to execute on and secure its $32 million judgment against Martin NV II for the purpose of collecting on its guaranty claim ahead of all other creditors of the Estate. Keystone & Stuart may also seek to assert its purported interests against Martin NV II. Martin NV II must be a debtor in a case under the Bankruptcy Code so that its assets may be recovered and/or sold pursuant to § 363(b) for the benefit of all creditors – not just BDS III and/or Keystone & Stuart. In light of the foregoing, the Trustee has a strong articulated business justification to pursue a chapter 7 bankruptcy filing by Martin NV II. Under these circumstances, a chapter 7 bankruptcy case of Martin NV II is clearly in the best interests of the Estate.

## NOTICE

28. The Trustee has provided 7 days' notice of this motion by mail, email or through the Court's CM/ECF system to the following persons: (i) counsel to the United States Trustee; (ii) the Debtor;[2] (iii) the registered agent for Martin NV II; (iv) Keystone & Stuart; (v) BDS III; and (vi) the parties on the ECF service list via CM/ECF electronic noticing.

29. Bankruptcy Rules 2002(a)(2) and 6004(a) generally require 21 days' notice of a proposed use of a debtor's assets outside of the ordinary court to be sent to all creditors. In light of the active creditors in this Case, the Trustee submits that limited notice provided is sufficient and appropriate under the circumstances and that requiring notice to all creditors would result in unnecessary administrative expenses. Further, there is need for shortened notice of this motion in light of the fact that BDS III may seek to enforce its judgment to the detriment of the Estate's

---

[2] On May 1, 2024, the Court entered an order authorizing the Debtor's counsel to withdraw as counsel of record in the Case. [Dkt No. 132.] No substitute counsel has filed an appearance for the Debtor in the Case.

creditors. Accordingly, the Trustee requests that this Court exercise its authority under Fed. R. Bankr. P. 2002(a)(2), 9006(c), and 9007 to limit and shorten notice of the motion to that already provided and that order be immediately enforceable pursuant to Fed. R. Bankr. P. 6004(h).

WHEREFORE, the Trustee respectfully requests entry of an order, in substantially the form attached hereto: (i) granting this motion; (ii) approving the Trustee's use of the Debtor's ownership interest in, and control over, non-debtor Martin NV II, to cause the filing of a chapter 7 bankruptcy petition by Martin NV II; (iii) approving shortened and limited notice of the motion for cause shown; and (iv) granting further relief as this Bankruptcy Court deems just and proper.

Respectfully submitted,

Ira Bodenstein, not individually, but as chapter 7 trustee for the bankruptcy estate of Frank Martin Paris, Jr.

Dated: July 17, 2024   By:   /s/ Allen J. Guon
                                One of his attorneys

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com
*Counsel for Trustee*