# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## NOTICE OF MOTION

To:   See Attached List

**PLEASE TAKE NOTICE** that on **July 31, 2024, at 10:00 a.m**., I will appear before the Honorable Daivd D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604 **or** electronically as described below, and present the **Trustee's Motion To Authorize Examinations of Entities Owned or Controlled by the Debtor Pursuant To Fed. R. Bankr. P. 2004**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

    Ira Bodenstein, not individually, but as chapter 7 trustee for the estate of Frank Martin Paris, Jr.

Dated: July 22, 2024    By:   /s/ Allen J. Guon
    One of his attorneys

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com

## CERTIFICATE OF SERVICE

Allen J. Guon, an attorney, certifies that he caused to be served a copy of this **Notice of Motion** and the attached **Trustee's Motion To Authorize Examinations of Entities Owned or Controlled by the Debtor Pursuant To Fed. R. Bankr. P. 2004** on each entity shown on the list below at the address shown and by the method indicated on the list on July 22, 2024.

/s/ Allen J. Guon

## Mailing Information for Case 23-16481

**Electronic Mail Notice List**

- **Paul M Bauch**    pbauch@bmlawllc.com, smohan@bmlawllc.com;5242@notices.nextchapterbk.com
- **Ira Bodenstein**    iratrustee@cozen.com, IL29@ecfcbis.com
- **Timothy W Brink**    tbrink@mpslaw.com, crampich@mpslaw.com
- **Cheryl A Considine**    bankruptcy@hsbattys.com, bk-4hsbm@gmail.com,hbm@ecf.courtdrive.com
- **Thomas C Cronin**    tcc@cronincoltd.com
- **Sean B Crotty**    sbc@cronincoltd.com, admin@cronincoltd.com
- **Daniel P. Dawson**    ddawson@nisen.com, adrag@nisen.com
- **David DeCelles**    david.decelles@usdoj.gov
- **John J Foley**    jack@foleylitigation.com
- **Allen J Guon**    aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **Thomas Herz Jr.**    tgahlaw@yahoo.com
- **Steve Jakubowski**    sjakubowski@robbinsdimonte.com, steve.jakubowski.lp@gmail.com
- **Cari A Kauffman**    ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Thomas S. Leo**    sleo@leolawpc.com, paralegal@leolawpc.com
- **Robert Lynch**    robert.lynch2@illinois.gov, robert.lynch@ilag.gov
- **Sonette Magnus**    smagnus@thompsoncoburn.com
- **Ann Addis Pantoga**    apantoga@thompsoncoburn.com
- **Steven R Rogovin**    srogovin@mpslaw.com, crampich@mpslaw.com

- **Carolina Y. Sales**     csales@robbinsdimonte.com, mrussell@robbinsdimonte.com;jtronina@robbinsdimonte.com
- **Jacob Wright**     jwright@dahlfirm.com
- **Steven Yachik**     syachik@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com

**Via First Class Mail and Email**
Frank Martin Paris, Jr.
1525 W. Homer, Suite 400
Chicago, IL 60642
mparis@sedgwickproperties.com

**Via Email**
Patrick O'Malley
Development Specialists, Inc.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
Pomalley@DSIConsulting.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## TRUSTEE'S MOTION TO AUTHORIZE EXAMINATIONS OF ENTITIES OWNED OR CONTROLLED BY THE DEBTOR PURSUANT TO FED. R. BANKR. P. 2004

Ira Bodenstein, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Frank Martin Paris, Jr. (the "Debtor"), pursuant Fed. R. Bankr. P. 2004 ("Rule 2004") and Local Bankruptcy Rule 2004-1, for entry of an order authorizing the Trustee to demand and compel by way of subpoena the production of documents and oral examination of entities owned or controlled by the Debtor listed on **Exhibit A** (collectively, the "Examinees"). In support of the motion, the Trustee states as follows:

## JURISDICTION AND PROCEDURAL HISTORY

1. On December 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing this chapter 7 bankruptcy case (the "Case") and creating the Debtor's estate (the "Estate").

2. On February 21, 2024, the Debtor filed a motion to convert his pending chapter 7 case to a case under subchapter V of chapter 11. [Dkt. No. 65.] The Court denied the Debtor's motion on the basis that conversion to chapter 11 would be futile as reflected in the *Order Denying Motion to Convert to Chapter 11*, dated June 17, 2024. [Dkt. No. 177.]

3. On June 12, 2024, the Trustee issued his initial report of assets and requested that notice be sent to creditors fixing the time for filing claims. [Dkt. No. 173.]

4. On July 11, 2024, the Court authorized the Trustee to retain the services of Development Specialists, Inc. as his financial advisor to assist in the evaluation, recovery, preservation and liquidation of the Estate's assets. [Dkt. No. 189]

5. On July 16, 2024, Judge Romanek of the Circuit Court of Cook County, Illinois (the "State Court") remanded the Debtor to the custody of the Sheriff of Cook County for, among other reasons, failure to pay outstanding child support. The State Court ordered that the Debtor will not be released until a cash bond is posted in the amount of $350,000.

6. The Trustee has not yet concluded the § 341 meeting of creditors. The continued § 341 meeting is currently scheduled for July 31, 2024. [Dkt. No. 184.]

7. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## BACKGROUND

### A. The Commencement of the Debtor's Chapter 7 Case

8. The Debtor and Kerry Paris ("Kerry") were married in 2002. In 2016, Kerry filed a Petition for Dissolution of Marriage in the State Court and the contentious divorce proceedings have been ongoing for over 8 years. After a full trial, the State Court entered its *Memorandum and Order: Judgment for Dissolution of Marriage*, dated December 2, 2022 (the "JDOM").

9. The disputes between Kerry and the Debtor over the Debtor's non-compliance with his domestic support obligations continued long after the State Court entered the JDOM. Those disputes finally came to a head on December 7, 2023, when the Debtor was arrested for failing to purge his contempt by posting the sum of $1,622,850.35 with the Clerk of the State Court. In an

attempt to free himself from jail, the Debtor filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 8, 2023.

B. **The Debtor's Business Interests**

10. The Debtor carries on his business activities through dozens of entities that are comprised of investment holding companies, real estate holding companies, operating companies and management companies. [JDOM, at 25-57.] The ownership structure of his various businesses is exceedingly complex and was designed for, among other things, "[b]usiness and liability protection."[1] [*Id.*, at pp. 53-57.] A copy of the Ownership Chart for the Debtor's known entities is attached as **Exhibit B**.

11. The Debtor's Amended Schedules and Statement of Financial Affairs (collectively, the "Schedules") reflect ownership interests (either individually or through the Frank M. Paris Jr. Revocable Trust) in over 40 separate entities all valued in an "unknown" amount. [Dkt. No. Sched. A, at 4-5 Q. 19, 25.]

12. In the divorce proceedings, however, the State Court determined that the value of Debtor's interests in his entities had a mean value of over $20.3 million and that the Debtor "controls and dictates both his salary and whether any annual distributions are made for dividends, bonuses and the like." [JDOM, at 58, 65.]

13. Given the complexity of the Debtor's business interests and the findings made by the State Court, the Trustee is investigating the Debtor's business interests and whether they have value to the Estate. In connection with his investigation and due diligence, it is important that the

---

[1] For example, the Debtor described his "Maeve" investment entities as "*a sophisticated series of various [c]ompanies (alphabetically lettered from A to LL) that own: 1) cash and marketable securities; 2) real property; 3) operating companies; 4) undivided interests in real property; and 5) other companies that no longer hold real estate or assets.*" [*Id.*, at 53 (emphasis original).]

Trustee obtain records directly from each of those entities determine whether they can be monetized for the benefit of the Estate and its creditors.

## RELIEF REQUESTED

14. By this Motion, the Trustee respectfully moves for the entry of an order pursuant to Rule 2004 authorizing the Trustee to demand and compel by way of subpoena the oral examination of and the production of documents from the Examinees regarding the acts, conduct, property, liabilities, financial condition of the Debtor, the Debtor's business interests, and the Debtor's right to a discharge.

## BASIS FOR RELIEF

15. Rule 2004 permits "any party in interest" to request that the Bankruptcy Court order "the examination of any entity." Fed. R. Bankr. P. 2004(a). An examination under Rule 2004 "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). The production of documents from an entity and attendance of that entity at a Rule 2004 examination can be compelled by a subpoena. Fed. R. Bank. P. 2004(c).

16. As this Court recently observed, "[t]he scope of a Rule 2004 examination is broad…. 'Great latitude of inquiry is ordinarily permitted.'" *In re Velsicol Chem., LLC*, 2024 WL 765083, at *4 (Bankr. N.D. Ill. Feb. 23, 2024) (quoting *In re Handy Andy Home Improvement Ctrs., Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996)). Although discovery governed by the Federal Rules of Civil Procedure must be relevant to a party's claim or defense and "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), the same is not true of discovery under Rule 2004. *Velsicol*, 2024 WL 765083, at *4. To the contrary, "inquiries under Rule 2004 need only be relevant to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor,

or to any matter which may affect the administration of the debtor's estate[.]" *Id.*, (quoting Rule Fed. R. Bankr. P. 2004).

17. Moreover, "[b]ecause the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994).

18. Since the inception of this Case, the Trustee has been requesting information from the Debtor regarding his various business interests. Although certain information has been provided, the Trustee been unable to obtain complete information regarding the Debtor's business and financial affairs, including, without limitation, financial information regarding his business interests. The information requested includes, but is not limited to, electronic and hard copies of each Examinee's QuickBooks data, general ledgers, financial statements, bank and investment account statements, bank reconciliations, payroll registers, rent rolls, insurance policies, formation documents, and tax returns.

19. Having the authority to issue subpoenas to compel document production and oral examinations under Bankruptcy Rule 2004 is central to the Trustee's ability to fulfill his statutory duties. While the Trustee expects that the Debtor will cause his entities to voluntarily cooperate with his investigation, the Trustee requires the ability to compel the production of documents and oral examinations by subpoena.

20. The Trustee accordingly submits that sufficient cause exists for the Court to order that the Examinees be examined by Trustee so that he may investigate the acts, conduct, property, liabilities, financial condition of the Debtor.

21. Moreover, the Trustee requests that he be authorized to serve subpoenas on the Examinees by delivering them to the Debtor by certified mail, overnight carrier, or similar means. *See Ott v City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (authorizing service of subpoenas pursuant to Rule 45(b) by certified mail or similar means).

22. The Trustee submits that the relief requested in the motion is warranted and in the best interests of Estate and creditors.

## NOTICE

23. Pursuant to Local Rule 2004-1, the Trustee has provided 7 days' notice of this motion by mail, email or through the Court's CM/ECF system to the following persons: (i) counsel to the United States Trustee; (ii) the Debtor;[2] and (iii) the parties on the ECF service list via CM/ECF electronic noticing.

24. Given that the Debtor owns and/or controls each of the Examinees listed on **Exhibit A**, the Trustee submits that notice of this motion on the Debtor be deemed sufficient to comply with Local Rule 2014-1. In light of the nature of the relief requested, the Trustee requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

WHEREFORE, the Trustee respectfully requests entry of an order, in substantially the form attached hereto granting the relief requested herein and such further relief as is just and appropriate.

---

[2] On May 1, 2024, the Court entered an order authorizing the Debtor's counsel to withdraw as counsel of record in the Case. [Dkt No. 132.] No substitute counsel has filed an appearance for the Debtor in the Case.

Respectfully submitted,

Ira Bodenstein, not individually, but as chapter 7 trustee for the bankruptcy estate of Frank Martin Paris, Jr.

Dated: July 22, 2024

By: /s/ Allen J. Guon
One of his attorneys

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com
*Counsel for Trustee*