IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-BK-16481 |
| | ) | |
| FRANK MARTIN PARIS, JR., | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |
| | ) | |
| | ) | Hearing Date: August 21, 2024 |
| | ) | Hearing Time: 10:00 a.m. |

**NOTICE OF MOTION**

To: See Attached List

  PLEASE TAKE NOTICE that on August 21, 2024, at 10:00 a.m., I will appear before the Honorable Daivd D. Cleary, or any judge sitting in that judge's place, <u>either</u> in courtroom 644 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604 or electronically as described below, and present ***Keystone & Stuart, LLC's Motion to Modify Automatic Stay***, a copy of which is attached and at which time you may appear if you so see fit.

  **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

  **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

  **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

  **Meeting ID and passcode.** The meeting ID for this hearing is 161 122 6457 and the passcode is Cleary644. The meeting ID and passcode can also be found on the judge's page on the court's web site.

  **If you object to this Motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

             **KEYSTONE & STUART LLC**, Movant


             By:  /s/ Ariel Weissberg
                One of its attorneys

Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
125 South Wacker Drive, Suite 300
Chicago, IL 60606
T. 312-663-0004 // F. 312-663-1514
Email: ariel@weissberglaw.com
Attorney No. 03125591

# CERTIFICATE OF SERVICE

I, Ariel Weissberg, certify that on August 8, 2024, I caused to be filed ***Keystone & Stuart, LLC's Motion to Modify Automatic Stay***. Notice of this filing was sent to all parties registered to receive notice in this case by electronic transmission through the court's CM/ECF system, including to the following parties:

- Paul M Bauch pbauch@bmlawllc.com  smohan@bmlawllc.com; 5242@notices.nextchapterbk.com
- Charles M. Baum charles.baum@fnf.com
- Ira Bodenstein iratrustee@cozen.com; IL29@ecfcbis.com
- Timothy W Brink tbrink@mpslaw.com; crampich@mpslaw.com
- Scott R Clar sclar@cranesimon.com mjoberhausen@cranesimon.com; asimon@cranesimon.com
- Cheryl A Considine bankruptcy@hsbattys.com; bk-4hsbm@gmail.com; hbm@ecf.courtdrive.com
- Thomas C Cronin tcc@cronincoltd.com
- Sean B Crotty scrotty@crottylaw.com  dmueller@colemanlawfirm.com; docket@crottylaw.com
- Daniel P. Dawson ddawson@nisen.com; adrag@nisen.com
- David DeCelles david.decelles@usdoj.gov
- John J Foley jack@foleylitigation.com
- Allen J Guon aguon@cozen.com; allen-guon-6333@ecf.pacerpro.com; cknez@cozen.com
- Steve Jakubowski sjakubowski@robbinsdimonte.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Thomas S. Leo sleo@leolawpc.com; officemanager@leolawpc.com
- Robert Lynch robert.lynch2@illinois.gov; robert.lynch@ilag.gov
- Sonette Magnus smagnus@thompsoncoburn.com
- Ann Addis Pantoga apantoga@thompsoncoburn.com
- Elizabeth E Richert erichert@crottylaw.com docket@crottylaw.com; dmueller@crottylaw.com
- Steven R Rogovin srogovin@mpslaw.com; crampich@mpslaw.com
- Carolina Y. Sales csales@robbinsdimonte.com mrussell@robbinsdimonte.com; jtronina@robbinsdimonte.com
- Jacob Wright jwright@dahlfirm.com
- Steven Yachik syachik@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com

**Via First Class Mail and Email:**

Frank Martin Paris, Jr.
1525 W. Homer, Suite 400
Chicago, IL 60642
Email: mparis@sedgwickproperties.com

**Via Email:**

Patrick O'Malley
Development Specialists, Inc.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
By: Pomalley@DSIConsulting.com

**Via First Class Mail:**

Thorngate LLC
Attn.: Registered Agent
800 N. Rainbow Blvd., Suite 208-21
Las Vegas, NV 89107


       /s/ Ariel Weissberg
        Ariel Weissberg

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-BK-16481 |
| | ) | |
| FRANK MARTIN PARIS, JR., | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. David D. Cleary |
| | ) | |
| | ) | Hearing Date:  August 21, 2024 |
| | ) | Hearing Time:  10:00 a.m. |

**KEYSTONE & STUART, LLC'S MOTION TO MODIFY AUTOMATIC STAY**

NOW COMES Movant, Keystone & Stuart, LLC ("Keystone"), by its attorneys, Ariel Weissberg and Weissberg and Associates, Ltd., and as *Keystone & Stuart, LLC's Motion to Modify Automatic Stay*, states as follows:

1. On December 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing this chapter 7 bankruptcy case (the "Case") and creating the Debtor's estate (the "Estate").

2. On the Petition Date, Ira Bodenstein was appointed as the Chapter 7 Trustee of the Estate.

3. Keystone is a creditor of the Debtor pursuant to a secured loan from Keystone to the Debtor in the principal amount of $675,000 pursuant to a Secured Note/Fixed Rate dated May 25, 2018 and a Stock Pledge Agreement dated May 25, 2018 by which the Debtor pledged his ownership of 49% of the issued and outstanding common capital stock of Martin NVII, Inc. ("NVII Stock") to Keystone to secure the sums due ("Secured Credit Facility").[1]

---

[1] Keystone also is owed in excess of $950,000 pursuant to a pre-petition credit facility with 2049 N. Sheffield, LLC, a property owned through Maeve, LLC Series K.  This loan is pursuant to an Amended and Restated Promissory

4. The loan documents evidencing the Secured Credit Facility are appended hereto as Group Exhibit 1: namely, the Secured Note/Fixed Rate dated May 25, 2018 and the Stock Pledge Agreement dated May 25, 2018 ("Stock Pledge Agreement"). Appended hereto as Exhibit 2 is a cashier's check that was tendered to the Debtor or on the Debtor's behalf to fund the Secured Credit Facility: namely, the check dated May 24, 2018 in the amount of $650,000 payable to the Clerk of the Circuit Court of Cook County (a separate payment of $25,000 was also advanced).

5. Through this Motion, Keystone is seeking to modify the automatic stay to pursue its rights as a secured creditor against the NVII Stock, and particularly, to foreclose on the NVII Stock pursuant to Article 9 of the Uniform Commercial Code through a public sale. At the public sale, Keystone intends to credit bid its indebtedness on the Secured Credit Facility. As of August 6, 2024, the indebtedness owed on the Secured Credit Facility is $1,632,252.17 ("Indebtedness").[2]

6. 11 U.S.C. § 362(a), in part, provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities of —

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ....

11 U.S.C. § 362(d) provides:

---

Note dated December 14, 2018 in the principal amount of $950,000. This loan matured on December 14, 2019 and is secured by a mortgage against the real property commonly known as 2049 N. Sheffield, Chicago, Illinois. Finally, Keystone is a creditor of the Debtor pursuant to an unsecured credit facility in the amount of $520,000.00 of which $350,000.00 was paid post-petition to "purge" the Debtor contempt in his Divorce action in late July, 2024.

[2] The Indebtedness comprises $675,000 in principal debt, $37,209 in pre-default interest, $885,937.50 in post-default interest, $46,314.67 in late fees and $25,000 in attorney's fees.

(d) On request of a party in interest and after notice of a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if —

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

7. The automatic stay should be modified pursuant to Section 362(d)(1) of the Bankruptcy Code for cause, including lack of adequate protection of Keystone's interest in the NVII Stock (this is a rapidly depreciating asset in light of the BDS Judgment, as defined below) and Section 362(d)(2) of the Bankruptcy Code because the Debtor does not have an equity in the NVII Stock and the NVII Stock is not necessary for an effective reorganization. On both grounds, first, the lack of adequate protection, and second, the lack of equity and the collateral "not being necessary for an effective reorganization" --are dictated by crisis created through the judgment entered in favor of BDS III Mortgage Capital G, LLC in the amount of $32,197,601.44 against Martin NVII, Inc. ("Martin NVII") in the action captioned as, *BDS III Mortgage Capital G, LLC v. Martin NVII, Inc. ("BDS Action")*, that was entered in the United States District Court for the Southern District of New York as Case No. 24 cv 01826 ("BDS Judgment"). The imminent post-judgment remedies of BDS III Mortgage Capital G, LLC in pursuit of the collection of the BDS Judgment is compelling "cause" for modifying the automatic stay, and emblematic of the NV II Stock being a rapidly depreciating asset. This is a situation created by the Debtor and the Chapter 7 Trustee, both of whom failed to defend against any adverse rulings

in the BDS Action.[3] Imminently, all of the assets of Martin NVII will be turned over to BDS III Mortgage Capital G, LLC in these post-judgment remedies, leaving the NVII Stock worthless. Even if the Chapter 7 Trustee were to commence a bankruptcy case for Martin NVII, eventually BDS III Mortgage Capital G, LLC will succeed in modifying the automatic stay to foreclose on the NVII Stock pursuant to Section 362(d)(2) of the Bankruptcy Code, in what is a one creditor (albeit a huge creditor) case, or the almost certain dismissal of the case as a bad faith filing.

8. Specifically, the value of the NVII Stock[4] is substantially less than the amount of the BDS Judgment, with the only asset of Martin NVII being Martin NVII's ownership of 99% of the issued and outstanding membership interest in Conor Management, LLC, which in turn, owns 99% of the limited partnership interests of Jack Enterprises Limited Partnership, which in turn owns 99% of the Maeve, LLC—Series membership interests. Maeve, LLC owns real properties with combined "equity" of less than $1,500,000.[5] As such, in light of the BDS Judgment and the Secured Credit Facility there is no equity in the NVII Stock. Also, in light of the BDS Judgment and the Secured Credit Facility, the NVII Stock is not necessary for an effective reorganization.

9. The value of the NVII Stock is informed by Keystone's rights to "governance" through the Stock Pledge Agreement. Specifically, the value of the NVII Stock is greatly

---

[3] Negative action caused by the omissions or actions by the Debtor, and here, the Chapter 7 Trustee, and based on equitable considerations, are strong grounds for modifying the automatic stay, See *In re Fernstrom Storage and Van Co.*, 938 F.2d. 731, 735 (7th Cir. 1991) Those equitable considerations are very clear in this case considering the imminent loss of value to the NVII Stock and the irreparable harm to Keystone's interests in its collateral.

[4] The NVII Stock is owned in the following proportions: Frank Martin Paris through his Frank Martin Paris, Jr. Revocable Trust owns 85% of the issued and outstanding common capital stock of Martin NVII, Keystone owns 2% of the issued stock of Martin NVII and the balance of 15% of stock is owned by the Declaration of Trust for Frank Martin Paris III, Conor Reidy Paris and any future born children of Frank Martin Paris.

[5] Many of these Maeve real properties are under-performing, experiencing financial distressed or on the brink of financial distress. Now, in light of the BDS Judgment, the values of these properties is diminishing since any prospective purchase price from a prospective purchaser will be informed by the BDS Judgment and the panic embodied in the Chapter 7 Trustee's *Trustee's Motion for the Entry of an Order (1) Authorizing the Trustee to use Debtor's Ownership Interest in and Control Over Martin NV II, Inc. to File a Chapter 7 Petition on behalf of Martin NV II, Inc. and (II) Approving Shortened and Limited Notice* filed on July 17, 2024 (DE 191).

diminished by a lack of voting rights in the Debtor, and by virtue of the pending Chapter 7 case, afforded to the Chapter 7 Trustee. In light of the default under the terms of the Promissory Note and the Stock Pledge Agreement, only Keystone has voting rights associated with the NVII Stock. The loss of voting rights substantially reduces the value of the NVII Stock:

> 4. <u>Voting Rights; Dividends, etc.</u>
>
> (A) So long as no Event of Default (as hereinafter defined) shall have occurred and be continuing Pledgor shall be entitled to exercise any and all voting and other consensual rights pertaining to the Collateral or any part thereof for any purpose not inconsistent with the terms of this Agreement or any other agreement executed by and between Pledgor and Secured Party; <u>provided, however,</u> that Pledgor shall not exercise or refrain from exercising any such right if, at Secured Party's judgment, such action would have a material adverse effect upon the Collateral or any part thereof, and, <u>provided, further,</u> that Pledgor shall give Secured Party at least five (5) days written notice of the manner in which he intends to exercise, or the reasons for refraining from exercising, any such rights.
>
> (B) Secured Party shall execute and deliver (or cause to be executed and delivered) to Pledgor all such proxies and other instruments as Pledgor may reasonably request for the purpose of enabling Pledgor to exercise the voting and other rights which Pledgor is entitled to exercise pursuant hereto.
> (C) Upon the occurrence and during the continuation of an Event of Default (as hereinafter defined), all rights of Pledgor to exercise the voting and other consensual rights which Pledgor would otherwise be entitled to exercise pursuant to section 4(A) of this Agreement Agreement shall immediately cease and all such rights shall thereupon become immediately vested in Secured Party who shall thereupon have the sole right to exercise such voting; and,

Stock Pledge Agreement paras. 4(A)-(C).

10. Also in support of this Motion, Keystone adopts the facts and statements contained in paragraphs 8 through 22 of the Chapter 7 Trustee's *Trustee's Motion for the Entry of an Order (1) Authorizing the Trustee to use Debtor's Ownership Interest in and Control Over Martin NV II, Inc. to File a Chapter 7 Petition on behalf of Martin NV II, Inc. and (II) Approving Shortened and Limited Notice* filed on July 17, 2024 (DE 191), as if fully stated herein.

11. In light of the foregoing, this Court should modify the automatic stay to allow Keystone to pursue its rights as a secured creditor against the NVII Stock, and particularly, to

foreclose on the NVII Stock pursuant to Article 9 of the Uniform Commercial Code through a public sale, with a credit bid of $1,632,252.17 plus a per diem of $462.33 through the date of sale.

WHEREFORE, Movant, Keystone & Stuart, LLC, prays that this Court enter an Order modifying the automatic stay to allow Keystone & Stewart, LLC to pursue its rights as a secured creditor against the NVII Stock, and particularly, to foreclose on the NVII Stock pursuant to Article 9 of the Uniform Commercial Code through a public sale, with a credit bid of $1,632,252.17 plus a per diem of $462.33 through the date of sale; and for such other and further relief as this Court deems just and proper.

Dated: August 8, 2024                    KEYSTONE & STUART LLC, Movant


                                         By:    /s/ Ariel Weissberg
                                              One of its attorneys


Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
125 South Wacker Drive, Suite 300
Chicago, IL 60606
T. 312-663-0004 // F. 312-663-1514
Email: ariel@weissberglaw.com
Attorney No. 03125591