**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## NOTICE OF MOTION

To:     See Attached List

     **PLEASE TAKE NOTICE** that on **November 6, 2024, at 10:30 a.m.**, I will appear before the Honorable Daivd D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604 **or** electronically as described below, and present the **Trustee's Motion For Entry Of An Order: (I) Requiring The Debtor To Turnover Certain Watercraft Assets; And (II) Authorizing The Trustee To Enter Into The Assignment Of Watercraft Assets With Kerry Paris**, a copy of which is attached.

     **Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

     **To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

     **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

     **Meeting ID and passcode**. The meeting ID for this hearing is **161 122 6457** and the passcode is **Cleary644**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

     **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

                    Ira Bodenstein, not individually, but as chapter
                    7 trustee for the estate of Frank Martin Paris, Jr.

Dated: October 21, 2024        By:   /s/ Allen J. Guon
                                One of his attorneys

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com

## CERTIFICATE OF SERVICE

Allen J. Guon, an attorney, certifies that he caused to be served a true copy of **Notice of Motion** and **Trustee's Motion For Entry Of An Order: (I) Requiring The Debtor To Turnover Certain Watercraft Assets; And (II) Authorizing The Trustee To Enter Into The Assignment Of Watercraft Assets With Kerry Paris** upon the Electronic Mail Notice List through the ECF System (unless otherwise indicated) which sent notification of such filing via electronic means on October 21, 2024.

/s/ Allen J. Guon

## Mailing Information for Case 23-16481

**Electronic Mail Notice List**

- **Hall Adams** hall@adamslegal.net
- **Paul M Bauch** pbauch@bmlawllc.com, smohan@bmlawllc.com;5242@notices.nextchapterbk.com
- **Ira Bodenstein** iratrustee@cozen.com, IL29@ecfcbis.com
- **Adam Brief** Ustpregion11.es.ecf@usdoj.gov
- **Timothy W Brink** tbrink@mpslaw.com, crampich@mpslaw.com
- **Cheryl A Considine** bankruptcy@hsbattys.com, bk-4hsbm@gmail.com,hbm@ecf.courtdrive.com
- **Thomas C Cronin** tcc@cronincoltd.com
- **Sean B Crotty** sbc@cronincoltd.com, admin@cronincoltd.com
- **Daniel P. Dawson** ddawson@nisen.com, adrag@nisen.com
- **David DeCelles** david.decelles@usdoj.gov
- **William J Factor** wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bsass@wfactorlaw.com;wfactor@ecf.courtdrive.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com
- **John J Foley** jack@foleylitigation.com
- **Allen J Guon** aguon@cozen.com, allen-guon-6333@ecf.pacerpro.com;cknez@cozen.com
- **Thomas Herz Jr.** tgahlaw@yahoo.com
- **Steve Jakubowski** sjakubowski@robbinsdimonte.com, steve.jakubowski.lp@gmail.com

- **Cari A Kauffman**    ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com
- **Thomas S. Leo**    sleo@leolawpc.com, paralegal@leolawpc.com
- **Robert Lynch**    robert.lynch2@illinois.gov, robert.lynch@ilag.gov
- **Sonette Magnus**    smagnus@thompsoncoburn.com
- **Ann Addis Pantoga**    apantoga@thompsoncoburn.com
- **Robert Radasevich**    rradasevich@nge.com, ewilson@nge.com,ecfdocket@nge.com
- **Steven R Rogovin**    srogovin@mpslaw.com, crampich@mpslaw.com
- **Carole G. Ruzich**    carole@griffingallagher.com
- **Carolina Y. Sales**    csales@robbinsdimonte.com, mrussell@robbinsdimonte.com;jtronina@robbinsdimonte.com
- **Ariel Weissberg**    ariel@weissberglaw.com, Hava@weissberglaw.com;rakesh@weissberglaw.com;oleh@weissberglaw.com;6010998420@filings.docketbird.com
- **Jacob Wright**    jwright@dahlfirm.com
- **Steven Yachik**    syachik@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com

**Manual Notice List (in the manner indicated)**

**<u>Via Email</u>**
Frank Martin Paris, Jr.
1525 W. Homer, Suite 400
Chicago, IL 60642
[mparis@sedgwickproperties.com](mailto:mparis@sedgwickproperties.com)

**<u>Via Email</u>**
Patrick O'Malley
Taylor Caruso
Development Specialists, Inc.
10 South LaSalle Street, Suite 3300
Chicago, Illinois 60603
[Pomalley@DSIConsulting.com](mailto:Pomalley@DSIConsulting.com)
[tcaruso@DSIConsulting.com](mailto:tcaruso@DSIConsulting.com)

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| FRANK MARTIN PARIS, JR., | Case No. 23-16481 |
| Debtor. | Hon. David D. Cleary |

## TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) REQUIRING THE DEBTOR TO TURNOVER CERTAIN WATERCRAFT ASSETS; AND (II) AUTHORIZING THE TRUSTEE TO ENTER INTO THE ASSIGNMENT OF WATERCRAFT ASSETS WITH KERRY PARIS

Ira Bodenstein, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estate of Frank Martin Paris, Jr. (the "Debtor"), pursuant to 11 U.S.C. §§ 105(a), 521(a), 542(a) and 704(a)(1), requests the entry of an order: (i) requiring the Debtor to turnover to the Trustee the Debtor's 1957 Century Resorter, a boat trailer, and 2 wave runners/jet skis (collectively, the "Watercraft Assets"); and (ii) authorizing the Trustee to enter into the Assignment of Watercraft Assets (the "Watercraft Assignment") with Kerry Paris ("Kerry"), attached hereto as **Exhibit A**. In support of the Motion, the Trustee respectfully states as follows:

### BACKGROUND

1.      On December 8, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing this chapter 7 bankruptcy case (the "Case") and creating the Debtor's estate (the "Estate").

2.      On February 21, 2024, the Debtor filed a motion to convert his pending chapter 7 case to a case under subchapter V of chapter 11. [Dkt. No. 65.] The Court denied the Debtor's motion on the basis that conversion to chapter 11 would be futile as reflected in the *Order Denying Motion to Convert to Chapter 11*, dated June 17, 2024. [Dkt. No. 177.]

3.     On June 12, 2024, the Trustee issued his initial report of assets and requested that notice be sent to creditors fixing the time for filing claims. [Dkt. No. 173.]

4.     The Trustee has not yet concluded the § 341 meeting of creditors. The continued § 341 meeting will be scheduled once the Debtor complies with his obligation to produce the records requested by the Trustee.

5.     This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E).

## BACKGROUND

### A.     The Debtor's Co-ownership of the Watercraft Assets

6.     In 2016, Kerry Paris ("Kerry") filed a Petition for Dissolution of Marriage against the Debtor in the Circuit Court of Cook County, Illinois (the "State Court"). In connection with his divorce proceedings, the Debtor filed a Financial Affidavit under penalty of perjury that identified all of his assets. A copy of the Financial Affidavit is attached as **Exhibit B**.

7.     The Debtor confirmed in his Financial Affidavit that he owned the Watercraft Assets. **Ex. B**, at p.7.

8.     As further evidence of his ownership, the Debtor also insured the Resorter.[1]

9.     On December 2, 2022, the State Court entered its *Memorandum and Order: Judgment for Dissolution of Marriage*, dated December 2, 2022 (the "JDOM").

---

[1] The Trustee does not have copies of all of the Debtor's insurance policies. However, an example of a declarations page showing that the Debtor insured the Resorter is attached as **Exhibit C**.

10.     On October 26, 2023, the State Court entered an Order (the "October 26 Order") clarifying the JDOM and, among other things, apportioning ownership of the Watercraft Assets equally to both the Kerry and Debtor. A copy of the October 26, 2023 Order is attached hereto as **Exhibit D**.

11.     The State Court further authorized Kerry to sell the Watercraft Assets as soon as possible. Upon a sale of the Watercraft Assets, the State Court required that 50% of the sale proceeds belonged to Kerry and the Debtor's 50% share of the sale proceeds was to be paid to Kerry as a credit to the Debtor for past due maintenance obligations. **Ex. D**, at ¶ 16.

**B.      The Debtor's Schedules**

12.     The Debtor did not list the 1957 Century Resorter and a boat trailer (collectively, the "Resorter") in his Schedule A/B. [*See* Dkt. No. 38, 70.]

13.     The Debtor's Schedule A/B lists the 2 wave runners as "Jet skis" in his Schedule A/B. [*See* Dkt. No. 70; Sched. A/B #4.] The Debtor also asserts a $600 exemption for the Jet Skis in Schedule C. [*See* Dkt. No. 70; Sched. C #2.]

14.     Despite the representations made in his Financial Affidavit and the State Court's ruling in the October 26 Order, the Debtor now takes the position that the Resorter is owned by his mother.

**C.      Kerry's Assignment of her Interest in the Watercraft Assets to the Estate**

15.     Although the Watercraft Assets are in his possession, custody, or control, the Debtor refused to turnover the Watercraft Assets to Kerry for sale as required by the State Court in the October 26 Order.

16.     Since she has been unable to recover the Watercraft Assets, Kerry agreed to assign all of her interest in and to Watercraft Assets and their proceeds to the Trustee for the benefit of the Estate and its creditors pursuant to the terms of the Assignment. *See* **Ex. C.**

17.     The Trustee has agreed to accept the assignment of the Watercraft Assets pursuant to the terms of the Assignment.

18.     Under the Assignment, Kerry assigns all of her right title and interest in and to the Watercraft Assets, including the right to receive the proceeds from the sale or other liquidation of the Watercraft Assets to the Trustee for the benefit of the Estate and its creditors.

19.     In the event that the Trustee determines, in his sole business discretion, that the Watercraft Assets are burdensome to the Estate or are of inconsequential value or benefit to the Estate, the Assignment provides that the Trustee shall file a notice with the Court abandoning the Watercraft Assets to Kerry pursuant to § 554 of the Bankruptcy Code (the "Abandonment Notice"). The Watercraft Assets shall be deemed abandoned to Kerry pursuant to § 554 of the Bankruptcy Code without further order of the Bankruptcy Court upon the earlier of: (i) the Trustee's filing of the Abandonment Notice with the Bankruptcy Court or (ii) the closing of the Bankruptcy Case if Watercraft Assets have not been liquidated or otherwise administered as of that date. *See* **Ex. C.**, at ¶ 4.

## RELIEF REQUESTED

20.     By this Motion, the Trustee seeks the entry of an order, pursuant to §§ 105(a), 521(a), 542(a) and 704(a)(1) of the Bankruptcy Code; (i) requiring and directing the Debtor to turnover the Watercraft Assets to the Trustee at a time and date to be chosen by the Trustee; and (ii) authorizing the Trustee to enter into the Assignment.

21.     The Trustee intends to sell the Watercraft Assets for the benefit of the Debtor's creditors by separate motion.

## BASIS FOR RELIEF

22.     Property of the Estate must be turned over to the Trustee. 11 U.S.C. § 542(a); s*ee also Thompson v. General Motors Acceptance Corp.*, *LLC*, 566 F.3d 699, 704 (7th Cir. 2009) (turnover under § 542(a) is compulsory). Section 542(a) of the Bankruptcy Code provides that "an entity ... in possession, custody, or control ... of property that the trustee may use, sell, or lease … shall deliver to the trustee, and account for, such property or the value of such property." 11 U.S.C. § 542(a).

23.     Section 521 of the Bankruptcy Code sets forth many of the debtor's duties to cooperate with a chapter 7 trustee. Section 521(a)(4) of the Bankruptcy Code imposes a mandatory duty of the Debtor to "surrender to the trustee all property of the estate." 11 U.S.C. § 521(a)(4). Further, § 521(a)(3) of the Bankruptcy Code requires the debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties [under the Bankruptcy Code]."

24.     Section 704(a) of the Bankruptcy Code sets forth a chapter 7 trustee's duties. Section 704(a)(1) provides that the trustee "shall … collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Here, the Debtor is in possession of certain property of the Estate—namely, the Watercraft Assets—which the Trustee has a duty to collect and reduce to money. 11 U.S.C. § 704(a)(1). Furthermore, a bankruptcy court has statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

25.     The Debtor should be ordered to turnover the Watercraft Assets to the Trustee. The Court should also authorize the Trustee to enter into the Assignment. The Assignment will enable

the Trustee to decide whether to liquidate the Watercraft Assets for the benefit of the Estate while also providing the Trustee with the option to abandon the Watercraft Assets to Kerry if the Watercraft Assets cannot be liquidated in a cost effective manner.

WHEREFORE, the Trustee respectfully requests that the Court enter an order in substantially the form attached hereto: (i) directing the Debtor to turnover the Watercraft Assets to the Trustee as set forth in the motion; (ii) authorizing the Trustee to enter into the Assignment with Kerry; and (iii) providing such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

Ira Bodenstein, not individually, but as chapter 7 trustee for the bankruptcy estate of Frank Martin Paris, Jr.

Dated: October 21, 2024

By:  /s/ Allen J. Guon
     One of his attorneys

Allen J. Guon
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
P: (312) 474-4450
aguon@cozen.com
*Counsel for Trustee*

6

# EXHIBIT A

# ASSIGNMENT OF WATERCRAFT ASSETS

This Assignment is entered into as of October 18, 2024, by and between Kerry Paris ("**Assignor**") and Ira Bodenstein, not individually, but as chapter 7 trustee (the "**Assignee**") for the bankruptcy estate (the "**Estate**") of Frank Martin Paris, Jr. (the "**Debtor**").

## RECITALS

WHEREAS, on December 8, 2023, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**"), thereby commencing the bankruptcy case, styled *In re Frank Martin Paris, Jr.*, Case No. 23-16481 (the "**Bankruptcy Case**");

WHEREAS, Assignee is the duly appointed chapter 7 trustee of the Estate;

WHEREAS, Assignor and Debtor are parties to divorce proceeding entitled *In re Marriage of Paris*, pending in the Circuit Court of Cook County (the "**State Court**"), as Case No. 2016D4685;

WHEREAS, on December 2, 2022, the State Court entered its *Memorandum and Order: Judgment for Dissolution of Marriage*, dated December 2, 2022 (the "**JDOM**");

WHEREAS, on October 26, 2023, the State Court entered an Order (the "**October 26 Order**") clarifying the JDOM and, among other things, apportioning ownership of a certain 1957 Century Resorter, a boat trailer, and 2 wave runners (collectively, the "**Watercraft Assets**") equally to both the Assignor and Debtor. The State Court further authorized Assignor to sell the Watercraft Assets as soon as possible. Upon a sale of the Watercraft Assets, the State Court required that 50% of the sale proceeds belonged to Assignor and the Debtor's 50% share of the sale proceeds was to be paid to Assignor as a credit to the Debtor for past due maintenance obligations. A copy of the October 26, 2023 Order is attached hereto as **Exhibit 1**;

WHEREAS, the Debtor has failed and refused to turnover the Watercraft Assets to Assignor for sale as required by the State Court in the October 26 Order;

WHEREAS, Assignor seeks to assign all of her right title and interest in and to the Watercraft Assets, including the right to receive the proceeds from the sale or other liquidation of the Watercraft Assets to the Trustee for the benefit of the Estate and its creditors (the "**Assigned Watercraft Rights**");

WHEREAS, Assignor is a substantial creditor of the Estate and will benefit along with the Estate's other creditors from the Trustee's recovery and liquidation of the Assigned Watercraft Assets;

WHEREAS, Assignor wishes to assign to Assignee the Assigned Watercraft Assets, and Assignee wishes to accept such assignment in accordance with this Assignment.

# AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and incorporating the recitals set forth above, the parties hereto agree as follows:

1.     **Assignment**. Assignor hereby assigns, transfers and conveys to Assignee, all of Assignor's right title and interest in and to the Assigned Watercraft Assets.

2.     **Acceptance**. Assignee hereby accepts the assignment, transfer and conveyance of the Assigned Watercraft Rights.

3.     **Successors and Assigns; Modification**. This Assignment shall inure to the benefit of and be binding upon the successors and assigns of the parties hereto. This Assignment may not be modified, discharged, terminated, or assigned orally or in any manner other than by an agreement in writing signed by the parties hereto or their respective successors and assigns.

4.     **Abandonment**. In the event that Assignee determines, in his sole business discretion, that the Assigned Watercraft Assets are burdensome to the Estate or are of inconsequential value or benefit to the Estate, the Trustee shall file a notice with the Court abandoning the Assigned Watercraft Assets to Assignor pursuant to § 554 of the Bankruptcy Code (the "**Abandonment Notice**"). The Watercraft Assets shall be deemed abandoned to Assignor pursuant to § 554 of the Bankruptcy Code without further order of the Bankruptcy Court upon the earlier of: (i) the Trustee's filing of the Abandonment Notice with the Bankruptcy Court or (ii) the closing of the Bankruptcy Case if Assigned Watercraft Assets have not been liquidated or otherwise administered as of that date.

5.     **Further Assurances**. Until the closing of the Bankruptcy Case, each party shall execute and deliver such further documents and instruments and will take such other actions as may be reasonably required or appropriate to evidence or carry out the intent and purposes of this Assignment.

6.     **Governing Law**. This Assignment shall be governed by and in all respects construed in accordance with the internal laws of the Illinois, without regard to choice of law or conflict of law principles.

7.     **Multiple Counterparts**. This Assignment may be executed in one or more counterparts (including via email with scan attachment or facsimile), each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.     **Bankruptcy Court Approval**. The effectiveness of this Assignment is subject to approval of the Bankruptcy Court. Any disputes between the parties regarding this Assignment shall be resolved by the Bankruptcy Court.

[Signature Page Follows]

IN WITNESS WHEREOF, the parties have executed this Assignment as of the date first written above.


**ASSIGNOR:**

_____
Kerry Paris


**ASSIGNEE:**


_____
Ira Bodenstein, not individually, but
as chapter 7 trustee for the bankruptcy
 estate of Frank Martin Paris, Jr.

# EXHIBIT B

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts

| | | |
|---|---|---|
| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>COOK COUNTY | **FINANCIAL AFFIDAVIT**<br>(FAMILY & DIVORCE CASES)<br>☒ Pre-Judgement ☐ Post-Judgement | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | KERRY PARIS<br>**Petitioner** (*First, middle, last name*) | |
| Enter name of the Petitioner, the Respondent, and the case number as listed in the initial Petition or Complaint. | V.<br><br>FRANK MARTIN PARIS, JR. | |
| Enter the Case Number given by the Circuit Clerk. | **Respondent** (*First, middle, last name*) | 16 D 004685<br>Case Number |

**IMPORTANT:** (1) If you intentionally or recklessly enter inaccurate or misleading information on this form, you may face significant penalties and sanctions, including costs and attorney's fees; and (2) If you need more room to complete this form, complete and attach the *Additional Information for the Financial Affidavit* form.

1. I am the ☐ Petitioner ☒ Respondent in this case.

2. I swear or affirm the information in this *Financial Affidavit* and all attached documents is true and correct as of <u>7/1/2016</u> .
   *Date*

   In 3a-d, check the boxes of the documents you are attaching to this form as evidence of your income, assets, and debts. If you select **3d**, enter the names of the additional documents you are attaching.

3. I attached the most recent copies of the following documents (*check all that apply*) :
   a. ☒ income tax returns
   b. ☒ pay stubs or other proof of income
   c. ☒ bank statements
   d. ☐ other supporting documents:

   In **4**, do not complete **4b** and **4c** if your information is protected because of domestic violence or abuse.

4. **Information about myself:**
   a. Name: <u>Frank</u>     <u>Martin</u>     <u>Paris, Jr.</u>
      *First*     *Middle*     *Last*
   b. Phone Number: <u>(312) 560-7022</u>
   c. Home Address: <u>711 Park Avenue</u>
      *Street Address, Apt.*
      <u>River Forest</u>     <u>IL</u>     <u>60305</u>
      *City*     *State*     *ZIP*
   d. Date of Birth: <u>November 23, 1968</u>

   In 5b, if you are already divorced from each other, enter the date the divorce was granted.

5. **Information about this relationship:**
   a. We were married or united: ☒ Yes <u>August 10, 2002</u> ☐ No
      *Date*
   b. We are divorced: ☐ Yes_____ ☒ No
      *Date*
   c. We currently live together: ☒ Yes     ☐ No

   In 5c, if you do not live together, enter the date you separated.

6. **Information about other household members:**
   I currently live with another adult who is not the Petitioner or Respondent in this case who helps pay my expenses: ☐ Yes ☒ No

**7. Children:**

In 7b, check the box to indicate who each child of this relationship lives with. Check both boxes if the child lives with both parents. If the child does not live with both parents. If the child does not live with Petitioner or Respondent, do not check either box.

a.     Children were born or adopted as a result of this relationship: ☒ Yes    ☐ No

| b. | Name of Child of this Relationship | Date of Birth | Lives with | |
|---|---|---|---|---|
| 1. | F.M.P III | 2/17/04 | ☒ Petitioner | ☒ Respondent |
| 2. | C.P. | 2/17/04 | ☒ Petitioner | ☒ Respondent |
| 3. | M.P. | 4/13/05 | ☒ Petitioner | ☒ Respondent |
| 4. | J.P.P. | 10/4/06 | ☒ Petitioner | ☒ Respondent |
| 5. | Q.P. | 11/14/09 | ☒ Petitioner | ☒ Respondent |
| 6. | G.P. | 4/24/12 | ☒ Petitioner | ☒ Respondent |
| 7. | H.P. | 8/28/13 | ☒ Petitioner | ☒ Respondent |

c.     Other children not of this relationship live with me: ☐ Yes ☒ No

**8. My employment:**

In 8a, check all that apply. Provide all information requested about your jobs, including all full-time, part-time, temporary, contract, or other work. If you need more room to list additional employment, complete and attach *Additional Information for the Financial Affidavit*.

a.     I am ☐ unemployed    ☒ self-employed    ☐ employed by someone else

b.     Employer name: Sedgwick Payroll, LLC

c.     Employer address: 1525 W. Homer
                      *Street Address, Apt.*

        Chicago            IL           60305
        *City*             *State*           *ZIP*

d.     Number of paychecks per year: ☐ 12 (*monthly*)    ☒ 24 (*two times a month*)
                                      ☐ 26 (every two weeks) ☐ 52 (weekly)
                                      ☐ I am paid in chase

In 8e, enter your total gross income from all sources from January 1 of this year through the date you list.

e.     Gross income (before taxes and deductions) so far this year $60,000 (*salary*) +
    $102,000 (*draw*) + $8,400 (*rental receipts*) + interest & dividends as of July 1, 2016

**9. My gross income and taxes from last year:**

In 9a, check only one.

In 9a-d, enter the information you submitted on last year's IRS tax return. If you did not file a tax return for last year, check **Did not file**, leave a-d blank but still complete **9e**.

a.     Tax filing status: ☒ Married (*Joint*)    ☐ Married (*Separate*)    ☐ Single
                         ☐ Head of Household    ☐ Did not file

b.     Number of dependent exemptions claimed: _____8_____

c.     Total number of exemptions claimed: _____8_____

d.     Amount of most recent tax refund: $0.00 _____ or amount owed $ TBD [1]

e.     Gross income (*before taxes and deductions*) last year: $ TBD [1]

**10. Bankruptcy in the last 5 years:**

For help in calculating monthly amounts, see *How to Complete a Financial Affidavit*.

    I filed for bankruptcy in the last 5 years: ☐ Yes    ☒ No

**11. My gross monthly income (*before taxes and deductions*) is:**

In **11**, **Regular employment earnings** mean the monthly gross income you receive on a regular basis from employment.

| | |
|---|---|
| Regular employment earnings (salary, wages, base pay, etc.) | $ 10,000.00 |
| Overtime | $ 0.00 |
| Draw | $ 17,000.00 [2] |
| Bonus | $ 0.00 |

---

[1] Respondent's 2015 Income Tax Returns have not been completed yet.
[2] Respondent draws $17,000/mo from Sedgwick Payroll. This amount is funded by fees earned by Sedgwick related entities paid to those entities by approximately $43,265.300.00 in mortgage and construction loans personally guaranteed by Respondent.

CONFIDENTIAL

| | | |
|---|---|---|
| Pension | $ | 0.00 |
| Annuity | $ | 0.00 |
| Interest income | $ | Reinvested [3] |
| Dividend income | $ | Incl. in interest income |
| Trust income | $ | 0.00 |
| Social Security: ☐SSI ☐SSDI ☐retirement (check all that apply) | $ | 0.00 |
| Unemployment benefits | $ | 0.00 |
| Disability payment (not Social Security) | $ | 0.00 |
| Workers' compensation | $ | 0.00 |
| TANF and SNAP | $ | 0.00 |
| Military allowances | $ | 0.00 |
| Investment income | $ | 0.00 |
| Rental income | $ | 1,400.00 [4]   (avg) |
| Partnership income | $ | 0.00 |
| Distribution and draws | $ | 0.00 |
| Royalty income | $ | 0.00 |
| Educational funds (include payments made directly to the school) | $ | 0.00 |
| Maintenance | $ | 0.00 |
| Child support for children of this relationship | $ | 0.00 |
| Child support for children not of this relationship | $ | 0.00 |
| Gifts of money | $ | 0.00 |
| Other Phantom Income | $ | 0.00 [5] |
| Other Terese Vaiceliuniene's [6] salary paid by Sedgwick | $ | 2,080.00 |
| **Total Gross Monthly Income** | **$** | **30,480.00** |

Income other than **Regular employment earnings,** such as **Overtime, Commission,** or **Bonus** should be listed separately.

For **Educational funds** include fellowships, stipends, grants, scholarships, etc.

If you have other monthly income not listed in 11, list the income sources in **Other** and enter the amount.

In **Total Gross Monthly income,** add the amounts in 11 together and enter the total.

For help in calculating monthly amounts, see *How to Complete a Financial Affidavit.*

In 12, use information from your paystubs, tax records, and other sources to identify all properly calculated deductions.

12. **My monthly gross deductions are:**

| | | |
|---|---|---|
| Federal tax | $ | 9,155.00 [7] |
| State tax | $ | 2,049.00 [7] |
| FICA (or Social Security equivalent) | $ | 620.00 |
| Medicare Tax | $ | 145.00 |
| Mandatory retirement contributions (by law or condition of employment) | $ | 0.00 |
| Union dues | $ | 0.00 |
| Health insurance premiums (medical, dental, vision) | $ | 67.00 |

[3] Estimate. Respondent reinvests the interest & dividends Maeve, LLC receives from the brokerage accounts that secure Respondent's line of credit, thus expanding/increasing Respondent's line of credit to do business. The expanded/increased line of credit through reinvested interest & dividends then services interest on the line of credit.
[4] Average rental income Respondent receives from property he owns with Petitioner's sisters who manage the properties and determine his share of the rent monies.
[5] Respondent is attributed income via Schedule K-1s from entities he has interest in, but he receives no distribution of that income. It is phantom income taxable to him.
[6] The parties' housekeeper/childcare provider is paid by Sedgwick Payroll, LLC
[7] Estimate, including taxes for interest & dividends reinvested but not including taxes on phantom income from Schedule K-1s where Respondent did not take a distribution.

Life insurance premiums to secure child support $ 0.00

Child support actually paid under a court order in a different case $ 0.00

Maintenance actually paid under a court order in a different case $ 0.00

Maintenance actually paid/payable under court order in this case $ 0.00

Expenditures for repayment of debts that represent reasonable and necessary expenses for the production of income including but not limited to, student loans, medical expenditures necessary to preserve life or health, reasonable expenditures for the benefit of the child and other parent, exclusive of gifts. $ 0.00

Foster care payment paid by DCFS $ 0.00

**Total Monthly Deductions** $ **12,036.00**

> In **Total Monthly Deductions**, add the amounts in 12 together and enter the total.

**13.** **My monthly living expenses are:**

a. Household Expenses

> For help in calculating monthly amounts, see *How to Complete a Financial Affidavit*.

> In **13a**, enter the amount your household spends on each item each month.

| | | |
|---|---|---|
| Mortgage | $ | 5,568.88 |
| Home equity (HELOC) and second mortgage | $ | 0.00 |
| Real estate taxes based on 2015 tax bills | $ | 2,418.87 |
| Homeowners/condo association dues and assessments | $ | 0.00 |
| Homeowners or renters insurance | $ | 354.00 |
| Gas | $ | 149.00 *(avg)* |
| Electric | $ | 450.00 *(avg)* |
| Telephone, including cell phone plan | $ | Paid by business+Bundle+30.00 |
| Cable, satellite TV and/or streaming services | $ | Included in bundle |
| Internet, phone & cable bundle | $ | 369.00 |
| Water and sewer | $ | 484.00 *(avg)* |
| Garbage removal | $ | Included above |
| Laundry and dry cleaning | $ | 248.00 *(est)* |
| House cleaning service | $ | Incl. in childcare&siters |
| Necessary repairs and maintenance to my property | $ | 550.00 *(est)* |
| Pet care | $ | 0.00 |
| Groceries, household supplies and toiletries | $ | 1,799.00 *(est)* |
| Other: lawn/garden/snow removal | $ | 331.00 *(est)* |
| Other: furniture, furnishings, appliance repair/replacement | $ | 231.00 *(est)* |

> If you have other monthly living expenses not listed in **13a**, list the expense in **Other** and enter the amount.

> In **Subtotal Monthly Household Expenses**, add the amounts in **13a** together and enter the total.

**Subtotal Monthly Household Expenses** $ **12,982.75**

b. Transportation Expenses

> In **13b**, enter the amount you spend monthly on each type of transportation expense.

> If you have other transportation expenses not listed in **13b**, describe the expense in **Other** and enter the amount.

> In **Subtotal Monthly Transportation Expenses**, add the amounts in **13b** together and enter the total.

| | | |
|---|---|---|
| Car payment | $ | Paid for by business |
| Repairs and maintenance | $ | Paid for by business |
| Insurance, license, and city stickers | $ | 325.00+40.00 |
| Gasoline | $ | Paid for by business |
| Taxi, ride-share, bus and train | $ | Paid for by business |
| Parking | $ | Paid for by business |
| Other: car wash, tolls/i-pass, auto supplies, AAA | $ | Paid for by business |

**Subtotal Monthly Transportation Expenses** $ **365.00**

<table>
<tr><td></td><td>c.</td><td colspan="2">Personal Expenses</td></tr>
</table>

c.      Personal Expenses

*In 13c, enter the amount you spend monthly only for yourself on each type of expenses.  Do not include expenses you are reimbursed for through insurance or your employer.*

Medical (*out-of-pocket expenses*)

| | |
|---|---|
| Doctor visits | $ 30.00 |
| Therapy and counseling | $ 50.00 |
| Dental and orthodontia | $ 50.00 |
| Optical | $ 0.00 |
| Medicine | $ 23.00 |

Life insurance (*not required by law to secure child support*)

| | |
|---|---|
| Life (*term*) | $ 360.00 [8] |
| Life (whole or annuity) | $ 0.00 |
| Clothing | $ 300.00  (*est*) |
| Grooming (*hair, nails, spa, etc.*) | $ 50.00  (*est*) |
| Club membership dues | $ 1,905.00  (*avg*) |
| Entertainment, dining out and hobbies | $ 578.00  (*est*) |
| Newspapers, magazines and subscriptions | $ 50.00  (*est*) |
| Gifts | $ 100.00  (*est*) |
| Donations (*political, religious, charity, etc.*) | $Paid by business+72.00 |
| Vacations | $Incl. below w/kids |
| Voluntary trade or professional association dues | $Paid for by business |
| Professional fees (*accountants, tax preparers, etc.*) | $291.00+624.00 |
| Other: | $ 0.00 |
| **Subtotal Monthly Personal Expenses** | **$ 4,483.00** |

*If you have other personal expenses not listed in 13c, describe the expense in **Other** and enter the amount.*

*In **Subtotal Monthly Personal Expenses**, add the amounts in 13c together and enter the total.*

d.      Minor and Dependent Children Expenses:

*In 13d, enter the amount you spend monthly on the minor and dependent children of this relationship.*

| | |
|---|---|
| Clothing | $ 750.00  (*est*) |
| Grooming (*hair, nails, spas, etc.*) | $ 100.00  (*est*) |

Education

| | |
|---|---|
| Tuition | $ 2,054.66 |
| Books, fees and supplies | $ 50.00 |
| School lunch | $ 50.00 |
| Transportation | $ 0.00 |
| School-sponsored trips and special events | $ 200.00  (*est*) |
| Before and after-school care | $ 0.00 |
| Tutoring and summer school | $ 300.00  (*avg*) |

Medical (*out-of-pocket expenses*)

| | |
|---|---|
| Doctor visits | $ 750.00 |
| Therapy and counseling | $ 0.00 |
| Dental and orthodontia | $ 265.00 |
| Optical | $ 0.00 |
| Medicine | $ 50.00  (*est*) |
| Allowance | $ 0.00 |
| Childcare and sitters | $ 3,000.00 |
| Extracurricular activities & sports (*incl. equipment, uniforms, etc.*) | $ 800.00  (*est*) |
| Summer and school-break camps | $ 0.00 |
| Vacations (*children only*) | $ 749.00  (*avg*) |
| Entertainment, dining out and hobbies (*children only*) | $ 0.00 |

*In **Medical**, do not include expenses you are reimbursed for through insurance or your employer.*

*If there are other child-related expenses not listed in 13d, describe the expense in **Other** and enter the amount.*

*In **Subtotal Monthly Children Expenses**, add the amounts in 13d together and enter the total.*

---

[8] The policy is currently lapsed, but Respondent is trying to get it or a similar policy reinstated.

| | | |
|---|---|---|
| Gifts children give to others | $ | 150.00 *(est)* |
| Other: | $ | 0.00 |
| **Subtotal Monthly Children's Expenses** | $ | **9,268.66** |

**TOTAL MONTHLY LIVING EXPENSES** *(add the subtotals from above)*    $   **27,099.41** [11]

> In **Total Monthly Living Expenses**, add the Subtotals from 13a-13d together and enter the total.

**14. My debts:** *See attached Personal Financial Statement as of 04/01/16* [9]

> In **14**, enter your debts including credit cards and past bills.
>
> Do not include debt payment previously listed in **13** above, such as your mortgage or car payment.

| | Creditor Name | Describe Nature of Debt (household goods, attorney's fees, etc.) | Amount Owed | Monthly Payment Being Made |
|---|---|---|---|---|
| 1. | Citibank | Misc. household expenses | $12,000.00 | Included above |
| 2. | Amalgamated Mastercard | Misc. household expenses | $4,000.00 | Included above |
| 3. | The Private Bank | Overdraft line of credit | $40,000.00 | $900.00 |
| 4. | Jeffries, LLC | Line of Credit | $2,909,000 | Included above |
| 5. | JPMorgan Chase Bank | Mortgage | $1,220,000 | Included above |
| 6. | The Private Bank | Line of Credit | $168,000 | $395.00 |

> In **Total Monthly Debt Payments**, add the **Minimum Monthly Payment** amounts from **14** together and enter the total.

**Total Monthly Debt Payments**    $   **1,295.00**

**15. Total Income Available Per Month:**

> In **Total Gross Monthly Income**, enter the total from **11**.

    a.   Total Monthly Net Income

> In **Total Monthly Deductions**, enter the total from **12**.

| | | | |
|---|---|---|---|
| Total Gross Monthly Income | $ | 30,480.00 [10] | |
| Total Monthly Deductions | - $ | 12,036.00 | |
| Total Monthly Net Income | = $ | 18,444.00 | |

> Subtract **Total Monthly Deductions** from **Total Gross Monthly Income** and enter the total.

    b.   Total Monthly Living Expenses and Debt Payments

> In **Total Monthly Living Expenses**, enter the total from **13**.

| | | |
|---|---|---|
| Total Monthly Living Expenses | $ | 27,099.41 |
| Total Monthly Debt Payments | + $ | 1,295.00 |
| Total Monthly Living Expenses and Debt Payments | = $ | 28,394.41 [11] |

> In **Total Monthly Debt Payments**, enter the total from **14**.

    c.   Total Income Available Per Month

> Subtract **Total Monthly Debt Payments** from **Total Monthly Living Expenses** and enter the total.

| | | |
|---|---|---|
| Total Monthly Net Income | $ | 18,444.00 |
| Total Monthly Living Expenses and Debt Payments | - $ | 28,394.41 |
| Total Income Available per Month | = - $ | 9,950.41 [11] |

> In **Total Monthly Net Income**, enter the total from **15a**.

---

[9] Note that the income stated on the Personal Financial Statement as of 04/01/16 includes phantom income from Schedule K-1s that Respondent does not actually receive and projected income that was never realized. Respondent is the personal guarantor on approximately $43,265,300.00 in mortgage and construction loans

[10] Some or all of Respondent's income is borrowed from Maeve, LLC's $3,000,000.00 line of credit

[11] $100,000 YTD drawn from lines of credit to pay for household expenses

Enter the Case Number given by the Circuit Clerk: <u>16 D 004685</u>

**16.** **My assets:**

<table>
<tr><td>In **16a**, enter your cash and cash equivalents. Do not list account numbers.</td></tr>
</table>

    a.     Cash and Cash Equivalents

Checking, Savings, Money Market and Other Bank or Credit Union Accounts

| | Name of Bank or Institution | Name on Account | Account Type | Balance |
|---|---|---|---|---|
| 1. | Private Bank | Marty Paris | Checking | $0.00 |
| 2. | JPMorgan Chase Bank | Marty Paris | Checking | $629.70 |
| 3. | | | | $ |
| 4. | | | | $ |

Certificates of Deposit

| | Name of Bank or Institution | Name on Account | Balance |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |

Cash and Prepaid Debit Card

| | Location of Cash/Card | Held By | Balance |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |

<table>
<tr><td>In **16b**, enter information for you investments and securities.</td></tr>
</table>

    b.     Investment Accounts and Securities

Stocks, Bonds, Options and ESOPs:
***See attached Personal Financial Statement as of 04/01/16*** [9]

| | Company Name | # Shares | Type | Owner | FMV |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |

<table>
<tr><td>**FMV** means Fair Market Value throughout this form.</td></tr>
</table>

Investment/Brokerage Accounts, Mutual Funds and Secured and Unsecured Notes

| | Location of Cash/Card | Held By | Balance |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |

<table>
<tr><td>In **16c**, enter information for you real estate.</td></tr>
<tr><td>In **16c and 16d**, in **Balance Due**, enter the total amount remaining on your loan.</td></tr>
</table>

    c.     Real Estate

| | Address | Name on Title | FMV | Balance Due |
|---|---|---|---|---|
| 1. | 711 Park Ave., River Forest, IL | TBD | Investigation continues | $1,220,000 |
| 2. | 707 Park Ave., River Forest, IL | TBD | Investigation continues | Included above |

<table>
<tr><td>In **16d**, enter information about your motor vehicles.</td></tr>
</table>

    d.     Motor Vehicles (*cars, boats, trailers, motorcycles, aircrafts, etc.*)

| | Year, Make and Model | Name on Title | FMV | Balance Due |
|---|---|---|---|---|
| 1. | 2014 Range Rover | Marty Paris | Investigation continues | $70,000 |
| 2. | 2014 Nissan 3500 | Marty Paris | Investigation continues | $17,000 |
| 3. | Two (2) wave runners | Marty Paris | Investigation continues | $0.00 |
| 4. | 1957 Century Resorter & 1980 Moody Trailer | TBD | Investigation continues | $0.00 |

In **16e**, enter information about your business interest.

In Type, enter whether the business is a corporation, S Corp, or LLC, etc.

e.  Business Interests:
    ***See attached Personal Financial Statement as of 04/01/16*** [9]

| | Name of Business | Type | % of Ownership | FMV |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

In **16f**, enter information about your life insurance policy you have for yourself, the other party, or your children.

f.  Life Insurance Policies

| | Name of Insurance Company | Type of Policy | Death Benefit | Cash Value |
|---|---|---|---|---|
| 1. | Metropolitan Life Insurance Co. | Term | $20,000.00 | $0.00 |
| 2. | Minnesota Life Insurance Co. [12] | Term | $6,000,000 | $0.00 |
| 3. | | | $ | $ |
| 4. | | | $ | $ |

In **16g**, enter information about your retirement benefits. (vested and non-vested).

g.  Retirement Benefits and Deferred Compensation (*pension plan, annuity, IRA, 401(k), 4039b), SEP*):
    ***See attached Personal Financial Statement as of 04/01/16*** [9]

| | Name of Plan | Type of Plan | FMV or Account Balance |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |

In **16h**, enter information about your federal and state tax returns for the last 2 years. Check **Refund** if you received money or check **Amount Owed** if you owed additional taxes.

h.  Income Tax Refunds or Amounts Owed for the Last 2 Years (*federal and state*)

| | Tax Year | Federal: ☐Refund ☒Amount Owed | State: ☐Refund ☒Amount Owed |
|---|---|---|---|
| 1. | 2015 | TBD [1] | TBD [1] |
| 2. | 2014 | $689,542.00 | $24,384.00 |

In **16i**, enter information about lawsuits and claims you filed or intend to file. If you did not recover anything, enter $0, or if your case is still pending or has not yet been filed, enter unknown.

i.  Lawsuits and Claims (*workers' compensation, disability, etc.*)

| | Case Number | Date of Lawsuit or Claim Filed | Amount Received |
|---|---|---|---|
| 1. | | | $ |
| 2. | | | $ |

In **16j**, enter information for valuable collectible items.

j.  Valuables Collectibles (*coins, stamps, art, antiques, etc.*)

| | Description | FMV |
|---|---|---|
| 1. | Jewelry | $100,000 |
| 2. | | $ |

[12] Respondent is in the process of reinstating/replacing this life insurance policy that lapsed

Enter the Case Number given by the Circuit Clerk: <u>16 D 004685</u>

<table>
<tr><td></td><td colspan="4">k.    Transfer or Sale of Assets or Property Within the Last 2 Years With a FMV of at Least $1,000</td></tr>
<tr><td></td><td>Description</td><td>Transferred or Sold to</td><td>Date of Transfer</td><td>Amount</td></tr>
<tr><td>1.</td><td></td><td></td><td></td><td>$</td></tr>
<tr><td>2.</td><td></td><td></td><td></td><td>$</td></tr>
</table>

**17. Health Insurance:**

a.  I have health insurance: ☒ Yes   ☐ No

b.  The insurance carrier is:  <u>Blue Cross Blue Shield</u>

c.  The type of insurance is: ☒ Medical   ☒ Dental   ☐ Optical

d.  Deductible: Per Individual: $1,000.00 _____   Per family $ 9,000.00 _____

e.  It covers:             ☒ Me   ☒ My spouse/partner   ☒ My dependents

f.  Type of policy:        ☐ HMO   ☒ PPO   ☐ Full indemnity

g.  Provided by:           ☒ Employer ☐ Private Policy   ☐ Other group

h.  Monthly cost is paid by: ☒ Employer ☐ Employee   ☐ Other

i.  Total monthly cost: $<u>67.06</u>

**18. There is an *Additional Information for the Financial Affidavit* form attached:**

☒ Yes          ☐ No

---

**IMPORTANT:** If you intentionally or recklessly enter inaccurate or misleading information on this form, you may face significant penalties and sanctions, including costs and attorney's fees.

I certify that everything in the *Financial Affidavit* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.

*Your Signature*

F. Martin Paris, Jr.
*Your Name*

SEPTEMBER 13TH, 2016
*Date*

---

In 16k, enter information for assets or property you transferred or sold in the last 2 years with a FMV of at least $1,000. Do not include income items listed above in 11.

In 17a-i, enter information about health insurance you have for yourself and your family.

In 17b, enter all carriers if more than one.

In 18, if you need more room to complete this form, check yes, and complete and attach the *Additional Information for the Financial Affidavit* form.

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

After you finish this form, sign and print your name and date it.

# PERSONAL FINANCIAL STATEMENT AS OF ___04/01/16___

Date

| PERSONAL INFORMATION | | | | |
|---|---|---|---|---|
| APPLICANT (NAME)     Marty Paris | | | CO-APPLICANT (NAME) | |
| Employer    Sedgwick Payroll Corp | | | Employer | |
| Address of Employer <br> 1525 West Homer Street, Suite 400, Chicago, IL 60642 | | | Address of Employer | |
| Business Phone No. <br> 773.278.4237 | No. of Years with Employer <br> 17 | Title/Position <br> President | Business Phone No. | No. of Years with Employer   Title/Position |
| Name of previous employer & position (if with current employer less than 3 years) | | | Name of previous employer & position (if with current employer less than 3 years) | |
| Home Address <br> 711 Park Ave, River Forest, IL 60305 | | | Home Address | |
| Home Phone No. <br> 708.366.9552 | Social Security No. | Date of Birth <br> 11/23/68 | Home Phone No. | Social Security No.   Date of Birth |
| Name, Phone No. of your Accountant <br> Loberg, Miki and Obrien LLP, Tim Obrien, 630.845.0029 | | | Name, Phone No. of your Accountant | |
| Name, Phone No. of your Attorney <br> Stern Law, Gary Stern | | | Name, Phone No. of your Attorney | |
| Name, Phone No. of your Investment Advisor/Broker <br> Kavar Capital, Douglas G. Ciocca, 913.428.3300 | | | Name, Phone No. of your Investment Advisor/Broker | |
| Name, Phone No. of your Insurance Advisor <br> Willis Private Client Group, Mary Mullins, 312.288.7340 | | | Name, Phone No. of your Insurance Advisor | |

Estimated Cash Income & Expenditures Statement For Year E____2016____ (Omit Cents)

| ANNUAL INCOME | AMOUNT ($) | ANNUAL EXPENDITURES | AMOUNT ($) |
|---|---|---|---|
| Salary (applicant) | $120,000 | Federal Income and Other Taxes | $500,000 |
| Salary (co-applicant) | | State Income and Other Taxes | $50,000 |
| Bonuses & Commissions (applicant) | | Rental Payments, Co-op, or Condo Maintenance | |
| Bonuses & Commissions (co-applicant) | | Mortgage Payments - Residential | $69,000 |
| Rental Income, Net of Expenses | | Mortgage Payments - Investment | |
| Interest Income - Maeve, LLC - Series A | $10,000 | Property Taxes - Residential | $31,000 |
| Dividend Income- Maeve, LLC - Series A | $115,000 | Property Taxes - Investment | |
| Capital Gains | | Insurance | $11,000 |
| Partnership Income | | Investments (including tax shelters) | |
| Sedgwick Holdings Corp | $140,000 | Notes Payable - interest | $60,000 |
| 1454 S Michigan, LLC - Maeve, L | $135,000 | Alimony/Child Support | |
| 2049 N Sheffield, LLC - Maeve, L | $60,000 | Tuition | $32,000 |
| 1933 N Sedgwick, LLC - Maeve, L | $25,000 | Other Living Expense - Rent | |
| 3216 N Racine, LLC - Maeve, LLC | $40,000 | Medical Expenses | |
| PC Property Holdings, LLC - Maev | $45,000 | Other Expense (List) | |
| 5501 S Kedzie, LLC - Maeve, LLC | $350,000 | | |
| 1611 N Hermitage, LLC - Maeve, | $700,000 | | |
| TOTAL INCOME ⟶ | $1,740,000 | TOTAL EXPENDITURES ◄ | $753,000 |

Any significant changes expected in the next 12 months? (If yes, attach information.)

_____ Yes      x    No

** Income from alimony, child support, or separate maintenance income need not be revealed if the applicant or
co-applicant does not wish to have it considered as a basis for repaying this obligation.

**Marty Paris**
**Personal Financial Statement Data**
**Schedule A**

| Entity | Ownership | Description of Interest | Value of Interest |
|---|---|---|---|
| Sedgwick Properties Holdings, Corp., a Nevada corporation | Marty Paris | 1% common stock | $ 41,887.75 |
| Sedgwick Properties Holdings, Corp., a Nevada corporation | Frank Martin Paris, Jr. Revocable Trust | 99% common stock | $ 4,146,887.25 |
| Maeve, LLC - Series A, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 40,510.00 |
| Maeve, LLC - Series B, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 2,000.00 |
| Maeve, LLC - Series C, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 2,049.30 |
| Maeve, LLC - Series D, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 225.12 |
| Maeve, LLC - Series E, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 5,918.50 |
| Maeve, LLC - Series F, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 495.00 |
| Maeve, LLC - Series G, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 100,975.84 |
| Maeve, LLC - Series H, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ - |
| Maeve, LLC - Series I, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 495.00 |
| Maeve, LLC - Series J, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 7,045.00 |
| Maeve, LLC - Series K, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 11,959.20 |
| Maeve, LLC - Series L, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 9,200.00 |

| Entity | Ownership | Description of Interest | Value of Interest |
|---|---|---|---|
| Maeve, LLC - Series M, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 5,960.00 |
| Maeve, LLC - Series N, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 860.00 |
| Maeve, LLC - Series O, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 6.85 |
| Maeve, LLC - Series P, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 1,800.00 |
| Maeve, LLC - Series Q, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 150.00 |
| Maeve, LLC - Series R, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 1,850.00 |
| Maeve, LLC - Series S, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 150.00 |
| Maeve, LLC - Series T, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 3,900.00 |
| Maeve, LLC - Series U, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 3,990.79 |
| Maeve, LLC - Series V, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 8,335.66 |
| Maeve, LLC - Series W, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 2,970.00 |
| Maeve, LLC - Series X, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 5,000.00 |
| Maeve, LLC - Series Y, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 12,500.73 |
| Maeve, LLC - Series Z, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 27,582.64 |
| Maeve, LLC - Series AA, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 4,120.00 |

| Entity | Ownership | Description of Interest | Value of Interest |
|---|---|---|---|
| Maeve, LLC - Series BB, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 7,027.21 |
| Maeve, LLC - Series CC, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 15,281.27 |
| Maeve, LLC - Series DD, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 11,480.00 |
| Maeve, LLC - Series EE, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 6,010.15 |
| Maeve, LLC - Series FF, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 15,107.44 |
| Maeve, LLC - Series GG, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 7,884.92 |
| Conor DE II, Inc., a Delaware corporation | Frank Martin Paris, Jr. Revocable Trust | 33% common A voting stock | $ 104,417.31 |
| Conor Management, LLC, a Delaware limited liability company | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 316,416.09 |
| Martin NV II, Inc., a Nevada corporation | Frank Martin Paris, Jr. Revocable Trust | 1% common A voting stock | $ 313,251.93 |
| Martin NV II, Inc., a Nevada corporation | Frank Martin Paris, Jr. Revocable Trust | 90.639% common B non-voting stock | $ 21,294,631.45 |
| 828 W Grace, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% class A membership interest | $ 2,070.00 |
| Alpha Carpentry, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 500.00 |
| 1454 S Michigan, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% class A membership interest | $ 101,995.80 |
| Sedgwick Investments, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 500.00 |
| 2049 N Sheffield, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 12,080.00 |

| Entity | Ownership | Description of Interest | Value of Interest |
|---|---|---|---|
| 55th and S Kedzie Investments, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% class A membership interest | $ 8,419.86 |
| Alpha Property Services, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 3,000.00 |
| 1611 N Hermitage, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% class A membership interest | $ 12,627.00 |
| Alpha Construction Services, LLC | Frank Martin Paris, Jr. Revocable Trust | 1% membership interest | $ 27,861.25 |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | | | $ 26,709,386.32 |

**\*Cash and readily marketable securities**          **$7,735,000**

Balance Sheet as of:          04/01/16

| ASSETS | AMOUNT ($) | LIABILITIES | AMOUNT ($) |
|---|---|---|---|
| Readily Marketable Securities | $0 | Notes Payable | $0 |
| Non-Readily Marketable Securities | $0 | Secured (Home) | $1,215,000 |
| Accounts and Notes Receivable | $0 | Unsecured | |
| Net Cash Surrender Value of Life Insurance | $0 | Notes Payable to Others (Schedule E) | $0 |
| | $0 | Secured | $2,850,000 |
| Residential Real Estate (Home) | $0 | Unsecured | $0 |
| Real Estate Investments (Schedule C) | $0 | Accounts Payable (including credit cards) | |
| Partnerships / LLC Interests (Schedule A) | $26,709,386 | Margin Accounts | $0 |
| IRA, Keogh, Profit-Sharing & Other Vested | $633,000 | Notes Due: Partnership (Schedule D) | $0 |
| Retirement Accounts | | Taxes Payable | $550,000 |
| Deferred Income | $0 | Mortgage Debt (Schedule C) | |
| Number of years deferred: | | | $0 |
| Personal Property (including automobiles) | $0 | Life Insurance Loans (Schedule B) | $0 |
| Other Assets (List): | | Other Liabilities (List): | |
| | | Auto Loan | $110,000 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | Total Liabilities | $4,725,000 |
| | | Net Worth | $22,617,386 |
| **TOTAL ASSETS** | $27,342,386 | **TOTAL LIABILITIES & NET WORTH** | $27,342,386 |

## CONTINGENT LIABILITIES

| | YES | NO | AMOUNT |
|---|---|---|---|
| | (mark with "X") | | |
| Are you a guarantor/co-maker/endorser for any debt of an individual, corporation, or partnership? | X | | see schedule |
| Do you have any outstanding letters of credit or surety bonds? | | X | |
| Are there any suits or legal actions pending against you? | | X | |
| Are you contingently liable on any lease or contract? | | X | |
| Are any of your tax obligations past due? | | X | |

## Please Answer The Following Questions:

1. Income tax returns filed through (date):     2014
   Are any returns currently being audited or contested (Yes / No)?     No        If yes, what year(s)? _____

2. Have you ever declared personal bankruptcy?     No

3. Have you drawn a will?     Yes
   If yes, please furnish the name of the executor(s) and year will was drawn:     Kerry, 2006

4. Number of dependents (excluding self) and relationship to applicants:     8, wife, 5 sons and 2 daughter

5. Have you ever had a financial plan prepared for you?     Yes

6. Did you include two years federal and state tax returns?     Upon request

7. Do (either of) you have a line of credit or unused credit facility at any other institution(s)?     Yes
   If yes, please indicate where, how much, and name of banker:
      See Schedule of Real Estate

8. Do you anticipate any substantial inheritances?     No
   If yes, please explain:

9. Have you ever been convicted of a felony?     No

## Representation and Warranties

   The information contained in this statement is provided to induce you to extend or to continue the extension of credit to the undersigned or to others upon guarantee of the undersigned. The undersigned acknowledge and understand that you are relying on the information provided herein in deciding to grant or continue to accept a guarantee thereof. The undersigned agrees to notify you immediately and in writing of any change in name, address, or employment. You are authorized to make all inquiries you deem necessary to verify the accuracy of the information contained herein and to determine the credit-worthiness of the undersigned. The undersigned authorize any person or consumer reporting agency to give you any information it may have on the guarantee of the undersigned to you is outstanding, the undersigned shall supply annually upon your request an updated financial statement. This personal financial statement and any other financial or other information that the undersigned give you shall be property of the undersigned.

4/1/16
_____
Date

_____
Marty Paris

# EXHIBIT C

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

ENTERED

OCT 26 2023

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN RE THE MARRIAGE OF: )
)
KERRY PARIS, )
) No. 16 D 004685
    Petitioner/Counter-Respondent )
) Hon. Abbey Fishman Romanek
and )
) Calendar 94
FRANK MARTIN PARIS, JR., )
)
    Respondent/Counter-Petitioner. )

## ORDER

This cause coming to be heard on Petitioner's motion to clarify terms and/or correct scrivener's errors and omissions in the memorandum and order entered on 12/2/22, this court having jurisdiction, all parties having notice, Petitioner's motion is granted as to all requested clarifications, errors and omissions as follows:

IT IS HEREBY ORDERED:

1. This court has previously issued a ruling on Petitioner's motion for contribution to attorney fees though not previously addressed by the trial court;
2. Marty Paris is obligated to comply with this court's interim support orders through December 31, 2022.
3. Maintenance commenced on January 1, 2023.
4. The trial court's order of contempt dated November 18, 2022 remains in full force and effect.
5. Marty Paris remains solely obligated to pay:
   a. November and December 2022 support to Kerry Paris in the amount of Four Thousand and 00/100 Dollars ($4,000.00) per month;
   b. Remain current on the commonwealth Edison, Nicor, Xfinity and Village of River Forest water bills
   c. Remain current in the 711 Polk Ave. mortgage
   d. Remain current on the 703 Polk Ave. mortgage
   e. Pay the children's uncovered medical bills
   f. Pay Kerry's uncovered medical bills
   g. Pay the children's extracurricular activity fees and
   h. Maintain the marital residence including but not limited to repairing or replacing the kitchen freezer, third floor HVAC unit; cold water faucet in the 1st floor powder room; the damaged hand shower in the master bedroom sink; the basement toilet; and the hot water heater in the basement.

All of the above remain the obligation of the Respondent Marty Paris.

6. The Judgment shall incorporate all prior contempt orders against Marty Paris including but not limited to those dated February 1, 2021 and November 18, 2022.

7. The trial court's judgment includes the February 1, 2021 order for a One Hundred and 00/100 ($100.00) per day penalty for late payments of child support.

8. As Kerry's ability to maintain her own health, dental, auto insurance and purchase her own vehicle is wholly dependent on Marty's compliance with the trial courts order for maintenance and child support; The Judgment is clarified to require Marty to maintain Kerry's health, dental, and auto insurance and her vehicle until such time as he comes current on his maintenance and child support obligations and fines and funds the 503(g) trust.

9. Marty is responsible for all repair costs to 703 and 711 Polk, River Forest, IL.

10. The trial Judgment is clarified to require 703 Polk be transferred out of Maeve, LLC and into the names of both Kerry and Marty Paris; until such time as this transfer occurs, a judicial lien is placed upon the property of 703 Polk Place so it may not be sold without Kerry's knowledge.

11. Marty is ordered to provide proof of current payments of the mortgage, real estate taxes, and homeowners insurance on 703 and 711 Polk Ave. River Forest, IL by the last day of each month.

12. Marty and all entities controlled by him are hereby enjoined from selling, encumbering, transferring or otherwise diminishing the value of the two condominiums, two deeded garage spaces, retirement accounts and 703 and 711 Polk Ave River Forest, IL prior to the transfer of those properties as required to Kerry.

13. Life insurance judgment is clarified to read, an amount of Two Million Five Hundred Thousand and 00/100 Dollars ($2,500,000.00) naming Kerry as the sole beneficiary of such policy.

14. The judgment is clarified to name the condominium from "1454 S. Michigan to 1464 S. Michigan Unit 1605 and P-48".

15. All debts listed in paragraph 51 on page 10 of Kerry's motion are hereby apportioned solely to Marty except for loans for attorney fees which will be paid by Kerry upon payment of all fees owed to Kerry's attorneys by Marty.

16. The 1957 Century Resorter, boat trailer and 2 wave runners are hereby apportioned to both Kerry and Marty. Kerry is authorized to sell these items as soon as possible. Upon sale, 50% of proceeds belong to Kerry and Marty's 50% will be given to Kerry as a credit to Marty for past due maintenance.

17. When Marty is current on his child support, 503(g) trust and pays all fines, he may claim the children as dependents on his tax returns. Unless and until he is completely current and remains current, Kerry shall claim the children on her tax returns.

18. Kerry's request to require the parties to share their tax returns on an annual basis is denied.

19. The Judgment presumes the Paris children still have possession and use of the company owned Jeep Wrangler. Thus, the Paris children in possession of their Driver's Licenses shall have possession and use of this vehicle. In the event this vehicle is not provided by Marty to the children, this expense may be appropriately used from the activity funds account.

20. The Judgment is clarified to provide that when the Fifteen Thousand and 00/100 Dollars ($15,000.00) activity account dips below Five Thousand and 00/100 Dollars ($5,000.00),

the account shall be replenished to Fifteen Thousand and 00/100 Dollars ($15,000.00) within 7 days written notice thereof.

ENTERED:   October 26, 2023

BY:   /S/Judge Abbey Fishman Romanek #2119
              JUDGE

*__Order of this Court__*

# EXHIBIT D

# UMBRELLA DECLARATIONS PAGE

Policy issued by **BANKERS STANDARD INSURANCE COMPANY** -
a stock insurance company, 436 Walnut St., Philadelphia, PA 19106.

| NAMED INSURED: | AGENT OR BROKER: |
|---|---|
| FRANK M. PARIS, JR<br>KERRY PARIS<br>1525 W HOMER ST # 400<br>C/O SEDGWICK PROPERTIES<br>CHICAGO          IL      60642-1280 | WILLIS PERSONAL LINES<br>LLC<br>233 S WACKER DR<br>STE 2000<br>CHICAGO          IL      60606-6400<br>Telephone: (312) 288-7700 |

**Policy Period From:** 07/15/2020     **To:** 07/15/2021     12:01 A.M. standard time at the principal residence

THIS DECLARATIONS PAGE WITH THE UMBRELLA POLICY CONTRACT AND ANY UMBRELLA
ENDORSEMENTS COMPLETES YOUR RENEWAL POLICY.

| COVERAGE DESCRIPTION | COVERAGE LIMIT |
|---|---|
| PERSONAL UMBRELLA LIABILITY LIMIT PER OCCURRENCE | 5,000,000 |
| UNINSURED/UNDERINSURED COVERAGE LIMIT PER OCCURRENCE | 1,000,000 |

**SCHEDULE OF UNDERLYING INSURANCE**

| EXPOSURE | CARRIER | POLICY NUMBER | LIABILITY LIMIT | UM/UIM COVERAGE |
|---|---|---|---|---|
| HOME LOCATION 1 | BANKERS STANDARD | 268-01-35-82H | 500,000 | |
| ADDL RES 1 | BANKERS STANDARD | 268-01-35-82H | 500,000 | |
| AUTO VEH 1 | BANKERS STANDARD | 268-01-35-82A | 500,000 | YES |
| AUTO VEH 2 | BANKERS STANDARD | 268-01-35-82A | 500,000 | YES |
| WATERCRAFT 1 | OTHER | 362522 | 500,000 | |

**COVERED HOME LOCATIONS**

**LOCATION   1**
711 PARK AVE

RIVER FOREST       IL 60305-1705
1 FAMILY DWELLING

**TOTAL ANNUAL UMBRELLA PREMIUM**      $1,497.00

**POLICY NUMBER: 268-01-35-82U**

## COVERED VEHICLE INFORMATION

| VEH | YEAR | MAKE | MODEL |
|-----|------|------|-------|
| 1 | 2013 | NISSAN | NV PASSENG |
| 2 | 2014 | ROVER | RANGE ROVE |

## COVERED WATERCRAFT INFORMATION

| BOAT | YEAR | MODEL | HULL ID | LENGTH/HP | TYPE | MAX SPEED |
|------|------|-------|---------|-----------|------|-----------|
| 1 | 1957 | CENTURY RESORTE | | 16 FT/ 100 HP | OUTBOARD | |

## DRIVER INFORMATION

| DRIVER NAME | DATE OF BIRTH | SEX | MARITAL STATUS | LICENSE NUMBER | LICENSE STATE |
|-------------|---------------|-----|----------------|----------------|---------------|
| FRANK | ********** | M | MARRIED | *************** | IL |
| KERRY | ********** | F | MARRIED | *************** | IL |

## POLICY FORMS AND ENDORSEMENTS

| | | |
|---|---|---|
| * | ACE01-1016 | CHUBB GROUP OF COMPANIES US PRIVACY NOTICE |
| * | ACE18-0117 | ILLINOIS COMPLAINT NOTICE |
| * | ACE181-0612 | POLICYHOLDER NOTICE |
| * | ACE24-0618 | RENEWAL BUSINESS NOTICE |
| * | ALL-20887A-0316 | PRODUCER COMPENSATION PRACTICES & POLICIES |
| * | ALL-21101-1106 | TRADE OR ECONOMIC SANCTIONS ENDORSEMENT |
| * | CC-1K11H-0314 | SIGNATURES |
| | UMBRELLA ACE-1017 | UMBRELLA POLICY CONTRACT |
| | UMBRELLA408 ACE-0312 | UNINSURED/UNDERINSURED COVERAGE |
| | UMBRELLA435 ACE-1017 | ILLINOIS PERSONAL UMBRELLA ENDORSEMENT |

* DENOTES COPY OF FORM ATTACHED

## ADDITIONAL POLICY INFORMATION

**RATING TERRITORY 001**

**UMBRELLA UNDERLYING LIMITS CREDIT APPLIES TO ANY EXPOSURE, OTHER THAN RECREATIONAL VEHICLES OR NON-OWNED AUTOS, COLLECTOR VEHICLES OR WATERCRAFTS, WITH UNDERLYING LIMITS EQUAL TO OR GREATER THAN $500,000, OR IN THE CASE OF AUTOMOBILE, EQUAL TO OR GREATER THAN $500,000 CSL OR $500,000/500,000/$25,000 SPLIT LIMITS.**

**ADDITIONAL RESIDENCE**
ADDRESS: 703 N PARK AVE
RIVER FOREST        IL 60305
OWNER OCCUPIED